THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | * | |
| VICTOR E. BIBBY and BRIAN J. | * | **CIVIL ACTION FILE NO.** |
| DONNELLY, | * | |
| | * | **1:06-CV-0547-CAP** |
| RELATORS/PLAINTIFFS, | * | |
| | * | |
| vs. | * | |
| | * | |
| WELLS FARGO BANK, NATIONAL | * | |
| ASSOCIATION (INC.), individually and | * | |
| as s/b/m with WELLS FARGO | * | |
| HOME MORTGAGE, INC., et al. | * | |
| | * | |
| DEFENDANTS. | * | |

**PLAINTIFFS'/RELATORS' RESPONSE TO DEFENDANT MORTGAGE
INVESTORS CORPORATION'S STATEMENT OF ALLEGEDLY
MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

**Mortgage Investors Corporation's Statement No. 1:**

Relators Victor E. Bibby and Brian J. Donnelly ("Relators") filed this action

on March 8, 2006. Complaint, ECF No. 1.

**Relators' Response:**

Admit.

**Mortgage Investors Corporation's Statement No. 2:**

Only a single loan in the operative complaint, the Second Amended Complaint ("SAC"), involved Mortgage Investors, the April 10, 2004 loan bearing VA Case Number 16-16-6-0798278 (the "Mortgage Investors Loan"). SAC ¶ 102, Ex. B.

**Relators' Response:**

Denied.  The Second Amended Complaint ("SAC") involves all of Defendant Mortgage Investors Corporation's ("MIC's") loans with unallowable or excessive fees that violate the terms of the VA IRRRL program.  (*See* SAC, Doc. 54.)  Additional evidence of MIC's fraudulent inclusion of unallowable fees in other MIC loans is found in the Relators' affidavits.  (*See* Bibby Aff. ¶27; Donnelly Aff. ¶11.)

**Mortgage Investors Corporation's Statement No. 3:**

The closing and title work in connection with the Mortgage Investors Loan was conducted by Phillip Pleska of Pleska & Associates. Declaration of Philip L. Pleska ¶ 4 (Ex. B);[1] Declaration of Thomas J. Carpenter ¶ 12 (Ex. A).

**Relators' Response:**

Admit.

---

[1] All references to Exhibits (other than the exhibits to the Second Amended Complaint) refer to the Exhibits to Mortgage Investors' Memorandum of Law.

**Mortgage Investors Corporation's Statement No. 4:**

The "attorney closing fee" for the Mortgage Investors Loan was paid by

Mortgage Investors outside of closing, and not by the borrowers. SAC, Ex. B;

Pleska Declaration ¶ 10 (Ex. B); Carpenter Declaration ¶ 12 (Ex. A).

**Relators' Response:**

Denied.  The subject loan contains an excessive charge for title examination.

(*See* Bibby Aff. ¶¶18, 20 – 22, 25, 26, 30; Donnelly Aff. ¶10.)  This indicates that

unallowable fees were bundled with the title examination fee.  (*See* Bibby Aff.

¶¶11(b), 18, 33(c), 36; Donnelly Aff. ¶11 – 15.)

**Mortgage Investors Corporation's Statement No. 5:**

The prohibition on charging borrowers for certain costs in addition to the

lender's flat 1% charge does not include attorneys' fees "for title work." VA

Pamphlet 26-7 (Ex. 1 to Ex. A).

**Relators' Response:**

Admit that the lender can charge reasonable and customary amounts for title

examination and title insurance.  38 C.F.R. § 36.4313(d)(1).  Denied that MIC did

so with respect to the Belless loan closing; instead MIC inflated the charge for

"title work" to compensate its closing agent for closing the loan.

**Mortgage Investors Corporation's Statement No. 6:**

VA Regulations permit the borrower to be charged for title examination and title insurance, separate from the flat 1% charge. 38 C.F.R. § 36.4313(d).

**Relators' Response:**

Admit that the lender can charge reasonable and customary amounts for title examination and title insurance. 38 C.F.R. § 36.4313(d)(1).

**Mortgage Investors Corporation's Statement No. 7:**

Mortgage Investors does not use mortgage brokers to assist in the origination of VA loans, and has never used either of the Relators for assistance in originating any loans. Carpenter Declaration ¶ 6 (Ex. A).

**Relators' Response:**

Admit with respect to the loan bearing VA Case Number 16-16-6-0798278 that was attached to Relators' SAC. Denied otherwise.

**Mortgage Investors Corporation's Statement No. 8:**

$450.00 is a reasonable charge for the title services provided in connection with the Mortgage Investors Loan. It is the actual charge that was paid to Pleska & Associates, and is less than the usual and customary for a title examination. Carpenter Declaration ¶¶ 13-16 (Ex. A); Pleska Declaration ¶¶ 7-8, 12 (Ex. B).

4

**Relators' Response:**

Denied.  $450 is an excessive charge for title services provided for the subject loan.  (*See* Bibby Aff. ¶¶18, 20 – 22, 25, 26, 30; Donnelly Aff. ¶10; Todd Aff. ¶¶5 - 9; Spear Aff. ¶¶5 - 25.)  The reasonable and customary amount for title examination services is between $85-200.  (*Id.*)   Admit that the subject HUD-1 indicates $450 was paid to Pleska & Associates – but most of that was paid from the veteran borrower's loan proceeds as a result of MIC's fee shifting.

**Mortgage Investors Corporation's Statement No. 9:**

At the time the Mortgage Investors loan was originated and submitted to the VA, Mortgage Investors reasonably believed that $450.00 was a reasonable and customary charge for the title work performed. Carpenter Declaration ¶¶ 15-16 (Ex. A).

**Relators' Response:**

Denied.  This testimony is directly contradicted by the Relators' testimony and the testimony of independent witnesses.  (*Id.*)   In addition, given the usual charges for title work in Georgia, there is simply no way MIC could have "believed", "reasonably" or otherwise, that $450 "was a reasonable and customary charge."

**Mortgage Investors Corporation's Statement No. 10:**

In the State of Georgia, a title examination consists of the preparation of a

title abstract and the rendering of an opinion of title. Carpenter Declaration ¶ 7 (Ex.

A); Pleska Declaration ¶ 8 (Ex. B).

**Relators' Response:**

Admit that title examination involves a search for the title and an

examination of the title.

**Mortgage Investors Corporation's Statement No. 11:**

Mortgage Investors never asked the title agent to increase the cost of the title

charges. On the contrary, Mortgage Investors researched and obtained a rate for the

title work, which was lower than other title agents were charging for similar work

in Georgia during the same time period. Pleska Declaration ¶¶ 7, 12 (Ex. B);

Carpenter Declaration ¶¶ 14-16 (Ex. A).

**Relators' Response:**

Denied.  This testimony is directly contradicted by the Relators' testimony.

(*See* Bibby Aff. ¶¶18, 20 – 22, 25, 26, 30; Donnelly Aff. ¶10.)  It is also

contradicted by independent evidence.  (*See* Todd Aff. ¶¶5 - 9; Spear Aff. ¶¶5 -

25.)  The reasonable and customary amount for title examination services is

between $85-200.  (*See* Bibby Aff. ¶¶18, 20 – 22, 25, 26, 30; Donnelly

Aff. ¶10; Todd Aff. ¶¶5 - 9; Spear Aff. ¶¶5 - 25.)   Further denied that MIC

"researched" rates for title work; had it done so, it would not now be representing

to this Court that $450 was a "reasonable and customary charge".   Further denied

that MIC has proved, or can prove, that $450 was "lower than other title agents

were charging."   Lenders such as MIC and agents such as Pleska were

collaborating to shift fees to the veteran, which was illegal.

**Mortgage Investors Corporation's Statement No. 12:**

Relator Donnelly filed a voluntary petition for bankruptcy under Chapter 7

on October 29, 2008. *In re Donnelly*, No 08-23093-REB, Petition, Dkt. 1 (N.D.

Ga. Bankr.) (Ex. C).

**Relators' Response:**

Admit.

**Mortgage Investors Corporation's Statement No. 13:**

Relator Donnelly did not schedule or otherwise disclose this action, or any

purported claim against any lender, in his bankruptcy. *In re Donnelly*, Petition,

Schedule B, Dkt. 1 at 17-19 (Ex. C).

**Relators' Response:**

Denied.  After the seal was lifted on October 3, 2011, Relator Donnelly

moved to re-open his bankruptcy case on November 2, 2011.  (*See* Donnelly

Bankr. Aff. ¶6.)  On November 14, 2011, the bankruptcy court entered an order reopening Relator Donnelly's bankruptcy case.  (*Id*. ¶7.)  After the case was reopened, Relator Donnelly filed a status report in the bankruptcy on November 15, 2011, which included the disclosure of the *qui tam* case.  (*Id*. ¶8.)  On November 18, 2011, the bankruptcy trustee was re-appointed in Relator Donnelly's bankruptcy case.  (*Id*. ¶9.)  On November 22, 2011, Schedule B was amended to add the *qui tam* case as an asset of the bankruptcy estate. (*Id*. ¶10.)

**Mortgage Investors Corporation's Statement No. 14:**

Relator Donnelly did disclose the existence of several other lawsuits to which he had been a party. *In re Donnelly*, Statement of Financial Affairs, Dkt. 1 at 10 (Ex. C).

**Relators' Response:**

Admit.  The cases he disclosed were not subject to a court-ordered seal.

**Mortgage Investors Corporation's Statement No. 15:**

Relator Donnelly's interest in this case was not administered in or abandoned by the bankruptcy estate. *In re Donnelly*, Petition, Schedule B, Dkt. 1 at 17-19 (Ex. C); Discharge of Debtor, Dkt. 20 (Ex. D).

**Relators' Response:**

Denied.  After the seal was lifted on October 3, 2011, Relator Donnelly

moved to re-open his bankruptcy case on November 2, 2011.  (*See* Donnelly

Bankr. Aff. ¶6.)  On November 14, 2011, the bankruptcy court entered an order

reopening Relator Donnelly's bankruptcy case.  (*Id*. ¶7.)  After the case was

reopened, Relator Donnelly filed a status report in the bankruptcy on November

15, 2011, which included the disclosure of the *qui tam* case.  (*Id*. ¶8.)  On

November 18, 2011, the bankruptcy trustee was re-appointed in Relator Donnelly's

bankruptcy case.  (*Id*. ¶9.)  On November 22, 2011, Schedule B was amended to

add the *qui tam* case as an asset of the bankruptcy estate.  (*Id*. ¶10.)  Once the *qui*

*tam* case was publicly disclosed as a potential asset in the bankruptcy, the

Bankruptcy Trustee filed an application in the bankruptcy court seeking approval

to employ counsel for Relator Donnelly in the *qui tam* case as the Trustee's Special

Counsel to pursue the *qui tam* case on behalf of the Trustee.  (Bankruptcy, Doc.

34.)  The Bankruptcy Court entered an order granting that application on

December 1, 2011.  (Bankruptcy, Doc. 37.)

**Mortgage Investors Corporation's Statement No. 16:**

Relator Donnelly received a no-assets discharge from bankruptcy on March

26, 2009. *In re Donnelly*, Discharge of Debtor, Dkt. 20 (Ex. D).

**Relators' Response:**

Admit that Relator Donnelly initially received a no-assets discharge from bankruptcy on March 26, 2009.  The bankruptcy has, however, been re-opened – after the seal on this case was lifted and before MIC, or any defendant to this case – accused Donnelly of any bad action with respect to his bankruptcy. Because his bankruptcy has been re-opened, any Relators' share recovered by Relator Donnelly will go to the bankruptcy trustee.  (*See* Donnelly Bankr. Aff. ¶11.)

**Mortgage Investors Corporation's Statement No. 17:**

At the time of his bankruptcy filing, Relator Donnelly knew of the existence and pendency of this action. Complaint, ECF No. 1.

**Relators' Response:**

Admit.  Although Relator Donnelly knew about the pendency of his *qui tam* case, it was his understanding that the seal prevented him from disclosing the *qui tam* case in his bankruptcy or in any other context.  (*Id.* ¶¶4, 5.)

**Mortgage Investors Corporation's Statement No. 18:**

Relator Donnelly falsely certified "under penalty of perjury that" his Schedule B was "true and correct" to the best of his knowledge, information and belief. *In re Donnelly*, Declaration Concerning Debtor's Schedules, Dkt. 1 at 43 (Ex. C).

**Relators' Response:**

Denied.  Relator Donnelly did not disclose his *qui tam* action in his bankruptcy because it was his understanding that the seal prevented him from doing so.  (*Id.*)

**Mortgage Investors Corporation's Statement No. 19:**

Relator Donnelly benefited from his failure to disclose this action in the bankruptcy. *In re Donnelly*, Discharge of Debtor, Dkt. 20 (Ex. D).

**Relators' Response:**

Denied.  Because his bankruptcy has been re-opened, any Relators' share recovered by Relator Donnelly will go to the bankruptcy trustee.  (*Id.* ¶11.)

[SIGNATURES ON NEXT PAGE]

Respectfully submitted this 20th day of December, 2011.

BUTLER, WOOTEN &
FRYHOFER, LLP

BY: s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  leigh@butlerwooten.com
  Georgia Bar No. 473389
BRANDON L. PEAK
  brandon@butlerwooten.com
  Georgia Bar No. 141605
SAMANTHA A. DiPOLITO
  samantha@butlerwooten.com
  Georgia Bar No. 203011
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax

WILBANKS & BRIDGES, LLP

BY: s/ Marlan B. Wilbanks
MARLAN B. WILBANKS
  mbw@wilbanks-bridgeslaw.com
  Georgia Bar No. 758223
TY M. BRIDGES
  tmb@wilbanks-bridgeslaw.com
  Georgia Bar No. 081500
3414 Peachtree Street, N.E., Ste. 1075
Atlanta, Georgia 30326
(404) 842-1075
(404) 842-0559 Fax

PHILLIPS & COHEN

BY: s/ Mary Louise Cohen
MARY LOUISE COHEN
  mlc@phillipsandcohen.com
  DC Bar No. 298299
TIMOTHY McCORMACK
  tmccormack@phillipsand cohen.com
  DC Bar No. 493692
2000 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 833-4567
(202) 833-1815 Fax

Attorneys for Relators/Plaintiffs

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 20, 2011, I electronically filed PLAINTIFFS'/RELATORS' RESPONSE TO DEFENDANT MORTGAGE INVESTORS CORPORATION'S STATEMENT OF ALLEGEDLY MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
        & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
*-and-*
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
*-and-*
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
*-and-*
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
-and-
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Mortgage Investors:*
Matthew R. Rosenkoff
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, GA 30339
-and-
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
Scott D. Burke
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036

*Wells Fargo:*
David. L. Balser
McKenna Long  Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, GA  30308
-and-
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
-and-
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

*JPMorgan:*
William V. Custer
Jennifer B. Dempsey
Damon J. Whitaker
Bryan Cave LLP
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309
*-and-*
Shannon Rose Selden
Andrew J. Ceresney
Mary Beth Hogan
Courtney M. Dankworth
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022

        I certify that I have mailed by United States Postal Service the document to the following:

*United States of America:*             *Irwin Mortgage:*
Daniel A. Caldwell                       Robert B. Berner
Assistant U.S. Attorney                  Bailey Cavalieri LLC
600 U.S. Courthouse                      Kettering Tower
75 Spring Street, S.W.                   40 North Main Street, Suite 1250
Atlanta, GA  30303                       Dayton, OH 45423
*-and-*                                  *(Courtesy Copy Only)*
Alan S. Gale
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC  20044

        This 20th day of December, 2011.

                              BY: s/ James E. Butler, Jr.
                              JAMES E. BUTLER, JR.
                                Georgia Bar No. 099625

LEIGH MARTIN MAY
  Georgia Bar No. 473389
BRANDON L. PEAK
  Georgia Bar No. 141605
SAMANTHA A. DiPOLITO
  Georgia Bar No. 203011
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax