# EXHIBIT B

# *VA's Loan Guaranty Monitoring Unit*

*Preliminary Report #2NVN38*
*August 5, 2002*
*CitiMortgage, Inc.*
*Farmington, Michigan*



*Honoring a National Commitment*

**CitiMortgage, Inc.**
**Farmington Hills, Michigan**
Preliminary Report #2NVN38

Table of Contents

*What is the Purpose and Scope of the Audit?*                                    1

*What is the Background Information for the Audit?*                               1

*When was the Audit Conducted?*                                                  1

*What Major Deficiencies were Noted?*                                            1

*What are the Details of the Major Deficiencies?*                                2

August 5, 2002
**CitiMortgage, Inc.**
**Farmington Hills, Michigan**
Preliminary Report #2NVN38

### What is the Purpose and Scope of the Audit?

The purpose of the audit is to determine whether CitiMortgage, Inc. (CMI) is compliant with the laws, regulations, and policies governing VA guaranteed loans. It was conducted in accordance with generally accepted Government auditing standards. The review covered 29 loans originated in 1999 and 2000.

### What is the Background Information for the Audit?

CitiMortgage, Inc. is a supervised lender owned by CitiBank, NA. In May 1999 Citicorp Mortgage purchased the assets of Source One Mortgage Services Corporation. The merger of Source One Mortgage Services Corporation and Citicorp Mortgage formed CitiMortgage, Inc. The home office is located at 27555 Farmington Road, Farmington Hills, Michigan. CMI has 54 branch offices nationwide.

Data in VA records for the period ending June 30, 2002, show that the liquidation rate of VA loans originated by CMI during fiscal years 1998 through 2001 is 1.60 percent. The liquidation rate of all VA loans originated nationwide during that same period is 1.54 percent.

Other data available to VA show that none of the 50 VA loans that CMI closed during the 24-month period ending in May 2002 are delinquent 90 days or more. The 90-day delinquency rate of all VA loans closed nationwide during that same period is 0.44 percent.

### When was the Audit Conducted?

During May 17 - July 1, 2002, the Loan Guaranty Service Monitoring Unit audited the loan origination procedures of CitiMortgage, Inc. (CMI), a mortgage lender operating within the jurisdiction of the Cleveland VA Regional Loan Center. Sharon Armer, loan specialist, conducted the audit at our Nashville office of the Monitoring Unit. We appreciate the lender's cooperation with the auditor. The Loan Guaranty Officer at our Cleveland Regional Loan Center was also advised of the preliminary findings.

### What Major Deficiencies were Noted?

The following major deficiencies were noted during the review.

- Noncompliance with 38 CFR 36.4312(e) - funding fees.

- Noncompliance with 38 CFR 36.4348(a)(13) and 36.4348(f) - lender agents and participation fees.

- Noncompliance with 38 CFR 36.4344(c) - minimum property requirements.

- Noncompliance with 38 CFR 36.4337(k) - procedures for loan quality certification.

- Noncompliance with 38 CFR 36.4330(b) - maintenance of records.

- Noncompliance with 38 CFR 36.4337(j) - lender responsibility.

## *What are the Details of the Major Deficiencies?*

Details of the major deficiencies are listed below.

**1. Noncompliance with 38 CFR 36.4312(e) - funding fees.**

The veteran's Certificate of Eligibility, VA Form 26-8320, shows the veteran previously used his entitlement. CMI improperly collected a 2 percent funding fee of $2,278 when the correct fee for subsequent use of entitlement is 3 percent or $3,417. CMI should provide evidence that VA received the additional $1,139 funding fee.

   CMI# 770302186-6, VA# 29-29-6-0640692, █████████

   Reference: VA Lender's Handbook, paragraphs 8.01, 8.02, and 8.08.

**2. Noncompliance with 38 CFR 36.4348(a)(13) and 36.4348(f) - lender agents and participation fees.**

CMI did not submit the necessary data to obtain VA's approval for the following agents. This enabled CMI to avoid paying fees to VA. CMI should immediately apply to the Cleveland VA Regional Loan Center for approval of these agents and pay the appropriate participation fees. This was noted in four of the 29 loans reviewed (14 percent).

Loan Services, Inc. - Renton, WA
Res. Professional Mortgage LLC - Virginia Beach, VA
Dynamic Mortgages - Monument, CO

   Reference: VA Lender's Handbook, paragraph 1.08.

**3. Noncompliance with 38 CFR 36.4344(c) - minimum property requirements.**

CMI did not ensure that all property requirements or special conditions required by the appraisal or VA, and cited on the NOV, were met before requesting evidence of VA guaranty. CMI should provide evidence that the property requirements or conditions have been met.

   CMI# 70265097-3, VA# 16-16-6-0718180, ████████ - veterans "not inspected" acknowledgement, ████████
      (MEC) energy efficient construction certification, lead/water distribution system certification, local
      authority acceptance of offsite improvements

   Reference: VA Lender's Handbook, paragraphs 5.05, 12.02, 12.08, and 13.06.

**4. Noncompliance with 38 CFR 36.4337(k) - procedures for loan quality certification.**

Some of the files reviewed show that CMI did not ensure that an officer, authorized to execute documents and act on behalf of CMI, signed the required lender's certification concerning the accuracy of information provided to VA. The certifications were either missing, were not signed, or were not executed by an appropriate official of the company. This was noted in 10 of the 29 loans reviewed (34 percent).

   Reference: VA Lender's Handbook, paragraphs 4.01 and 5.05.

**5. Noncompliance with 38 CFR 36.4330(b) - maintenance of records.**

Some of the files reviewed did not contain one or more loan origination documents such as the funding fee receipt, complete and original Notice of Value, HUD-1 Settlement Statement, and VA Form 26-1820, Report and Certification of Loan Disbursement. The absence of such documentation indicates that CMI did not adhere to the two-year record retention requirement of the regulation. This was noted in 13 of the 29 loans reviewed (45 percent).

   Reference: VA Lender's Handbook, paragraphs 1.12 and 3.12.

**6.  Noncompliance with 38 CFR 36.4337(j) - lender responsibility.**

Some of the loan processed under the Automated Underwriting System (AUS) did not contain the underwriter's certification that the loan received an "Accept/Approve" rating from the system and that information entered into the system was verified and credit discrepancies reconciled.  The certificate must be submitted with a copy of the Feedback Certificate showing the risk classification.  This was noted in three of the 29 files reviewed (10 percent).

Reference:  VA Lender's Handbook, paragraph 4.08

3