# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| U.S. *ex rel.* BIBBY, *et al.*, | : |
| | : |
| Relators, | : |
| | : |
| v. | : |
| | : |
| WELLS FARGO BANK, N.A., *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**CIVIL ACTION NO.**

**1:06-CV-0547-AT**

## REPLY IN SUPPORT OF COUNTRYWIDE'S
## MOTION FOR JUDICIAL NOTICE OF AGENCY MATERIALS

Mark D. Hopson (PHV)
Robert J. Conlan, Jr. (PHV)
Mark P. Guerrera (PHV)
Sean C. Griffin (PHV)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000
(202) 736-8711 (fax)
mhopson@sidley.com
rconlan@sidley.com
mguerrera@sidley.com
sgriffin@sidley.com

Douglas A. Axel (PHV)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
(213) 896-6000
(213) 896-6600 (fax)
daxel@sidley.com

Richard K. Hines, V
Ga. Bar No. 356300
NELSON MULLINS RILEY
& SCARBOROUGH LLP
201 17th Street NW
Suite 1700
Atlanta GA  30363
(404) 322-6154
(404) 322-6050 (fax)
richard.hines@nelsonmullins.com

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................2

I.     THIS COURT CAN TAKE JUDICIAL NOTICE OF AGENCY
MATERIALS WITHOUT CONVERTING CHL'S MOTION TO
DISMISS INTO A MOTION FOR SUMMARY JUDGMENT....................2

II.    THIS COURT CAN AND SHOULD TAKE JUDICIAL NOTICE OF
EACH OF EXHIBITS A TO W SUBMITTED BY CHL. ...........................4

    A.    Relators Concede That The Court Can And Should Take
Judicial Notice Of Exhibits E, F, K, L, M, N, O, P, Q, R,
And S. ...........................................................................................4

    B.    This Court Can And Should Take Judicial Notice Of VA's
Website (Exhibits A, D, And J)...................................................4

    C.    This Court Can And Should Take Judicial Notice Of VA
Guidance Documents (Exhibits G, H, I, V, And W). ...................5

    D.    This Court Can And Should Take Judicial Notice Of Reports
Published By Federal Agencies (Exhibits B, C, T, And U).................8

        1.    Exhibits B And C Are Reports Published By VA. ..............9

        2.    Exhibit T Is A Report Published By GAO. .............................10

        3.    Exhibit U Is A Report Published By HUD. .............................11

CONCLUSION ................................................................................................14

Defendant Countrywide Home Loans, Inc. ("CHL") respectfully submits the following reply in support of its Motion for Judicial Notice of Agency Materials.

## INTRODUCTION

CHL's Motion for Judicial Notice of Agency Materials, DE 167, asks this Court to take judicial notice of Exhibits A to W, DE 166-4, to the Declaration of Sean C. Griffin, DE 166-3.  Doing so will allow the Court to consider the Exhibits in connection with CHL's Motion to Dismiss.  DE 166; DE 166-2.[1]

In their Opposition, DE 218, Relators concede that the Court may take judicial notice of Exhibits E, F, K, L, M, N, O, P, Q, R, and S.  *Id.* at 2, 8, 12.  Relators seek to preclude the Court from considering the remainder, but their arguments are without merit.  Each Exhibit is a document published by the U.S. Department of Veterans Affairs ("VA"), the U.S. Department of Housing and Urban Development ("HUD"), or the U.S. Government Accountability Office ("GAO").  Because judicial notice of materials published by federal agencies is both routine and appropriate at the pleading stage, this Court should grant CHL's Motion for Judicial Notice in its entirety.

---

[1] CHL's Motion to Dismiss does not depend upon the Court granting its Motion for Judicial Notice.  For instance, CHL's Rule 9(b) argument, DE 166-2 at 17-24, does not rely on any of Exhibits A to W.  As another example, CHL's argument that Relators have not identified an actual lender certification regarding fees imposed by closing attorneys, *id.* at 28-34, relies solely on VA forms that Relators have conceded are properly before the Court.

**ARGUMENT**

**I.    THIS COURT CAN TAKE JUDICIAL NOTICE OF AGENCY MATERIALS WITHOUT CONVERTING CHL'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.**

As CHL has explained, a court hearing a motion to dismiss may consider both "'documents incorporated into the complaint by reference'" and "'matters of which [it] may take judicial notice.'" DE 167, ¶ 1 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The two doctrines (incorporation by reference and judicial notice) address wholly different categories of materials that may be considered at the pleading stage, and Relators' description of the law fails to acknowledge this distinction. *See* DE 218 at 7-8.

Relators suggest that judicial notice is disfavored. DE 218 at 9. However, the cautionary language they quote for this notion is found in out-of-Circuit opinions considering *private* documents. *E.g.*, *Doss v. Clearwater Title Co.* 551 F.3d 634, 637, 640 (7th Cir. 2008) ("[i]t takes more than an exception to the hearsay rule . . . to justify judicial notice" of a quitclaim deed that the plaintiff claims is a forgery); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("private corporate websites" are "full of imprecise puffery"). Such cases have nothing to do with whether judicial notice may be taken of public records, let alone materials published by federal agencies. Decisions in the Eleventh Circuit, as well as the Circuits cited by Relators, confirm that judicial notice of agency documents

2

is appropriate on a motion to dismiss.  *See, e.g.*, *In re LTL Shipping Servs. Antitrust Litig.*, 2009 U.S. Dist. LEXIS 14276, at *34 (N.D. Ga. Jan. 28, 2009); *Morris v. United States*, No. 06-2535, 2007 U.S. Dist. LEXIS 26708, at *6-7 (N.D. Ga. Apr. 11, 2007); *see also, e.g.*, *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011) (administrative transcript properly considered); *Neals v. Mortg. Guar. Ins. Corp.*, No. 10-1291, 2011 U.S. Dist. LEXIS 53183, at *20-21 n.4 (W.D. Pa. Apr. 6, 2011) (considering a Federal Reserve report "does not convert the defendant's motion to dismiss" into a motion for summary judgment).[2]

   As set forth below, CHL seeks judicial notice solely of documents published by federal agencies.  Consideration of such materials at the pleading stage would be appropriate in any case involving a federal program, but it is especially so in the context of this lawsuit.  Relators purport to bring claims under the False Claims Act on behalf of the federal government (the real party in interest) arising out of VA's Home Loan Guaranty program.  The materials cited by CHL (most of which

---

[2] Relators cite additional inapposite cases in a misguided attempt to limit the scope of judicial notice.  For example, in *Shahar v. Bowers*, the Eleventh Circuit refused to take "judicial notice of the unofficial conduct of one person based upon newspaper accounts . . . ."  120 F.3d 211, 214 (11th Cir. 1997).  The question in *U.S. v. Jones* was whether the lower court properly took notice of factual findings from prior litigation.  29 F.3d 1549, 1553 (11th Cir. 1994).  In finding error, the Eleventh Circuit held:  "If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous."  *Id.*  This holding was elided out of the block quote included in Relators' opposition.  *See* DE 218 at 10.

were published by VA itself) show that the government's implementation and

interpretation of the VA program is dispositive of these purported *qui tam* claims.

*Compare U.S. ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 720-

21 & n.63-64 (N.D. Tex. 2011) (taking judicial notice of an agency manual on a

motion to dismiss and using that manual to reject the relator's alleged description

of the certifications that hospice providers make to Medicare).

## II.    THIS COURT CAN AND SHOULD TAKE JUDICIAL NOTICE OF EACH OF EXHIBITS A TO W SUBMITTED BY CHL.

### A.    Relators Concede That The Court Can And Should Take Judicial Notice Of Exhibits E, F, K, L, M, N, O, P, Q, R, And S.

Relators have conceded that Exhibits E, F, K, L, M, N, O, P, Q, R, and S are

properly before the Court.  *See* DE 218 at 2, 8, 12.

### B.    This Court Can And Should Take Judicial Notice Of VA's Website (Exhibits A, D, And J).

Exhibits A, D, and J are screenshots of three VA web pages.  DE 166-4 at 2;

*id.* at 208; *id.* at 413.  Relators do not dispute that VA's website is fit for judicial

notice.  *Compare Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th

Cir. 2010) (discussing judicial notice of websites "made publicly available by

government entities").  Instead, Relators assert that CHL failed to explain how

VA's web pages were "relevant" or how the Court could consider them without

converting CHL's motion to dismiss.  DE 218 at 5.  The latter objection has

already been refuted—materials subject to judicial notice may be considered without conversion.  *See, e.g.*, *Tellabs*, 551 U.S. at 322.

Relevance is established on the face of CHL's memorandum in support of its motion to dismiss.  Exhibit A is quoted for the unobjectionable proposition that the VA guaranty program is intended to help veterans purchase and retain homes.  DE 166-2 at 8.  Exhibit D is cited to establish that VA refinancing can be obtained even if the new loan exceeds the value of the property.  *Id.* at 9.  Exhibit J is cited to establish that VA's Loan Guaranty Monitoring Unit is tasked with, *inter alia*, obtaining refunds for veterans that paid unallowable closing costs.  *Id.* at 12.  Each of these facts is clearly relevant and beyond reasonable dispute.

**C.   This Court Can And Should Take Judicial Notice Of VA Guidance Documents (Exhibits G, H, I, V, And W).**

As with VA's website, Relators do not dispute that VA guidance documents (such as those submitted as Exhibits G, H, I, V and W) are fit for judicial notice.  *Compare Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (district court properly took notice of an administrative handbook on a motion to dismiss).  Instead, Relators again assert (1) that the court cannot take judicial notice without converting CHL's motion to dismiss into a motion for summary judgment, and (2) that VA guidance documents are not "relevant."  DE 218 at 5.  As before, these arguments are without merit.  Judicial notice at the pleading stage does not require

conversion, *see, e.g.*, *Tellabs*, 551 U.S. at 322, and VA's guidance is directly relevant to the issues before the Court.[3]

Relators cannot survive CHL's motion to dismiss by deliberately omitting from their complaint,[4] and seeking to prevent the Court's consideration of, controlling VA guidance.  As one example of such an omission, Relators allege that VA's only "'policing' [sic] tool" consists of certifications from lenders. DE 54, ¶ 114.  Relators ignore a wealth of VA guidance – including Exhibit G (VA's Loan Processing Manual), Exhibit I (VA's Quality Control Procedures), and Exhibit H (VA's 2011 Home Loan Training Guide) – establishing rigorous oversight of both lenders and closing costs.  *See* DE 166-2 at 10-13.

---

[3] Exhibit G, Exhibit H, and Exhibit I collectively show that VA has in place comprehensive procedures to identify unallowable fees and obtain refunds for veterans.  DE 166-2 at 10-13.  Those procedures show that unallowable fees do not cause VA to rescind its guaranty.  *Id.* at 26-27.  Similarly, Exhibit W shows that unallowable fees are not among the issues VA considers material to its decision to honor its guaranty.  DE 166-2 at 38-39.  For its part, Exhibit V establishes that VA defines the "reasonable and customary" charge for title work in a manner that is completely at odds with Relators' SAC.  DE 166-2 at 34-37.

[4] Relators suggest that judicial notice requires a showing that they "intentionally omitted material facts" from their complaint.  *See* DE 218 at 7, 9.  However, Relators have not cited – and CHL has not found – any case conditioning judicial notice on a showing of an intentional omission.  Rather, courts consider any documents omitted from a complaint – irrespective or whether they are subject to judicial notice – to prevent gamesmanship by plaintiffs.  *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (courts may consider materials "not explicitly incorporated" in the complaint to stop plaintiffs from "deliberately omitting references to documents"); *cf. In re Immune Response Litigation*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005) (citing *Parrino*, 146 F.3d at 706).

Another key omission concerns Relators' repeated allegation that *any* title exam fee in excess of $200 *anywhere* in the country is not "reasonable and customary" under VA rules. Exhibit V is a VA Bulletin from 2005 that addresses that very issue. *See* DE 166-4 at 598. It is unsurprising that Relators chose to omit this VA Bulletin, as it directly contradicts their unsupported definition of "reasonable and customary." Relators cannot prevent this Court from considering published VA guidance that is directly contrary to one of their key allegations.

Relators' strenuous objection to Exhibit V (VA Bulletin 2005-02) must be juxtaposed with their open acceptance of Exhibit S (VA Circular 26-10-1). Even though neither document is referenced in their pleadings, Relators argue that the Court may consider the *Circular*, DE 218 at 2, but not the *Bulletin*, *id.* at 6. Nothing could justify such inconsistent results,[5] and this Court's consideration should not be constrained by such a one-sided presentation.

Finally, there is nothing untoward about the Court considering VA guidance in general or Exhibit V in particular. *Cf.* DE 218 at 6 (suggesting that Relators are entitled to "challenge the credibility" of the VA Bulletin). If Relators believe that other, judicially noticeable, agency materials support their cause, they are free to

---

[5] The only justification proffered by Relators is the unexplained assertion that only Exhibit S is "relevant" to their claims. DE 218 at 2. Exhibit S addresses allowable closing costs on VA loans. *See* DE 166-4 at 440. If that pronouncement is relevant, then Exhibit V, which speaks directly to the reasonable and customary charge for title-related services, *id.* at 599, must also be relevant.

bring them forward in opposition to CHL's motion to dismiss.  What Relators may not do is hobble the Court's consideration of the VA guaranty program by first omitting and then seeking to exclude relevant VA guidance.

**D.    This Court Can And Should Take Judicial Notice Of Reports Published By Federal Agencies (Exhibits B, C, T, And U).**

Relators concede, as they must, that agency reports are fit for judicial notice. *See* DE 218 at 4 (citing *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981)).[6]  Relators simply argue that the exhibits in question are not, in fact, agency reports.  Relators first contend that, because these lengthy reports (which are, in some cases, hundreds of pages long) were excerpted in CHL's filing, they were unable to determine "what [each] document was, who wrote it, or what it was written for." *Id.* at 2.  However, Mr. Griffin's Declaration, which accompanied the excerpted reports, clearly states as follows:

> Because some of the federal agency documents were exceedingly large (both in terms of physical pages and electronic size), I created excerpts for those documents to include in the binder for Exhibits A through W.  On each occasion that I removed pages from an original document, I inserted a place holder page so indicating. *The full documents remain available for public inspection at the links listed below*.

DE 166-3, ¶ 6 (emphasis added).  This approach is consistent with this Court's local rules, which allow "[h]yperlinks to a location on the Internet that contains a

---

[6] Because *Terrebonne* was decided prior to September 30, 1981, it is binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

source document." LR, NDGa, App. H at A-2.  Moreover, this approach avoids

including reams of extraneous materials in the record, while also enabling readers

to resolve any questions by simply clicking on a link.

In any event, Relators' efforts to paint Exhibits B, C, T, and U as something

other than agency reports are without merit.

### 1.    Exhibits B And C Are Reports Published By VA.

Both Exhibit C (the 2004 final report on the VA loan guarantee program)

and Exhibit B (an appendix to the same report) bear VA's seal.  *See* DE 166-4 at 4;

*id.* at 122.  Both documents are hosted on a VA website entitled "About the Loan

Guaranty Service" under the heading "How Are We Doing?"  *Id.* at 2.  Together,

they are cited in CHL's memorandum for the following propositions:

- Congress has continually sought to expand the scope, appeal and
  utility of the VA loan programs.  DE 166-2 at 8.

- Congress views the VA loan programs as central to recruitment for
  the Armed Services.  *Id.* at 9.

- A veteran borrower does not need a down payment or mortgage
  insurance and does not have to meet the credit requirements that apply
  to non-veterans.  *Id.*

- Home ownership is higher among veterans than nonveterans, 60% of
  veteran homeowners report having used VA financing, and 80% of
  those borrowers do not qualify for conventional loans.  *Id.* at 9 n.9.

- VA's "full review" process in fact identifies unallowable closing
  costs.  *Id.* at 11; *Id.* at 39.

9

- VA's Loan Guaranty Monitoring Unit conducts lender audits to ensure regulatory compliance. *Id.* at 12.

- Lender audits involve at least 30 loans selected by the agency, include a review of closing costs, last about a week, and result in formal reports, recommendations and penalties. *Id.*

These are not "the opinions of management consultants." DE 218 at 10-11. These are factual descriptions of VA's program that are found in documents on VA's website and bearing VA's seal. Relators cannot preclude this Court from considering VA's description of its own program.

### 2.    Exhibit T Is A Report Published By GAO.

Relators concede that Exhibit T is a GAO report, DE 218 at 5, and this alone is dispositive for judicial notice under *Terrebonne*. *See* 646 F.2d at 1000 n.4. Relators' opposition to Exhibit T consists solely of an assertion that should this Court consider the GAO report, then Relators are entitled to "adduce evidence of their own." DE 218 at 5. Unless Relators meant to say "adduce other materials subject to judicial notice," they are mistaken—judicial notice *does not* result in conversion. *See, e.g.*, *Tellabs*, 551 U.S. at 322. In all events, Exhibit T is cited only for GAO's finding that title exam procedures differ from state to state, *see* DE 166-2 at 35 (citing DE 166-4 at 465), which is a fact that "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

### 3.     Exhibit U Is A Report Published By HUD.

The first page of Exhibit U bears HUD's seal in the upper left corner and the seal of HUD's Office of Policy Development and Research ("PD&R") in the lower left.  *See* DE 166-4 at 520.  The second page of Exhibit U states that, although the report was "Prepared by" a private contractor, it was "Prepared for" PD&R and HUD.  *Id.* at 521.  Exhibit U is thus exactly as CHL described it:  "excerpts taken from a report *prepared for* [HUD]."  DE 167, ¶ 6 (emphasis added).

There can be no reasonable dispute that HUD has taken ownership of the report submitted as Exhibit U.  *See, e.g.*, *HUD Miami Highlights Summer 2008*, at http://www.hud.gov/local/fl/news/ miaminews0708.cfm (visited Dec. 30, 2011) (announcing that "HUD's Office of Policy Development & Research released [the] report").  The Report is hosted on the website of a HUD and PD&R institution known as HUD USER.  *See A Study of Closing Costs for FHA Mortgages*, at http://www.huduser.org/portal/ publications/hsgfin/fha_ closing_cost.html (visited Dec. 30, 2011).  HUD USER is "the primary source for federal government reports and information on housing policy and programs . . . and other housing-related topics."  *About PD&R*, at http://www.huduser.org/ portal/about/ pdrabout.html (visited Dec. 30, 2011).

The fact that PD&R employed an economist to conduct the econometric analyses contained in Exhibit U is neither surprising nor relevant to the judicial

notice question.  PD&R conducts its research through both "in-house staff and contractors."  *The Work of PD&R*, at http://www. huduser.org/portal/about/ pdrwork.html (visited Dec. 30, 2011).[7]  PD&R Guidelines assign responsibility for "the accuracy and completeness of research studies produced by contractors" to HUD's Government Technical Representatives.  *Guidelines on Preparing a Report for Publication*, at 1, available at http://www.huduser.org/portal/About/GTR_ Guide.pdf (retrieved Dec. 30, 2011) (hereinafter "PD&R Guidelines"); *see* 48 C.F.R. § 2402.101 (defining "Government Technical Representative").

The PD&R Guidelines also require that contractors include a disclaimer in the reports they author.  *See* PD&R Guidelines at 5.  Upon comparing that requirement to the full 2008 HUD study on closing costs, CHL discovered that the report's "Acknowledgements" page (not included in Exhibit U) contains a disclaimer that the report "do[es] not necessarily reflect the view or policies of

---

[7] Relators' unsupported assertion, *see* DE 218 at 3 n.2, that a report prepared by a government contractor cannot be judicially noticed as an agency report is incorrect. In *El Paso Healthcare System v. Molina Healthcare of New Mexico, Inc.*, the court took judicial notice of a report prepared *for* Health and Human Services *by* Xue Song and Barry Friedman of Thompson Reuters.  *Compare* 683 F. Supp. 2d 454, 478 n.19 (W.D. Tex. 2010), *with* HCUP Methods Series, Report 2008-04, available at http://hcup-us.ahrq.gov/reports/methods/2008_04.pdf (retrieved Dec. 30, 2011). And in *Maryland Minority Contractor's Assoc. v. Maryland Stadium Authority*, the court pierced allegations in a complaint by taking judicial notice of two studies prepared *for* the State of Maryland *by* Coopers & Lybrand and National Economic Research Associates.  *See* 70 F. Supp. 2d 580, 596 (D. Md. 1998).

[HUD], the U.S. government, the Urban Institute, its trustees or its funders." *See A Study of Closing Costs for FHA Mortgages*, available at http://www.huduser.org/Publications/pdf/FHA_closing_cost.pdf (retrieved Dec. 30, 2011) (page 3 of the PDF file). However, that disclaimer in no way detracts from the fact that HUD itself released and published the report, or the fact that HUD's technical personnel were responsible for the accuracy and completeness of its contents.

Finally, the manner in which CHL used Exhibit U in its memorandum underscores that judicial notice is proper. The HUD report is first cited for its statistical analysis of the variation among the title charges actually incurred by FHA borrowers. *See* DE 166-2 at 36 (citing DE 166-4 at 527).[8] The HUD report is also cited for its statistical analysis of the title charges actually incurred by FHA

---

[8] Relators have not suggested that the statistics in Exhibit U are inaccurate or subject to dispute. Instead, Relators mischaracterize the contents of CHL's memorandum. They write that: "CHL cites to Exhibit U as support for its statement that 'the federal government takes the view that all title services must be viewed together.'" DE 218 at 4 (quoting DE 166-2 at 36). Relators' quotation is incomplete—the memorandum actually reads:

> The federal government takes the view that *all* title services must be viewed together. For instance, HUD regulations focus on the *sum* of all title charges, not the individual line items. *See* 24 C.F.R. § 3500.7(e)(2)(ii).

DE 166-2 at 36 (emphases in the original). Relators omit the second sentence and citation, which together establish that the government's approach to title services has been formalized in the Code of Federal Regulations. Exhibit U is not cited until the next sentence, and then only to explain why it is "preferable" to "treat[] all title charges together." *Id.* (citing DE 166-4 at 525).

borrowers *in the State of Georgia*.  *See id.* (citing DE 166-4 at 576).  As noted, responsibility for the "accuracy and completeness" of those statistics rests with HUD staff.  *See* PD&R Guidelines at 1.  Taking judicial notice of such statistics is entirely appropriate.  *See Terrebonne*, 646 F.2d at 1000 n.4; *accord Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 331-333 (1961) (taking notice of statistics in reports by the Census and the Department of the Interior); *Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 852 & n.3-4 (9th Cir. 2011) (taking notice of statistics published by VA).

## CONCLUSION

For the foregoing reasons, and those stated in its Motion for Judicial Notice of Agency Materials, CHL respectfully requests that this Court take judicial notice of each of Exhibits A through W to the Declaration of Sean C. Griffin.

Respectfully submitted this 30th day of December, 2011.

By:_____/s/Richard K. Hines, V_____
Ga. Bar No. 356300
Attorney for Countrywide Home Loans, Inc.
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta GA  30363
(404) 322-6154
(404) 322-6050 (fax)
richard.hines@nelsonmullins.com

Mark D. Hopson (PHV)
Robert. J. Conlan, Jr. (PHV)
Mark P. Guerrera (PHV)
Sean C. Griffin (PHV)
Attorneys for Countrywide Home Loans, Inc.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000
(202) 736-8711 (fax)
mhopson@sidley.com
rconlan@sidley.com
mguerrera@sidley.com
sgriffin@sidley.com

Douglas A. Axel (PHV)
Attorney for Countrywide Home Loans, Inc.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
(213) 896-6000
(213) 896-6600 (fax)
daxel@sidley.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing **REPLY IN SUPPORT OF COUNTRYWIDE'S MOTION FOR**

**JUDICIAL NOTICE OF AGENCY MATERIALS** complies with the applicable

font and size requirements and is formatted in Times New Roman, 14 pt font.


By:_____/s/Richard K. Hines, V_____
Ga. Bar No. 356300
Attorney for Countrywide Home Loans, Inc.
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta GA  30363
(404) 322-6154
(404) 322-6050 (fax)
richard.hines@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, I electronically filed the foregoing **REPLY IN SUPPORT OF COUNTRYWIDE'S MOTION FOR JUDICIAL NOTICE OF AGENCY MATERIALS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| *Attorneys for the United States of America* | |
| Amy L. Berne<br>Daniel A. Caldwell, III<br>Laura Kennedy Bonander | Amy.Berne@usdoj.gov<br>Dan.Caldwell@usdoj.gov<br>Laura.Bonander@usdoj.gov |
| *Attorneys for Relators Bibby and Donnelly* | |
| James Edward Butler , Jr.<br>Brandon L. Peak<br>Leigh M. May<br>Samantha DiPolito<br>Marlan Bradley Wilbanks<br>Tyrone M. Bridges<br>Mary Louise Cohen<br>Timothy P. McCormack | jim@butlerwooten.com<br>brandon@butlerwooten.com<br>leigh@butlerwooten.com<br>samantha@butlerwooten.com<br>mbw@wilbanks-bridgeslaw.com<br>tmb@wilbanks-bridgeslaw.com<br>mlc@phillipsandcohen.com<br>tmccormack@phillipsandcohen.com |
| *Attorney for Washington Mutual Home Loans and JPMorgan Chase Bank, N.A.* | |
| William Vance Custer, IV | bill.custer@bryancave.com |

| *Attorneys for Mortgage Investors Corporation (Ohio)* | |
|---|---|
| David M. Souders | souders@wbsk.com |
| Michael Y. Kieval | kieval@wbsk.com |
| Mitchel H. Kider | kider@wbsk.com |
| Scott D. Burke | burke@wbsk.com |
| Matthew Robert Rosenkoff | mrosenkoff@taylorenglish.com |
| *Attorneys for CitiMortgage Inc.* | |
| Burt M. Rublin | rublin@ballardspahr.com |
| Diana L. Spagnuolo | spagnuolod@ballardspahr.com |
| Christopher J. Willis | willisc@ballardspahr.com |
| *Attorneys for Bank of America Corporation* | |
| Asher L. Rivner | arivner@omm.com |
| Jonathan Rosenberg | jrosenberg@omm.com |
| William J. Sushon | wsushon@omm.com |
| Nancy H. Baughan | nbaughan@phrd.com |
| Robert M. Brennan | bbrennan@phrd.com |
| Scott Eric Zweigel | szweigel@phrd.com |
| *Attorneys for New Freedom Mortgage Corporation* | |
| Aaron Paul Michael Tady | atady@colesbarton.com |
| Thomas M. Barton | tbarton@colesbarton.com |
| *Attorneys for Wells Fargo Bank, National Association (Inc.)* | |
| Amy Pritchard Williams | amy.williams@klgates.com |
| Robert J. Sherry | robert.sherry@klgates.com |
| David Lewis Balser | dbalser@mckennalong.com |

| *Attorneys JPMorgan Chase Bank, N.A.* | |
|---|---|
| Courtney M. Dankworth | cmdankwo@debevoise.com |
| Mary Beth Hogan | mbhogan@debevoise.com |
| *Attorney for PNC Bank, N.A.* | |
| Catherine M. O'Neil | coneil@kslaw.com |
| Christopher Cullom Burris | cburris@kslaw.com |
| Jonathan R. Chally | jchally@kslaw.com |
| Martin Robert Thornton | bthornton@kslaw.com |
| *Attorneys for First Tennessee Bank National Association (Inc.)* | |
| Irene C. Freidel | irene.freidel@klgates.com |
| Jennifer J. Nagle | jennifer.nagle@klgates.com |
| Christopher Scott Anulewicz | canulewicz@balch.com |
| Geremy Walden Gregory | ggregory@balch.com |
| *Attorneys for SunTrust Mortgage, Inc.* | |
| Michael L. Brown | mike.brown@alston.com |
| Van A. Anderson | van.anderson@alston.com |
| William H. Jordan | bjordan@alston.com |
| *Attorney for GMAC Mortgage Corporation* | |
| Harold Wayne Phears | wphears@mcguirewoods.com |

I hereby certify that on December 30, 2011 I caused to be mailed by express

delivery the foregoing **REPLY IN SUPPORT OF COUNTRYWIDE'S**

**MOTION FOR JUDICIAL NOTICE OF AGENCY MATERIALS** to the

following non-CM/ECF participants:

> Andrew J. Ceresney
> Shannon Rose Selden
> Debevoise & Plimpton, LLP
> 919 Third Avenue
> New York, NY 10022
> *Attorneys JPMorgan Chase Bank, N.A.*

> By:_____/s/Richard K. Hines, V_____
> Ga. Bar No. 356300
> Attorney for Countrywide Home Loans, Inc.
> NELSON MULLINS RILEY & SCARBOROUGH LLP
> 201 17th Street NW, Suite 1700
> Atlanta GA  30363
> (404) 322-6154
> (404) 322-6050 (fax)
> richard.hines@nelsonmullins.com