# EX. 3 – VA Circular 26-10-01

Veterans Benefits Administration
Department of Veterans Affairs
Washington, DC 20420

Circular 26-10-01
January 7, 2010

IMPACT OF NEW REAL ESTATE SETTLEMENT AND PROCEDURES ACT (RESPA)
RULE ON FEES AND CHARGES FOR DEPARTMENT OF VETERANS AFFAIRS (VA)
LOANS

1. PURPOSE. In response to the new RESPA rule that took effect January 1, 2010, this circular provides guidance on fees and charges a veteran may pay when obtaining a VA- guaranteed home loan. The circular also announces new documentation requirements for lenders and the elimination of a previously required disclosure statement.

2. ALLOWABLE AND UNALLOWABLE FEES. 38 C.F.R. 36.4813 limits the fees that a veteran may pay when obtaining a VA-guaranteed home loan. Veterans may pay a maximum of a one percent origination fee charged by the lender (plus reasonable discount points) as well as reasonable and customary amounts for certain itemized fees. The following subparagraphs provide greater detail on allowable and unallowable fees.

   a. One Percent Origination Fee. The lender may charge the veteran a flat fee up to one percent of the loan amount. The flat fee is intended to cover the lender's costs and services, which are not reimbursable as "itemized fees." For Interest Rate Reduction Refinancing Loans (IRRRLs), please note that this fee may not exceed one percent of the existing VA loan balance of the loan being refinanced plus the cost of any energy efficient items less any cash payments from the veteran — see line 4 on VA Form 26-8923, IRRRL Worksheet.

   b. Reasonable and Customary Itemized Fees. Veterans may pay reasonable and customary amounts for the following services. Whenever these itemized fees relate to services performed by a third party, the veteran may only pay the **actual** amount charged by the third party.

   (1) Appraisal and compliance inspections
   (2) Recording fees
   (3) Credit report
   (4) Prepaid items (taxes, assessments, and similar items)
   (5) Hazard insurance
   (6) Flood determination
   (7) Survey
   (8) Title examination
   (9) Title insurance
   (10) Special mailing fees for refinancing loans
   (11) Mortgage Electronic Registration System (MERS) fee
   (12) Other fees authorized by VA

(LOCAL REPRODUCTION AUTHORIZED)

c. Unallowable Itemized Fees. If an origination fee is charged, lenders may NOT assess veterans any other fees on VA-guaranteed loans, other than the allowable fees noted in subparagraph b above. Examples of unallowable itemized fees can be found in chapter 8, section 2d of the Lenders Handbook. Please note that VA CANNOT provide an exhaustive list of unallowable itemized fees because the types of fees vary widely by lender and area of the country. Ilan origination fee is not charged, the lender may assess other fees as long as the aggregate amount does not exceed one percent of the loan.

d. Attorney's Fees. The lender may NOT charge the veteran for attorney's fees associated with settlement. This fee should not be confused, however, with attorney's fees for title examination; it is allowable to itemize and charge for a title exam performed by an attorney, as long as the associated fees reflect the actual cost and are reasonable and customary. Furthermore, VA does not intend to prevent the veteran from seeking independent legal representation if the veteran chooses; the veteran may independently retain an attorney and pay a fee for legal services in connection with the purchase of a home. To the extent that closing documents indicate that the veteran has paid a fee to an attorney, these documents should clearly indicate that the attorney's fee is **not** being charged by the lender, but is being paid by the veteran as part of an independent arrangement with an attorney.

3. NEWLY REQUIRED ORIGINATION STATEMENT. Under the new RESPA rules, there will no longer be a separate line on the HUD-1 called "Loan Origination Fee" to record an origination fee; rather, there is a new line called Our Origination Charge" that records a combination of the origination fee and the previously itemized fees. Since VA will continue to have a cap on the origination fee and limit the types of charges that may be paid by the veteran, lenders must itemize the fees included in the "Our Origination Charge" line on the HUD-1 Settlement Statement. Lenders may accomplish this requirement one of two ways. As described in HUD's Mortgagee Letter 2009-53, if a government program requires that lenders provide more detailed information to specify distinct origination fees and charges, lenders may itemize these charges in the empty 800 lines of the HUD-1 to the left of the column. If there is not sufficient space to itemize all of these fees on the HUD-1, lenders must provide a separate origination statement. The new origination statement must indicate the purpose of the charge and the amount (example: Origination Fee - $1,000 and MERS Fee- $15.00). The new origination statement must be signed and dated by the borrower (see exhibit A.) To ensure that borrowers fully understand the fees being charged, lenders should not split the itemized fees between the HUD-1 and the new origination statement; lenders should use only one of the two approaches to disclose the fees. Lenders are encouraged to comply with these new procedures as soon as possible; **however all loan applications taken on or after May 1, 2010 must have either the origination statement or a breakout of the origination fees on the BUD -1 as described herein.** The delayed implementation is intended to give lenders sufficient time to make changes to their work processes.

January 7, 2010                          Circular 26-10-01

**4. ELIMINATION OF INTEREST RATE AND DISCOUNT DISCLOSURE STATEMENT.**
Effective immediately, the Interest Rate and Discount Disclosure Statement is not required for any VA-guaranteed loan that is processed using the new Good Faith Estimate (GFE) and HUD-1. Enhancements to the GFE and HUD-1 provide sufficient information to the veteran-borrower, making the Interest Rate and Discount Disclosure Statement redundant.

**5. MAINTENANCE OF RECORDS.** A copy of the GFE and new origination statement (if applicable) must be maintained as part of the origination package. Lenders must submit them, along with other origination documents, if a loan file is requested for review by VA. Additionally, copies of invoices for all third-party services must be maintained as part of the origination package and available for review upon VA's request.

**6. NON-COMPLIANCE.** Lenders must comply with these policies when making VA loans. Any lender who does not comply with these policies is subject to removal from the program, fines by VA, government-wide debarment, and other civil and criminal penalties that may be applicable.

**7. QUESTIONS. VA** will be monitoring the impact of the new RESPA requirements as well as the policies and procedures described in this circular. Please direct any questions regarding this circular to Bill White, at (202) 461-9543, or William.Whitel@va.gov.

**8. RESCISSION:** This circular is rescinded January 1, 2012. By Direction of the

Under Secretary for Benefits

Mark Bologna, Director
Loan Guaranty Service

Distribution: CO: RPC 2021
SS (26A 1) FLD: VBAFS, 1 each (Reproduce and distribute based on RPC 2021)

3

Circular 26-10-01  January 7, 2010
Exhibit A

## SAMPLE ORIGINATION STATEMENT ITEMIZING
## "OUR ORIGINATION CHARGE"

| | |
|---|---:|
| **Origination Point** | **1 percent or $1,000** |
| **MERS** Fee | $ 15 |
| **Document Preparation*** | S 150 |
| **Total** | $1,165 |

*111 this sample, Document Preparation would have to be refunded to the veteran since the lender collected an origination fee that is intended to incorporate charges such as Document Preparation.

_____
Borrower(s) Signature        Date

4