THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | § | |
| VICTOR E. BIBBY and BRIAN J. | § | CIVIL ACTION FILE NO. |
| DONNELLY, | § | |
| | § | 1:06-CV-0547-AT |
| RELATORS/PLAINTIFFS, | § | |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION (INC.), individually and | § | |
| as s/b/m with WELLS FARGO | § | |
| HOME MORTGAGE, INC., et al., | § | |
| | § | |
| DEFENDANTS. | § | |

WELLS FARGO BANK'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS RELATORS' SECOND AMENDED
COMPLAINT BY RESTATEMENT

Wells Fargo Bank, N.A. ("Wells") respectfully submits this Reply in support

of its Motion to Dismiss the Second Amended Complaint by Restatement ("SAC")

filed by Relators Victor Bibby and Brian Donnelly.  For the reasons set forth in

Wells' Memorandum in Support of its Motion to Dismiss (the "Memorandum")

filed on December 2, 2011 (Dkt. 168-1) and below, Wells' Motion should be

granted and Relators' SAC should be dismissed with prejudice.

# I.   PRELIMINARY STATEMENT

Relators' hyperbolic[1] Response (Dkt. 238) does nothing to refute the inescapable:  the SAC lacks the necessary particularity to satisfy the heightened pleading requirements of Rule 9(b) and fails to state a basis for relief under the Civil False Claims Act ("FCA").[2]  This Court should reject Relators' attempt to obscure their pleading deficiencies by improperly attaching exhibits to their Response that are never referenced in the SAC, requesting that the Court engraft improper pleadings standards onto a body of well-settled Eleventh Circuit precedent, and improperly referencing an affidavit from a collateral matter.[3]

---

[1] Wells is confident that Relators' use of pejorative terms like "cheated" and "dirty loans" (*e.g.,* Response at 2-4, 6 n.9, 17, 18), though certainly inflammatory, will not influence this Court's review of its Motion.  Code words and sophistry do not cure pleading deficiencies under the Eleventh Circuit's standards for FCA actions.

[2] Wells recognizes that other defendants have proffered additional grounds for dismissal and Relators have responded with certain arguments not asserted in their Response.  Wells believes that its asserted Rule 9(b) and 12(b)(6) arguments are appropriate bases for dismissal without reaching any other issues.  Thus, Wells requests that the Court rule on Wells' Motion based on the stated grounds.

[3] Relators attempt to supplement their Response with 17 exhibits, none of which cure the SAC's deficiencies, but cite no authority that allows them to do so.  The Eleventh Circuit has held that a *defendant* can attach documents to a motion to dismiss if such documents are both central to plaintiff's claims and undisputed. *See e.g., Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Moreover, it would be error for the Court to consider the content of an order and settlement agreement (Response Ex. 17) entered in a collateral matter. *See United States v. Jones*, 29 F.3d 1549, 1553-54 (11th Cir. 1994) (reversing summary judgment where district court improperly relied on findings of fact made in an order entered in prior

Wells' Motion establishes that, even accepting all well-pleaded allegations in the SAC as true and drawing all reasonable inferences in Relators' favor, they have not "nudged their claims across the line from conceivable to plausible."[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Accordingly,   Relators'   SAC should be dismissed with prejudice.

## II.   ARGUMENT

### A.   Standard of Review

Relators cannot escape the binding Eleventh Circuit precedent requiring that they identify with particularity a specific false claim for payment submitted to the government to satisfy the heightened pleading requirements under Rule 9(b). *Hopper v. Solvay Pharm, Inc.*, 588 F.3d 1318, 1324, 1331 (11th Cir. 2009) (FCA

---

litigation).  Further, reference (Response at 12) to an affidavit filed in opposition to another defendant's motion for summary judgment also is improper and must be disregarded. *See e.g., Seh v. Americus and Sumter County Hosps.*, 377 Fed. Appx. 861, 2010 WL 1718700 (11th Cir. 2010) (district court properly disregarded plaintiff's declaration filed in opposition to motion to dismiss where validity of declaration was disputed by defendant).

[4] Relators assert repeatedly that Wells has not denied the SAC's factual allegations. *E.g.,* Response at 4, 12, 15, 18.  This is a pointless assertion.  Such denials are not procedurally proper at the motion to dismiss stage because the court is bound to accept all well-pled factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-1950 (2009).

complaint that failed to allege a specific false claim dismissed);[5] *Clausen*, 290 F.3d at 1306, 1308-09 (FCA complaint dismissed where relator did not identify a single actual claim for payment).   Relators attempt to sidestep Rule 9(b) and Eleventh Circuit precedent by asserting that non-Eleventh Circuit cases involving Form 21 reflect the standard to assess the propriety of dismissal of a FCA case here.[6]   This is flat-out wrong.  Form 21 of the Appendix of Forms of the Federal Rules of Civil Procedure is titled "Complaint on a Claim for a Debt & To Set Aside a Fraudulent Conveyance under Rule 18(b)."  It has nothing to do with Rule 9(b).

Further, there is controlling Eleventh Circuit authority on this topic that rejects the Relators' approach.  *See Clausen*, 290 F.3d at 1310 (under Rule 9(b), a

---

[5] Notably, Relators' Response failed to address *Hopper*, discussed in Wells' Memorandum.  Memorandum at 8, 11-13.

[6] Response at 9 (citing *United States v. Bame*, 778 F. Supp. 2d 988, 991 (D. Minn. 2011); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079-80 (7th Cir. 1997); *Spanierman Gallery PSP v. Love*, 320 F. Supp.2d 108, 114 (S.D.N.Y. 2004)).  Even more telling, these cases are also distinguishable because the complaints specifically identified the dates, amounts and nature of the transactions, unlike the SAC here.  *See, e.g., Bame*, 778 F. Supp. 2d at 992 (complaint adequately plead a fraudulent conveyance claim by specifying "the dates of the transfers claimed to be fraudulent, the recipients of those transfers, and their amounts"); *General Elec.*, 128 F.3d at 1080 (complaint satisfied Rule 9(b) by alleging the date of the promissory note and guaranties, the amount due and the transfer of assets through a settlement that rendered the company insolvent); *Spanierman*, 320 F. Supp. 2d at 114 (complaint sufficient under Rule 9(b) because it "sets forth the details surrounding the resales of the art, including the identity of the buyers, the dates of the transactions, and the alleged consideration received.").  No similar dates, amounts, or other claim details appear in Relators' SAC.

plaintiff must plead "facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006); *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

Relators also mistakenly rely on the Tenth Circuit's decision in *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163 (10th Cir. 2010). The SAC here does not contain the particularized allegations that the Tenth Circuit found sufficient to satisfy Rule 9(b). The Plaintiffs in *Lemmon*:

> . . . alleged the names and positions of Envirocare employees who observed the contract-and-regulation-breaching activity, the names of Envirocare supervisors to whom they reported, and the ***names of the Envirocare employees responsible for submitting the false claims*** to the Government. . . . ***They also listed payment requests submitted, including the date of submission, the amount sought***, and where applicable the language of the express certification contained in each request. . . . ***Plaintiffs documented the dates on which specific violations took place and the dates on which payment requests were submitted***.

*Id.* at 1172 (emphasis added). In contrast, Relators here cannot cite to a single paragraph of the SAC that identifies who submitted a claim, when a claim was submitted, the amount of any claim, or how any claim was submitted. Because Relators have not provided the detailed factual information required by Rule 9(b),

these deficiencies are fatal to the SAC.

## B.    The Court Should Not Relax the Rule 9(b) Pleading Standard

In apparent recognition of their failure to satisfy Rule 9(b), Relators argue for a relaxation of Rule 9(b)'s heightened pleading requirements. They have not, however, demonstrated that any such relaxation is appropriate. Relators' contention that they are "insiders" and therefore meet the "indicia of reliability" is disingenuous at best. Response at 20 (citing *Hill v. Morehouse Med. Assocs.*, 2003 WL 22019936 (11th Cir. 2003) (unpublished)). In contrast to the Relators and the SAC in this case, the relator in *Hill* was employed by the defendant in the defendant's billing department, and the complaint described the defendant's billing and coding process in detail, provided details about the alleged fraudulent billing schemes, who specifically engaged in them, and the frequency with which they occurred. *Id.* at *5. Relators, by contrast, are not and have never been employed by Wells (or any of the other defendant lenders). Thus, Relators are not entitled to any relaxation of the Rule 9(b) pleading standard. *Clausen*, 290 F.3d at 1314-15 ("while an insider might have an easier time . . . meeting the pleading requirements under the False Claims Act, neither the Federal Rules nor the Act offer any special leniency" in meeting the pleading requirements to justify relator's failure to allege or identify the submission of specific false claims).

Similarly, Relators' reliance on *Walker* for a relaxed application of Rule 9(b) in an attempt to avoid the ruling in *Clausen* is misplaced. *See* Response at 18, n.20. First, the Eleventh Circuit treats *Clausen* as prior panel precedent that governs over *Walker*. *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302-03 & n.4 (11th Cir. 2010). Second, *Walker* is distinguishable because the relator was a former employee of the defendant who had personal knowledge of the alleged fraudulent billing practices. Unlike *Walker*, Relators are corporate outsiders that have no personal knowledge or information regarding Wells' billing or claims practices. Relators have not alleged any particulars or details to show that an actual false claim was presented to the government for payment by Wells, which Relators must do to satisfy Rule 9(b). *Hopper*, 588 F.3d at 1324 (second amended complaint dismissed because it did not "identify a specific false claim"); *Corsello*, 428 F.3d at 1013-1014 (second amended complaint dismissed because relator did not allege that a specific fraudulent claim was in fact submitted to the government). Third, *Walker* is distinguishable because the defendant in *Walker* did not contest that claims had been submitted, as noted in *Cade v. Progressive Community Healthcare, Inc.*, 2011 WL 2837648, at 5 n.7 (N.D. Ga. 2011).

Thus, Relators are not entitled to any relaxation of Rule 9(b)'s requirements. As in *Hopper,* Relators describe a purported scheme, but do "little more than

hazard a guess" that Wells presented false claims for payment to the government. *Hopper*, 588 F.3d at 1325-26.  Dismissal is required.

## C.    Relators' Purported Example of Fraud Fails to Satisfy Rule 9(b) and Fails to State a Claim under the FCA

The Eleventh Circuit requires specific allegations about the presentment of an actual false claim to state a basis for relief under the FCA.  *Hopper*, 588 F.3d at 1328 ("We have repeatedly held that the submission of a false claim is the *sine qua non* of a False Claims Act violation."); *Corsello*, 428 F.3d at 1013 ("[b]ecause it is the submission of a fraudulent claim that gives rise to liability under the False Claims Act, that submission must be pleaded with particularity and not inferred from the circumstances.").  Contrary to their contention, Relators' example of the foreclosed loan does not satisfy Eleventh Circuit requirements because Relators still have not alleged with particularity that a claim for guaranty benefits was submitted by Wells.

Nor does Relators' reliance on *Bledsoe* relieve them of their burden to allege an actual false claim.  Response at 18.  In *Bledsoe*, the Sixth Circuit held that the relator – an employee/insider – had sufficiently pled a single FCA violation by specifically alleging the date of the false claim, the content of the false claim and the fraudulent scheme.  *United States ex rel. Bledsoe v. Community Health Sys.*,

*Inc.*, 501 F.3d 493, 514-15 (6th Cir. 2007).[7]  The same cannot be said for Relators here.  Relators point only to the foreclosed loan, but do not allege the date of any purported false claim or the content or amount of the purported false claim.  SAC at ¶¶ 64, 98 and 111.  At most, Relators have described a scheme by which false claims could have been made, but without providing the specific details as to an actual false claim that was presented to the government for payment, Relators do not satisfy the pleading requirement of Rule 9(b).  *Clausen*, 290 F.3d at 1311 (Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government.").

Relators concede, as they must, that the HUD-1 "is a standard form used to itemize services and fees charged to the borrower by the lender when the loan is closed."  Response at 15 n.6.  The HUD-1 form is not a "claim" within the meaning of the FCA because it does not request payment of funds from the government.  31 U.S.C. § 3729(b)(2) (defining claim); *see United States ex rel. DRC, Inc. v. Custer Battles, LLC*, 472 F. Supp. 2d 787, 789 (E.D. Va. 2007).

---

[7] *Bledsoe* also holds "that pleading an actual false claim with particularity is an indispensable element of a complaint that alleges a FCA violation in compliance with Rule 9(b)."  501 F.3d at 504.

Relators' repeated assertions in the Response that a Notice of Default is a claim within the meaning of the FCA lack any legal or factual basis.  Neither the SAC nor the Response rebuts the simple fact that a Notice of Default contains no request for payment, as required by Section 3729(b)(2) to constitute a claim. Moreover, Relators allege no facts that Wells has sought payment as a result of a Notice of Default in a specific instance or that Wells must seek such payment as a matter of law.  In their Response, Relators rely on SAC paragraphs 28, 46, 72-76, 95 and 111 to argue that they have alleged a claim.  Response at 16-17.  Whether taken alone or together, these paragraphs do not allege any facts concerning a specific request for payment by Wells. At most, the SAC alleges that a request for payment could only occur after a Notice of Default is sent.  This assertion does not satisfy Rule 9(b).

In arguing that a Notice of Default constitutes a claim, Relators' incorrectly assert that "[n]o discrete 'request for payment' need be made."  Response at 5-6 (citing *United States v. Ekelman & Assocs., Inc.*, 532 F.2d 545, 550 (6th Cir. 1976) and *United States ex rel. Fago v. M & T Mortgage Corp.*, 518 F. Supp. 2d 108, 117 (D.D.C. 2007)).   Relators' citation to *Ekelman* and *Fago* in support of this proposition is misleading.  In *Ekelman*, the Sixth Circuit specifically noted that "A lending institution's application to the FHA for credit insurance on a home loan is

not a claim against the government within the meaning of the False Claims Act."
532 F.2d at 551 (citing *United States v. McNinch*, 356 U.S. 595 (1958)). The court
held that no FCA cause of action arises "until the mortgage holder *presents a claim
for payment* on the guaranty or insurance." *Id.* at 552 (emphasis added).
Similarly, the district court in *Fago*, also citing *Ekelman* and *McNinch*, concluded
that the plaintiff stated a FCA claim because the defendant "*sought payment* from
HUD" when the loans in question defaulted. 518 F. Supp. 2d at 117 (emphasis
added).[8]   In contrast, the SAC contains no allegations of a specific claim
submission by Wells to the government.

Relators' allegations of the expenditure of government funds also do not
constitute a legally cognizable allegation that a false claim has been submitted.
Indeed, in the Eleventh Circuit, the *actual submission of a false claim* -- i.e., a
request for payment -- is the *sine qua non* of a FCA action. *Hopper*, 588 F.3d at
1328.   Without it, there can be no liability. *Clausen*, 290 F.3d at 1311 (FCA
liability is triggered when someone "knowingly *asks* the Government to *pay*

---

[8] So, too, Relators improperly cite *United States v. First Nat'l Bank of Cicero*, 957
F.2d 1362, 1373-74 (7th Cir. 1992), to support their proposition that a false
statement in a loan guaranty application may constitute a false claim if the loan has
defaulted. Response at 22 n.23. The Seventh Circuit in *Cicero* did not address that
issue at all. Rather, the court analyzed the required causation standard to permit
recovery under the FCA. 957 F.2d at 1374.

*amounts it does not owe*") (emphasis added); *see United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995) (the FCA is not triggered by alleged fraudulent conduct or a government payment, "but [by] the 'claim for payment'"), cited with approval in *Clausen*, 290 F.3d at 1311.

Despite Relators' protestations to the contrary, they have not alleged or identified an actual false claim submitted by Wells seeking payment from the government. The Eleventh Circuit in *Clausen* held that the complaint should be dismissed because "nowhere in the blur of facts and documents assembled . . . can one find any allegations, stated with particularity, of a false claim actually being submitted to the Government." *Id.* at 1312. Here, too, one can attempt to sift through the 17 exhibits attached to the Response in vain – Relators simply have not met their burden to identify and plead a false claim with the particularity required in the Eleventh Circuit.

Dismissal of the SAC is mandated in this case because Relators allege even less than that found insufficient in *Clausen*. Relators attach a blank VA Form 26-1874 to their Response (Response Ex. 13) and summarily conclude that Wells submitted a false claim. Response at 16. But Relators have not set forth the details about the actual presentment by Wells of any false claims to the VA. The Eleventh Circuit has found such an approach insufficient to identify the fraud claim with

sufficient particularity to comply with Rule 9(b).  *Clausen*, 290 F.3d at 1307 ("identifying the type of claim form used and stating that a claim was filed on the day of service or a few days thereafter is not sufficient to identify the fraud claims with sufficient particularity to comply with Rule 9(b).").

## D.     Relators Should Not Be Allowed to Amend Their SAC

In their Response, Relators have requested "leave to amend in order to correct any deficiencies."  Response at 23.  Although Rule 15(a) allows for liberal amendment of pleadings, a district court may deny leave to amend and dismiss a case with prejudice where further amendment would be futile.  *Corsello,* 428 F.3d at 1015.

Despite having filed their Original Complaint almost six years ago and amending their complaint twice, Relators fail to plead fraud with particularity as required by Rule 9(b) and fail to state a basis for relief against Wells under Rule 12(b)(6).  This Court should deny Relators' request for another opportunity to remedy their pleading deficiencies.

*Corsello* is especially instructive here.  In that case, the Eleventh Circuit upheld the district court's dismissal of the relator's second amended FCA complaint for failure to plead fraud with particularity and denial of leave to file a third amended complaint.  *Id.* at 1014.  The court concluded that further

amendment would be futile because the relator failed to identify "specific instances of fraudulent submissions to the government" despite repeated opportunities to do so. *Id.* at 1015. The court also explained that the passage of a substantial period of time to investigate and identify such submissions supported its decision:

> Allowing another amendment would have led to the filing of [relator's] fourth complaint in over five years of litigation….[Relator's] 'repeated failure to cure deficiencies by [previous] amendments' is an explicitly permitted reason for which the district court was entitled to deny his motion to amend.

*Id.*

The conditions identified in *Corsello* are present here. Relators have not identified particular actors, specific claims or specific amounts of such claims in three attempts at the effort, and even a fourth such effort in the 17 exhibits attached to the Response, and now seek a fifth opportunity to do so "in over five years of litigation." Relators have been unable to cure these deficiencies, and any such attempt would be futile given their outsider status and consistent track record to date. *See also, Hopper,* 588 F.2d at 1321, 1325-26, 1331 (affirming dismissal of the relators' second amended FCA complaint with prejudice under Rule 9(b) where "detailed allegations of an illegal scheme" were identified, but complaint did not allege the existence of nor identify a "single actual false claim").

Furthermore, the Eleventh Circuit requires that a request for leave to amend attach the proposed amendment or set forth the substance of the proposed amendment. *Atkins*, 470 F.3d at 1362. In *Atkins*, as in this case, the plaintiff included the request for leave to amend in an opposition to the defendants' motion to dismiss the complaint. *Id.* The court held that because the plaintiff did not include in that filing the proposed amendment or substance of the proposed amendment, "the district court did not abuse its discretion in dismissing Atkins complaint with prejudice, i.e., without leave to amend." *Id.* Although Relators have requested leave to amend in their Response, they have failed to include the proposed amendment or substance of the proposed amendment in their request. Accordingly, Relators' request for leave to amend should be denied.

## IV.   CONCLUSION

Wells respectfully submits that Relators' SAC fails to satisfy the pleading requirements of Rule 9(b) and likewise fails to state a basis for relief under Rule 12(b)(6). Furthermore, leave to amend the SAC would be futile because Relators have not and cannot provide the requisite factual details to support their allegations, and they fail to provide the proposed amendment or substance of the proposed amendment in their request. Therefore, Relators' SAC should be dismissed with prejudice as against Wells.

*/s/ David L. Balser*

David L. Balser
Georgia Bar No. 035835
dbalser@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (facsimile)

Amy Pritchard Williams
(admitted *pro hac vice*)
N.C. Bar No. 19233
amy.williams@klgates.com
K&L GATES LLP
214 North Tryon Street
Charlotte, North Carolina 28202
(704) 331-7429
(704) 353-3129 (facsimile)

Robert J. Sherry
(admitted *pro hac vice*)
California Bar No. 19233
District of Columbia Bar No. 367235
robert.sherry@klgates.com
K&L GATES LLP
1717 Main Street
Suite 2800
Dallas, TX 75201
(214) 939-4945
(214) 939-5849 (facsimile)

*Counsel for Defendant Wells Fargo Bank, N.A*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing brief has been prepared in Times New

Roman 14 point font as required by Local Rule 5.1.

*/s/ David L. Balser*
David L. Balser
Georgia Bar No. 035835
dbalser@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, I electronically filed **Wells Fargo Bank's Reply in Support of its Motion to Dismiss Relators' Second Amended Complaint by Restatement** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Aaron Paul Michael Tady | Marlan Bradley Wilbanks |
| Amy L. Berne | Martin Robert Thornton |
| Asher L. Rivner | Mary Beth Hogan |
| Brandon L. Peak | Mary Louise Cohen |
| Burt M. Rublin | Matthew Robert Rosenkoff |
| Catherine M. O'Neil | Megan Delaney Berroya |
| Christopher Cullom Burris | Michael L. Brown |
| Christopher J. Willis | Michael Y. Kieval |
| Christopher Scott Anulewicz | Mitchel H. Kider |
| Courtney M. Dankworth | Nancy H. Baughan |
| Daniel A. Caldwell, III | Richard Kennon Hines, V |
| David M. Souders | Robert J. Conlan, Jr. |
| Diana L. Spagnuolo | Robert M. Brennan |
| Douglas A. Axel | Samantha DiPolito |
| Geremy Walden Gregory | Scott D. Burke |
| Harold Wayne Phears | Scott Eric Zweigel |
| Irene C. Freidel | Sean C. Griffin |
| James Edward Butler, Jr. | Thomas M. Barton |
| Jennifer J. Nagle | Timothy P. McCormack |
| Jonathan Rosenberg | Tyrone M. Bridges |
| Jonathan R. Chally | Van A. Anderson |
| Leigh M. May | William H. Jordan |
| Mark D. Hopson | William J. Sushon |
| Mark P. Guerrera | William Vance Custer, IV |

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Andrew J. Ceresney                    Shannon Rose Selden
Debevoise & Plimpton, LLP             Debevoise & Plimpton, LLP
919 Third Avenue                      919 Third Avenue
New York, NY 10022                    New York, NY 10022


                        /s/ David L. Balser
                        David L. Balser
                        Georgia Bar No. 035835
                        dbalser@mckennalong.com
                        MCKENNA LONG & ALDRIDGE LLP
                        303 Peachtree Street, Suite 5300
                        Atlanta, Georgia 30308
                        (404) 527-4000
                        (404) 527-4198 (facsimile)

                        *Counsel for Defendant Wells Fargo Bank,
                        N.A*