| | |
|---|---|
| William V. Custer | Mary Beth Hogan |
| Jennifer B. Dempsey | Courtney M. Dankworth |
| Damon J. Whitaker | Dino L. LaVerghetta |
| BRYAN CAVE LLP | DEBEVOISE & PLIMPTON LLP |
| One Atlantic Center, Fourteenth Floor | 919 Third Avenue |
| 1201 West Peachtree Street, N.W. | New York, New York 10022 |
| Atlanta, Georgia 30309-3488 | Telephone:  (212) 909-6000 |
| Telephone:  (404) 572-6600 | Facsimile:   (212) 909-6836 |
| Facsimile:   (404) 572-6999 | |

*Counsel to Defendant JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E. BIBBY and BRIAN DONNELLY, Relators/Plaintiffs, vs. WELLS FARGO BANK, N.A., *et al.*, Defendants. | Civil Action No. 1:06-cv-0547-AT Hon. Amy Totenberg Oral Argument Requested |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE MOTION BY THE JPMORGAN DEFENDANTS
TO DISMISS THE SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ......................................................................................... 1

I.    The Complaint Fails To Plead With Particularity The Submission Of A
      False Claim. .................................................................................. 2

      A.    The Complaint Fails To Plead A False Claims Act Violation With
            The Particularity Required By Rule 9(b). ............................................ 2

      B.    The Complaint Fails To Plead The Submission Of A False Claim. ..... 5

II.   The Complaint Should Be Dismissed With Prejudice. ................................ 10

CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

Page

## CASES

*American United Life Insurance Co. v. Martinez*,
  480 F.3d 1043 (11th Cir. 2007) ...................................................................... 1

*Bank v. Pitt*,
  928 F.2d 1108 (11th Cir. 1991) .................................................................... 10

*Brooks v. Blue Cross & Blue Shield of Florida, Inc.*,
  116 F.3d 1364 (11th Cir. 1997) ..................................................................... 8

*Corsello v. Lincare, Inc.*,
  428 F.3d 1008 (11th Cir. 2005) .................................................................. 6, 9

*Day v. Taylor*,
  400 F.3d 1272 (11th Cir. 2005) ..................................................................... 8

*FindWhat Investor Group v. FindWhat.com*,
  658 F.3d 1282 (11th Cir. 2011) ..................................................................... 5

*Hill v. Morehouse Medical Associates, Inc.*,
  No. 02-14429, 2003 WL 22019936 (11th Cir. Aug. 15, 2003) .................. 3, 4

*Hopper v. Solvay Pharmaceutical, Inc.*,
  588 F.3d 1318 (11th Cir. 2009) ...................................................... 4, 6, 7, 8, 9

*Lee v. Security Check, LLC*,
  No. 09-421, 2009 WL 3790455 (M.D. Fla. Nov. 9, 2009) ............................ 8

*Mamani v. Berzain*,
  654 F.3d 1148 (11th Cir. 2011) ..................................................................... 2

*Mizzaro v. Home Depot, Inc.*,
  544 F.3d 1230 (11th Cir. 2008) ................................................................... 10

*United States v. Ekelman & Assoc., Inc.*,
  532 F.2d 545 (6th Cir. 1976) ......................................................................... 7

*United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*,
    290 F.3d 1301 (11th Cir. 2002) ..................................................... 2, 3, 4, 8, 9

*United States ex rel. Cooper v. Blue Cross & Blue Shield of Florida*,
    19 F.3d 562 (11th Cir. 1994) ........................................................ 10

*United States ex rel. Russell v. Epic Healthcare Management Group*,
    193 F.3d 304 (5th Cir. 1999) ........................................................ 3

*United States ex rel. Walker v. R & F Properties of Lake County, Inc.*,
    433 F.3d 1349 (11th Cir. 2005) ..................................................... 4

*United States v. Laboratory Corp. of America, Inc.*,
    No. 97-2200, 2001 WL 1867721 (N.D. Ga. May 16, 2001) .......................... 6

*United States v. Van Oosterhout*,
    96 F.3d 1491 (D.C. Cir. 1996) ...................................................... 4

## REGULATIONS AND RULES

38 C.F.R. § 36.4319 .................................................................. 7

Federal Rule of Civil Procedure 9(b) ......................................... *passim*

Federal Rule of Civil Procedure 12(b)(b) ........................................ 1

Federal Rule of Civil Procedure 18(b) ........................................... 5

The JPMorgan Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss with prejudice the Second Amended Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).[1]

## PRELIMINARY STATEMENT

Relators' brief in opposition to the JPMorgan Defendants' motion to dismiss fails to overcome the fatal defects in the Complaint.  As set forth in that motion, the Complaint should be dismissed with prejudice because it fails to allege (i) a violation of the False Claims Act ("FCA") by the JPMorgan Defendants with Rule 9(b)'s required particularity, Mem. at 9-12; and (ii) an actual false claim submitted by the JPMorgan Defendants, a required element of an FCA violation, Mem. at 12-24.  Relators' brief in opposition ("Opp. Mem.") attempts to obscure the applicable Rule 9(b) requirements and improperly offers additional facts outside of the pleadings in an effort to overcome the deficiencies of the Complaint.  Despite five years and two amendments, Relators have failed to state a claim against the JPMorgan Defendants and the Complaint should be dismissed with prejudice.

## ARGUMENT

While the court must view the pleadings in the Complaint in the light most favorable to the plaintiff, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043,

---

[1]     Defined terms used herein have the same meaning as in the JPMorgan Defendants' Memorandum of Law in Support of Its Motion to Dismiss ("Mem.").

1

1066 (11th Cir. 2007),[2] Relators' "[l]egal conclusions without adequate factual

support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148,

1153 (11th Cir. 2011).

**I.     The Complaint Fails To Plead With Particularity The Submission Of A False Claim.**

    **A.     The Complaint Fails To Plead A False Claims Act Violation With The Particularity Required By Rule 9(b).**

Rule 9(b) requires that an FCA complaint plead details of the fraudulent

claim to the government with particularity. *See* Mem. at 7-8. Relators erroneously

argue that a less stringent Rule 9(b) standard may be applied in this case. *See* Opp.

Mem. at 14-15. Relators' position fails because the relevant information about the

alleged fraud is not solely within the JPMorgan Defendants' control and Relators

are outsiders, not corporate insiders. The Eleventh Circuit has clearly held that the

more lenient Rule 9(b) standard may be applied only where "evidence of fraud was

uniquely held by the defendant." *United States ex rel. Clausen v. Lab. Corp. of

Am., Inc.*, 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (declining to apply lenient

pleading standard because relator could have obtained the information from the

government). Here, the relevant information about the alleged fraud is not solely

---

[2]     Relators state correctly that the court must accept factual allegations as true, Opp. Mem. at 8, but then futilely point to JPMorgan's failure to deny the Complaint's allegations as evidence of its culpability, Opp. Mem. at 10. A motion to dismiss appropriately tests the competence of a plaintiff's pleading, not the truthfulness of its allegations.

within the JPMorgan Defendants' control, but is also possessed by other entities,

such as the VA.  *See id.*  The Fifth Circuit addressed a similar fact pattern in

*United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304 (5th

Cir. 1999).  The relator in *Russell* did not have specific information about the

submission of claims to the government, and requested a more lenient Rule 9(b)

pleading standard, claiming that the defendant had access to the missing

information.  The Fifth Circuit rejected this argument because "documents

containing the requisite information were possessed by other entities, such as the

Healthcare Financing Administration," and affirmed the dismissal of the relator's

complaint.  *Id.* at 308-09.

Relators claim that their allegations have some "indicia of reliability," citing

*Hill v. Morehouse Medical Associates, Inc.*, No. 02-14429, 2003 WL 22019936, at

*3 (11th Cir. Aug. 15, 2003).  But unlike the relator in *Hill*, who was a former

employee of the defendant, Relators are corporate outsiders.  They did not

"witness[] firsthand the alleged fraudulent submissions," and offer no particulars

about the submissions to the VA in the Complaint.  *Id.* at *5.  As the Eleventh

Circuit held in *Clausen*, a court may not relax the Rule 9(b) pleading standard for

an outsider relator: "[N]either the Federal Rules nor the [False Claims] Act offer

any special leniency under these particular circumstances to justify Clausen failing

3

to allege with the required specificity the circumstances of the fraudulent conduct he asserts in his action." *Clausen*, 290 F.3d at 1314.

Relators' attempt to compare their claim to *United States ex rel. Walker v. R & F Properties of Lake County, Inc.*, 433 F.3d 1349 (11th Cir. 2005), Opp. Mem. at 23-24, similarly fails. The relator in *Walker* was an employee of the defendant, who offered very specific allegations about how the purported fraud was conducted, including names of witnesses and descriptions of conversations. 433 F.3d at 1360. Instead, like the plaintiff in *Clausen*, Relators have "merely described the practices the defendant could have used to defraud the government, '[b]ut, as to the plot's execution, . . . merely alleged that these practices resulted in the submission of false claims for payment to the United States.'" *Hill*, 2003 WL 22019936, at *4 (quoting *Clausen*, 290 F.3d at 1312).[3] The court should reject Relators' attempt to have a more lenient Rule 9(b) standard apply outside of the confines articulated by the courts to date.

Notwithstanding Relators' repeated protestations otherwise, *see* Opp. Mem. at 1, 8-9, 12, 14-15, Rule 9(b) is not a simple notice pleading standard. "While

---

[3]     Rule 9(b) requires specific allegations about the submission of false claims. *See Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009) (dismissing FCA allegations that failed to "identify a specific false claim"); *United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996) ("[T]he false application for a guaranteed loan by the debtor establishes only an 'inchoate' violation of the Act that does not ripen into a claim actionable under the statute until a later event of legal consequence between the lender and the government.").

Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth (1) precisely what statements . . . were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making . . . them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). Relators' reliance on Fed. R. Civ. P. Form 21, *see* Opp. Mem. at 9 & n.12, is similarly misguided. Form 21 is unrelated to Rule 9(b). It is titled "Complaint on a Claim for a Debt and to Set Aside a Fraudulent Conveyance Under Rule 18(b)." Obviously, the present case does not involve such a claim.

### B.   The Complaint Fails To Plead The Submission Of A False Claim.

Relators' Complaint fails to allege the actual submission of a false claim with particularity. It contains no allegations about when or how the JPMorgan Defendants submitted a claim to the VA, or the amounts of any such claim.

Relators argue that their imprecise allegation of foreclosures on the loans listed in Exhibit B satisfies Rule 9(b)'s requirements. *See* Opp. Mem. at 15-17. Relators' foreclosure argument relies entirely on paragraph 111 of the Complaint.[4] They argue that simply by mentioning "foreclosure," paragraph 111 properly

---

[4]      Relators' opposition brief cites Complaint paragraph 111 seventeen times.

pleads the submission of false claims to the VA by the JPMorgan Defendants.  *See, e.g.*, Opp. Mem. at 4, 8, 17.  Paragraph 111 cannot carry the burden that Relators place upon it.  It offers only vague allegations that loans went into foreclosure and the defendant lenders – as a group – submitted claims.  Relators do not even offer specific allegations about the claims submitted by each defendant lender, much less the "who, what, where, when, and how" of the false claims submissions required by Rule 9(b).  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (internal quotation marks omitted); *see also United States v. Lab. Corp. of Am., Inc.*, No. 97-2200, 2001 WL 1867721, at *1 (N.D. Ga. May 16, 2001) ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single false claim by amount.").

In the alternative, Relators argue that the notices of default ("NODs") submitted by the defendant lenders were false claims, because they "cost[] the taxpayers money."  *See* Opp. Mem. at 17-21.  The caselaw is clear, however, that a false claim is a "request or demand . . . for money or property," *Hopper*, 588 F.3d at 1327 n.3, not an interim action that may – or may not – lead the government to "monitor" the loan, or to make incentive payments to mortgage servicers, *see* Opp. Mem. at 18.  Default does not require the VA to monitor a guaranteed loan, and lenders are eligible for incentive payments only after a default is cured, not based

on the submission of an NOD.  *See* 38 C.F.R. § 36.4319.[5]  Moreover, the

Complaint includes no specific allegations that the VA monitored, or made

incentive payments, with respect to any loans made by the JPMorgan Defendants.

Relators' argument regarding NODs conflates an event that occurs prior to a

lender's submission of a claim to the VA – default – with the actual submission of

a claim asking the government for reimbursement on the guaranty.  The NOD does

not request that the VA make any payment.  None of the cases cited by Relators,

*see* Opp. Mem. at 18-20, support their interpretation of the FCA, or validate a

claim under the FCA for government funds spent "monitoring" a government

guaranty, or spent optionally to incentivize private action.  For example, in *United*

*States v. Ekelman & Assoc., Inc.*, the Sixth Circuit held that a false guaranty

application ripened into a claim only when the lender sought a guaranty payment

from the government.  532 F.2d 545, 552 (6th Cir. 1976).[6]

Relators' Complaint fails to include any allegations of specific claims for

payment made by the JPMorgan Defendants.  Like the relators in *Hopper*, the

Complaint fails to "identify any specific false claims presented to a government

---

[5]     Relators repeat the assertion from the Complaint that an NOD
"necessitate[s] expenditures" by the VA.  This is false by the terms of the
controlling regulations.  *See* Mem. at 23-24; Dempsey Decl. Exs. A-C.

[6]     Further, even if an NOD were sufficient to make an FCA claim "choate,"
Relators' Complaint fails to allege with particularity that the JPMorgan Defendants
submitted NODs with respect to the two loans on Exhibit B, or with respect to any
other VA-guaranteed loan.

healthcare program or any person or entity who submitted a claim." *Hopper*, 588 F.3d at 1323; *see* Opp. Mem. at 23 n.17.  Without this essential element, the Complaint must be dismissed.  *See id.* at 1328; *Clausen*, 290 F.3d at 1311.

Relators attempt to buttress their defective pleading by providing additional information about foreclosures on the two JPMorgan loans listed on Exhibit B, and by submitting a declaration attaching materials related to those foreclosures.  Opp. Mem. at 4-7 & 14 n.15.  Relators do not and cannot cite any authority permitting them to supplement the allegations of a deficient complaint in an opposition to a motion to dismiss.  *See Lee v. Sec. Check, LLC*, No. 09-421, 2009 WL 3790455, at *2 (M.D. Fla. Nov. 9, 2009) (refusing to consider exhibits and factual allegations submitted by the plaintiff in opposition to motion to dismiss).  A court may consider on a motion to dismiss documents "central to the plaintiff's claim" only "if the document's contents are alleged in the complaint" and the contents are undisputed.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Relators' Complaint offers information only about the *origination* of two JPMorgan loans, *see* Compl. Ex. B; it does not include any information about the foreclosure of those loans, much less the submission of claims on those loans to the VA.  Relators may not supplement the Complaint at the motion to dismiss stage with information they failed to mention in, cite to, or attach to the Complaint.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Even if the court were to consider Relators' belatedly-submitted documentation of foreclosures, these documents provide at best an inference that the JPMorgan Defendants submitted claims to the VA on the underlying loans. Cases in the Eleventh Circuit are in broad agreement that relators cannot rely on circumstantial evidence or logical inference to establish the submission of claims. *See Corsello*, 428 F.3d at 1013 (declining to "make inferences about the submission of fraudulent claims" because claim submission "must be pleaded with particularity and not inferred from the circumstances"); *Hopper*, 588 F.3d at 1326 (rejecting a complaint that "piles inference upon inference"). Courts have repeatedly declined relators' invitations to assume that claims were submitted, in the absence of first-hand evidence. *See, e.g.*, *Clausen*, 290 F.3d at 1313 n.23 (declining to assume that defendant billed the government for certain tests, without specific information about the claims, stating "[w]e must leave the burden of pleading particular facts behind the complaint's allegations to the plaintiff in this case"). Relators may be "industry insiders," Opp. Mem. at 24, but they are not corporate insiders. Relators have no knowledge of the JPMorgan Defendants' processes for claims submissions to the VA, which is made plain by the fact that the Complaint – their third attempt to state a claim – fails to allege how and when any claims were ultimately submitted, or the amounts of those claims.

9

## II.    The Complaint Should Be Dismissed With Prejudice.

Relators' claims should be dismissed with prejudice and their request for leave to amend denied.  Relators have offered no explanation of what amendments they would make, or why justice requires that they be granted leave to do so.  *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).  Relators cite to *United States ex rel. Cooper v. Blue Cross & Blue Shield of Florida*, 19 F.3d 562, 569 (11th Cir. 1994), for the proposition that a party should be granted a chance to amend its complaint.  Here, Relators have had five-and-a-half years to amend the Complaint, and have already done so twice.  Yet they still rely on vague and conclusory general allegations that courts in the Eleventh Circuit have routinely dismissed as insufficient.  Moreover, even after submitting information outside of the record (which would presumably be the basis for any amended pleading), Relators have still failed to refine their claims to provide the particularity required by Rule 9(b).  Relators' request for leave to amend the Complaint a third time should be denied as futile.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

## CONCLUSION

For the reasons stated above, the JPMorgan Defendants respectfully request that the Court dismiss with prejudice and without leave to amend the Second Amended Complaint against them.

10

Dated:   January 26, 2012
         Atlanta, Georgia

Respectfully submitted,


/s/ William V. Custer

Mary Beth Hogan
   mbhogan@debevoise.com
Courtney M. Dankworth
   cdankworth@debevoise.com
Dino L. LaVerghetta
   dllaverg@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:   (212) 909-6000
Facsimile:    (212) 909-6836

William V. Custer
   Georgia Bar No. 202910
   bill.custer@bryancave.com
Jennifer B. Dempsey
   Georgia Bar No. 217536
   jennifer.dempsey@bryancave.com
Damon J. Whitaker
   Georgia Bar No. 752722
   damon.whitaker@bryancave.com
BRYAN CAVE LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Telephone:   (404) 572-6600
Facsimile:    (404) 572-6999

*Counsel to Defendant JPMorgan Chase Bank, N.A.*

11

## <u>Local Rule 7.1(D) Certification of Compliance</u>

I hereby certify that the foregoing memorandum has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

/s/ William V. Custer
Georgia Bar No. 202910

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 26, 2012, the foregoing **Reply Memorandum of Law in Further Support of the Motion by the JPMorgan Defendants to Dismiss the Second Amended Complaint** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

This 26th day of January, 2012.

/s/ William V. Custer
Georgia Bar No. 202910

*One of the Attorneys for Defendant JPMorgan Chase Bank, National Association*