THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E BIBBY and BRIAN J. DONNELLY, <br><br> RELATORS/PLAINTIFFS, <br><br> v. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.), individually and as s/b/m with WELLS FARGO HOME MORTGAGE, INC; *et al.* <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § | CIVIL ACTION FILE NO. <br><br> 1:06-CV-0547-AT |

**FIRST TENNESSEE BANK NATIONAL ASSOCIATION'S NOTICE OF OBJECTIONS TO THE DECLARATION OF VICTOR E. BIBBY**

Defendant First Tennessee Bank National Association s/b/m to First Horizon Home Loan Corporation ("First Tennessee") respectfully submits this Notice of Objections to the January 17, 2012 Declaration of Victor E. Bibby.

## I.   INTRODUCTION

Relators' Second Amended Complaint (Docket No. 54) alleges that First Tennessee and 13 other defendants violated the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) and (a)(1)(B), by improperly bundling attorneys' fees into title examination fees on VA Interest Rate Reduction Refinance Loans ("VA IRRLs") and submitting false certifications and claims to the Veterans' Administration ("VA").  On December 19, 2011, First Tennessee filed a Motion to Dismiss the Second Amended Complaint (Docket No. 226).  On January 17, 2012, relators filed an Opposition to First Tennessee's Motion (Docket No. 252).  In support of their Opposition, relators submitted the January 17, 2012 Declaration of Victor E. Bibby ("Bibby Declaration") (Docket No. 254).

First Tennessee objects to the Bibby Declaration on the grounds that it contains statements outside the scope of Mr. Bibby's personal knowledge and contains legal conclusions and argumentative, conclusory assertions that are inappropriate content for a declaration.  For these reasons, as set forth more fully herein, First Tennessee requests that the Court sustain its objections to the Bibby

Declaration.[1]

## II. MR. BIBBY DOES NOT HAVE PERSONAL KNOWLEDGE OF THE STATEMENTS MADE IN PARAGRAPHS 8 AND 12(a)–(g)

It is well settled that, whether submitted on a motion to dismiss or otherwise, affidavits "shall be made on personal knowledge." Fed. R. Civ. P. 56(e); *see also Exceptional Marketing Group, Inc. v. Jones*, 749 F. Supp. 2d 1352, 1358 (N.D. Ga. 2010) (a declaration may "only be considered to the extent that it is based on personal knowledge"). Here, Paragraphs 8 and 12(a)–(g) of the Bibby Declaration state facts about which Mr. Bibby does not – and could not – have personal knowledge.

Mr. Bibby sets out the basis of his personal knowledge in Paragraphs 3 through 6 of his Declaration. In summary, Mr. Bibby states that he has worked in the mortgage business for 15 years, has specialized in VA IRRRLs, and is currently licensed to originate loans in 7 states. Mr. Bibby further states that his

---

[1] As set forth in First Tennessee's Reply Memorandum in Support of its Motion to Dismiss, filed contemporaneously herewith, the Bibby Declaration, along with other evidentiary material submitted by relators in opposition to First Tennessee's Motion, is a blatant attempt by relators to present evidence going to the merits of their claims. This is improper at the motion to dismiss stage and the Court should decline to consider these materials. *See Keh v. Americus and Sumter County Hosp.*, 377 Fed. Appx. 861, 866 (11th Cir. 2010) (holding that "[a]s a general rule, '[t]he scope of the review [on a motion to dismiss] must be limited to the four corners of the complaint'" and affirming lower court's refusal to consider a declaration on a motion to dismiss where its contents were disputed). Should this Court consider the Bibby Declaration in deciding First Tennessee's Motion to Dismiss, however, First Tennessee requests that such consideration be subject to a review and determination as to the instant Notice of Objections.

employer, SouthPoint Financial Services, Inc., originates loans in 13 states.  *See* Bibby Declaration at ¶¶ 3-6.  The statements set forth in Paragraphs 8 and 12(a)–(g) squarely exceed Mr. Bibby's personal knowledge.

Paragraph 8 purports to make a far reaching statement regarding the billing practices of all closing attorneys/agents in the country, regardless of the types of loans at issue.  Yet Mr. Bibby *is not himself a closing attorney/agent*.  Nor is he proffered as an expert on closing practices.  Mr. Bibby has no basis to make sworn statements about the various methods by which a closing attorney may obtain compensation in connection with closing a loan.

Paragraphs 12(a) and 12(b) fail for the same reason.  In those paragraphs, Mr. Bibby asserts that that "$640 for 'title examination' in Georgia far exceeds the usual and customary chart for title work in Georgia," "that closing attorneys in Georgia do not actually charge anything close to $640 for title work on a VA IRRRL refinance loan," and that "[t]here is nothing about a refinance of a VA loan which would necessitate such an exorbitant charge."  Not only do these statements significantly overreach, they too lack any basis in Mr. Bibby's personal knowledge.  Mr. Bibby does not perform title examinations and does not allege that he has experience working in the title industry.  While he may have experience in the mortgage loan industry generally, he does not provide any facts that would

suggest that he has personal knowledge sufficient to make industry-wide assertions of fact going to the reasonableness of title charges.

Finally, Paragraphs 12(c) through 12(g) are similarly outside the scope of Mr. Bibby's personal knowledge. Those paragraphs purport to attest to the internal practices of First Tennessee and other defendant lenders. For example, Paragraph 12(c) states unequivocally that "FTN inflated the charge for 'title examination' to include its closing agent's settlement fee" and Paragraph 12(d) states that such inflation is the "most common methodology utilized by lenders to shift closing and attorneys' fees on VA IRRRL loans from the lenders to the veterans." Mr. Bibby simply has no personal knowledge upon which to make these statements. Mr. Bibby does not indicate that he ever worked for First Tennessee or any one of the defendant lenders, and his background provides no basis upon which he can attest to their internal practices. Moreover, Mr. Bibby states in Paragraph 11 of his Declaration that he has "not been given or received any loan documents or information related to the allegations of this case from the VA." By this statement, Mr. Bibby admits that he has received no information regarding the defendant lenders' practices from the VA either. Lacking the knowledge himself and admitting that he has not even received information on these issues from other sources, Paragraphs 12(c) through 12(g) are not grounded in Mr. Bibby's personal knowledge.

Declarations must be based on the declarant's personal knowledge. *See* Fed. R. Civ. P. 56(e); *see also Exceptional Marketing Group, Inc*, 749 F. Supp. 2d at 1358. Here, Paragraphs 8 and 12(a)–(g) of the Bibby Declaration fail to satisfy this requirement and should be disregarded.[2]

### III. PARAGRAPHS 9, 12, 13, AND 14 CONTAIN IMPROPER AND ARGUMENTATIVE LEGAL CONCLUSIONS

Legal conclusions and conclusory statements are improper content for a declaration or affidavit. *See Homes v. City of Atlanta, Georgia*, 2010 WL 1328713, at *3 (N.D. Ga. Jan. 27, 2010) (disregarding material in affidavit that "merely sets forth conclusory statements or legal conclusions"); *Jackson v. Blue Cross and Blue Shield of Georgia, Inc.*, 2010 WL 3062437, at *2 (M.D. Ga. Aug. 2, 2010) (disregarding all portions of plaintiff's declaration that contained "conclusory allegations, speculation, unsupported opinions, and legal conclusions") (*citing Cornelius v. Home Comings Fin. Network, Inc.*, 293 F. App'x 723, 728 (11th Cir.2008) (per curiam) ("To have any probative value, affidavits must be supported by specific facts, not conclusory allegations")). Paragraphs 9, 12, 13, and 14 of the Bibby Declaration contain precisely the kind of argumentative legal conclusions that are squarely prohibited.

---

[2]   Paragraphs 12 and 12(g) of the Bibby Declaration should also be disregarded to the extent that they purport to interpret the attached HUD-1 Settlement Statement. Mr. Bibby's attempt to put a spin on the HUD-1 reflects the theme of the Bibby Declaration – that is to argue the merits of relators' claims rather than submit statements of fact based on Mr. Bibby's personal knowledge.

Specifically, Paragraphs 9, 12(e), and 12(f) contain unadorned legal conclusions. Paragraph 9 notes that Mr. Bibby "became aware of the illegal bundling of fees by lenders." Paragraph 12(e) purports to set out the legal content requirements for a HUD-1 Settlement Statement. Paragraph 12(f) then goes on to "conclude" that the particular HUD statement attached to the Declaration is in violation of those regulations and that "concealment" has occurred.

Paragraphs 13 and 14, inclusive of all subparagraphs, similarly provide nothing but conclusory legal statements. Specifically, those paragraphs purport to outline the "requirements" imposed upon defendant lenders by the VA, such as submission and certification requirements. The paragraphs go even further by suggesting the legal ramifications of failing to fulfill those requirements. These statements, however, are nothing but a patchwork of quotations from VA documentation attached to the Declaration, presented as legal certainties.[3]

Legal conclusions and argumentative conclusory statements such as those contained in Paragraphs 9, 12(e), 12(f), 13, and 14 are improper content for a declaration and should not be considered.

---

[3] These paragraphs are also objectionable for lack of personal knowledge. As set out above, Mr. Bibby does not work – and has never worked – for First Tennessee or any lender. Nor has he worked for the VA. Therefore, Mr. Bibby's statements regarding VA imposed lender requirements lack basis.

## IV. CONCLUSION

Based on the foregoing, First Tennessee Bank National Association respectfully requests that this Court sustain its objections to the January 17, 2012 Declaration of Victor E. Bibby and grant such other relief as it deems just and proper.

Respectfully submitted,

FIRST TENNESSEE BANK NATIONAL ASSOCIATION S/B/M TO FIRST HORIZON HOME LOAN CORPORATION

*/s/ Irene C. Freidel*
Christopher S. Anulewicz (GA Bar No. 020914)
Geremy Gregory (GA Bar No. 885342)
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., NW, Suite 700
Atlanta, GA 30308
Telephone: (404) 962-3562
Facsimile:  (866) 320-6758
canulewicz@balch.com
ggregory@balch.com

Irene C. Freidel (*pro hac vice*)
Jennifer J. Nagle (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
irene.freidel@klgates.com
jennifer.nagle@klgates.com

Dated:  January 31, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2012, I electronically filed First Tennessee Bank National Association's Notice of Objections to the Declaration of Victor E. Bibby with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| *Attorneys for the United States of America* | |
| Amy L. Berne<br>Daniel A. Caldwell, III | Amy.Berne@usdoj.gov<br>Dan.Caldwell@usdoj.gov |
| *Attorneys for Relators* | |
| James Edward Butler , Jr.<br>Brandon L. Peak<br>Leigh M. May<br>Samantha DiPolito<br>Marlan Bradley Wilbanks<br>Tyrone M. Bridges<br>Mary Louise Cohen<br>Timothy P. McCormack | jim@butlerwooten.com<br>brandon@butlerwooten.com<br>Leigh@butlerwooten.com<br>samantha@butlerwooten.com<br>mbw@wilbanks-bridgeslaw.com<br>tmb@wilbanks-bridgeslaw.com<br>mlc@phillipsandcohen.com<br>tmccormack@phillipsandcohen.com |
| *Attorneys for Mortgage Investors Corporation (Ohio)* | |
| David M. Souders<br>Michael Y. Kieval<br>Mitchel H. Kider<br>Scott D. Burke<br>Matthew Robert Rosenkoff | souders@wbsk.com<br>kieval@wbsk.com<br>kider@wbsk.com<br>burke@wbsk.com<br>mrosenkoff@taylorenglish.com |
| *Attorneys for Bank of America Corporation* | |
| Asher L. Rivner<br>Jonathan Rosenberg<br>William J. Sushon<br>Nancy H. Baughan<br>Robert M. Brennan<br>Scott Eric Zweigel | arivner@omm.com<br>jrosenberg@omm.com<br>wsushon@omm.com<br>nbaughan@phrd.com<br>bbrennan@phrd.com<br>szweigel@phrd.com |

| | |
|---|---|
| *Attorneys for New Freedom Mortgage Corporation* | |
| Aaron Paul Michael Tady<br>Thomas M. Barton | atady@colesbarton.com<br>tbarton@colesbarton.com |
| *Attorneys for Wells Fargo Bank, National Association (Inc.)* | |
| Robert J. Sherry<br>Amy P. Williams<br>David Lewis Balser | robert.sherry@klgates.com<br>amy.williams@klgates.com<br>dbalser@mckennalong.com |
| *Attorney for PNC Bank, National Association* | |
| Martin Robert Thornton<br>Christopher C. Burris<br>Catherine M. O'Neil<br>Jonathan R. Chally | bthornton@kslaw.com<br>cburris@kslaw.com<br>coneil@kslaw.com<br>jchally@kslaw.com |
| *Attorneys for First Tennessee Bank National Association (Inc.)* | |
| Irene C. Freidel<br>Jennifer J. Nagle<br>Christopher Scott Anulewicz<br>Geremy Gregory | irene.freidel@klgates.com<br>jennifer.nagle@klgates.com<br>canulewicz@balch.com<br>ggregory@balch.com |
| *Attorneys for SunTrust Mortgage, Inc.* | |
| Michael L. Brown<br>Van A. Anderson<br>William H. Jordan | mike.brown@alston.com<br>van.anderson@alston.com<br>bjordan@alston.com |
| *Attorney for GMAC Mortgage Corporation* | |
| Harold Wayne Phears | wphears@mcguirewoods.com |
| *Attorneys for CitiMortgage, Inc.* | |
| Christopher J. Willis<br>Burt M. Rublin<br>Diana L. Spagnuolo | willisc@ballardspahr.com<br>rublin@ballardspahr.com<br>spagnuolod@ballardspahr.com |

| *Attorney for JP Morgan Chase Bank* | |
|---|---|
| William V. Custer, IV<br>Courtney M. Dankworth<br>Mary Beth Hogan | bill.custer@bryancave.com<br>cmdankwo@debevoise.com<br>mbhogan@debevoise.com |
| *Attorneys for Countrywide Home Loans, Inc. and Bank of America, N.A.* | |
| Douglas A. Axel<br>Mark P. Guerrara<br>Mark D. Hopson<br>Meghan D. Berroya<br>Robert J. Conlan, Jr.<br>Sean C. Griffin<br>Richard K. Hines, V | daxel@sidley.com<br>mguerrara@sidley.com<br>mhopson@sidley.com<br>mberroya@sidley.com<br>rconlan@sidley.com<br>sgriffin@sidley.com<br>richard.hines@nelsonmullins.com |

I further hereby certify that I have mailed the foregoing document to the following non-CM/ECF participants by United States Postal Service, postage-prepaid:

| *Attorneys for JP Morgan Chase Bank* | |
|---|---|
| Andrew J. Ceresney<br>Debevoise & Plimpton, LLP<br>919 Third Avenue<br>New York, NY 10022 | Shannon Rose Selden<br>Debevoise & Plimpton, LLP<br>919 Third Avenue<br>New York, NY 10022 |

 

       */s/ Jennifer J. Nagle*
       Jennifer J. Nagle (*pro hac vice*)
       K&L GATES LLP
       State Street Financial Center
       One Lincoln Street
       Boston, MA 02111
       Telephone:  (617) 261-3100
       Facsimile:  (617) 261-3175
       jennifer.nagle@klgates.com