**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | * | |
| VICTOR E. BIBBY and BRIAN J. | * | **CIVIL ACTION FILE NO.** |
| DONNELLY, | * | |
| | * | **1:06-CV-0547-AT** |
| RELATORS/PLAINTIFFS, | * | |
| | * | |
| vs. | * | |
| | **\*** | |
| WELLS FARGO BANK, NATIONAL | * | |
| ASSOCIATION (INC.), individually and | * | |
| as s/b/m with WELLS FARGO | * | |
| HOME MORTGAGE, INC., et al. | * | |
| | * | |
| DEFENDANTS. | * | |

**RELATORS' RESPONSE TO FIRST TENNESSEE BANK
NATIONAL ASSOCIATION'S "NOTICE OF OBJECTIONS
<u>TO THE DECLARATION OF VICTOR E. BIBBY"</u>**

First Tennessee Bank ("FTN") continues defendants' habit of

mischaracterizing what this case is about to set up arguments that are baseless.[1]

---

[1] FTN's "Notice of Objections" *starts* with a wholesale mischaracterization of this case. It wrote that Relators claim FTN and the other defendants "violated the False Claims Act . . . by improperly bundling attorneys' fees into title examination fees [on VA IRRRLs] and submitting false certifications and claims to the [VA]." (FTN's Notice 1.) As Relators have shown, over and over again, in responding to motions filed by defendants, there's much more to this case than that, as the Second Amended Complaint ("SAC") demonstrates. That particular methodology

FTN continues that approach by also mischaracterizing the content of the very document to which it objects – the Bibby Declaration.

FTN's "Notice of Objections" appears to present nothing for this Court to decide. FTN has not moved to "strike" the Bibby Declaration. Notably FTN nowhere disputes the accuracy of the statements in the Bibby Declaration. FTN's "objections" lack merit. Just because the statements made in the Bibby Declaration are contrary to FTN's spin and harmful to FTN does not make them argumentative or outside the scope of Mr. Bibby's personal knowledge. IF the Court must do anything – which is dubious – Defendant FTN's objections (ECF No. 266) to the Bibby Declaration (ECF No. 254-1) should be overruled.[2]

---

was just the most common one used by defendants to cheat veterans and taxpayers – not the only methodology. It is certainly ironic that FTN objects to the Court's consideration of anything other than what is in "the four corners of the Complaint" (FTN's Notice n.1), when FTN wholly ignored what was in the SAC.

[2] FTN also argues, in a footnote, that Relators have impermissibly presented evidence in support of their response to the motion to dismiss. (FTN's Notice n.1.) Notably FTN neither objects to nor even notes the fact that six of the eight defendants filed similar things – four filed declarations or affidavits, and all six filed exhibits, many of which were unrelated to anything alleged in the SAC. As FTN's fellow defendants have argued, correctly at times, there are documents which the Court can consider without converting FTN's motion into a motion for summary judgment. *See Davis v. Williams Commo'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003). That opportunity is not unlimited however. (*See, e.g.,* ECF No. 218, Relators' Resp. in Opp'n to Mot. for Judicial Notice.)

## I.    MR. BIBBY'S DECLARATION IS BASED ON HIS PERSONAL KNOWLEDGE.

FTN first argues that paragraphs 8 and 12 of the Bibby Declaration "state facts about which Mr. Bibby does not – and could not – have personal knowledge." (FTN's Notice 2.)  FTN ignores what is in the SAC – which paragraph 12 cites repeatedly – and ignores or mischaracterizes what is in the Bibby Declaration.  Mr. Bibby's company "was in the business of originating VA IRRRL loans as a mortgage broker for ten years" (Bibby Decl. ¶ 5); he has "specialized in VA IRRRL loans" "for fifteen years" and "been involved in several thousand VA IRRRL refinance transactions" (*Id.* at ¶ 6); his company "originated over 4,000 VA IRRRL loans" (*Id.* at ¶ 6), *including* the FTN loan referenced on Exhibit B to the SAC (the "Breeden loan," Bibby Decl. ¶ 9) which is the subject of paragraph 12.[3] Clearly Mr. Bibby has the background of personal experience and knowledge to

---

[3] FTN also ignores the Record in this case, which includes the evidence filed in response to the motion for summary judgment filed by FTN's fellow defendant Mortgage Investors Corporation ("MIC").  (*See* ECF No. 180, Aff. of Brian J. Donnelly; ECF No. 181, Aff. of Peter Todd; ECF No. 182, Aff. of Sarah Spear; ECF No. 183, Aff. of Brian J. Donnelly re Bankruptcy; ECF No. 186, Aff. of Victor E. Bibby.)  FTN may wish to ignore the fact MIC filed that motion for summary judgment *and* the Record created in response, but it seems doubtful that the Court can do so.  That evidence is, perhaps unfortunately for FTN and the other defendants, part of the Record of this case.

attest to the subject matter of paragraphs 8 and 12.[4]

The law is clear.  "[W]hen an affiant avers that his statements are based on personal knowledge, a district court is bound to accept [such] statements as true, unless the context demonstrate[s] otherwise." *Exceptional Mktg. Group, Inc. v. Jones*, 749 F. Supp. 2d 1352, 1358 (N.D. Ga. 2010) (quoting *HomeBingo Network v. Chayevsky,* 428 F. Supp. 2d 1232, 1238 (S.D. Ala. 2006)) (internal quotations omitted).  Mr. Bibby has declared under penalty of perjury that his statements are true and accurate to the best of his knowledge.  (Bibby Decl. 8.)  The context of those statements does not demonstrate otherwise.

The first paragraph to which FTN "objects" based on its "lack of personal knowledge" argument is paragraph 8.  That paragraph states facts Mr. Bibby obviously knows – which facts seem unremarkable and obvious truths no one could deny.  Notably, FTN does not deny one word of that paragraph.

---

[4] In the fashion customary for these defendants, FTN mischaracterizes the issue to set up its argument.  FTN protests that "Mr. Bibby is not himself a closing attorney/agent," as though that was necessary to gain the requisite personal knowledge; and that "Mr. Bibby does not perform title examinations and does not allege that he has experience working in the title industry," ignoring Mr. Bibby's prodigious experience with those subjects, as demonstrated by his Declaration. (FTN's Notice 3.)  There is no need for Mr. Bibby to be a closing agent or to perform title examinations for him to understand closing practices in which he was intimately involved.  Mr. Bibby's experience as a mortgage broker covered several thousand VA IRRRL transactions during his career with at least 26 different lenders in 7 different states.  (Bibby Decl. ¶¶ 3, 6.)

FTN also objects to paragraph 12 as "outside the scope of Mr. Bibby's personal knowledge." That paragraph discusses the "Breeden loan" – which Mr. Bibby *himself originated* – and the HUD-1 Settlement Statement for that loan closing, which Mr. Bibby's company possessed. (Bibby Decl. ¶¶ 9, 10.) As defendants have repeatedly insisted, this Court can consider documents central to the Relators' case. *See Roberts v. Fulton County Ry., LLC*, 1:07CV2416 TWT, 2008 WL 542680, at *3 (N.D. Ga. Feb. 22, 2008) (citing *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 376 (3d ed. 2004)). The HUD-1 for the "Breeden loan" is not only such a document, that loan is specifically referenced on Exhibit B to the SAC. It is difficult to imagine a clearer explanation of one's personal knowledge. *Exceptional Mktg. Group, Inc.,* 749 F. Supp. 2d at 1358; *see Atlanta Attachment Co. v. Leggett & Platt, Inc.*, No. 1:05-CV-1071-ODE, 2007 WL 5011980, at *4 (N.D. Ga. Feb. 23, 2007) (allowing testimony based on CEO's experience and perceptions as officer of plaintiff company).

Subparagraphs a, b, c, d, and e of paragraph 12 all reference the SAC – the same document to which FTN insists the Court must turn to decide FTN's motion to dismiss (FTN's Notice n.1); subparagraphs e, f, and g reference the HUD-1 for the "Breeden loan"; subparagraph e references regulations and program rules

discussed in the SAC.  There is, quite simply, nothing remotely objectionable

about paragraph 12. [5]

FTN also *claims* paragraph 12 "purport[s] to attest to the internal practices

of First Tennessee and other lenders."  (FTN's Notice 4.)  That makes no sense,

and is not correct.  There's not one word therein about such so-called "internal

practices."  The paragraph discusses what's shown on the HUD-1 for the "Breeden

loan," Mr. Bibby's experience regarding closing charges in Georgia, what the SAC

itself alleges, and what the regulations and program rules require.  All that is well-

known to Mr. Bibby.[6]  The Declaration does not "purport" to address any FTN

"internal practices," although Mr. Bibby clearly has some familiarity with those –

he originated the loan referenced in Exhibit B to the SAC.

---

[5] FTN also argues Relator Bibby lacks personal knowledge of the statements in his
Declaration because he has, FTN quotes from the Declaration, "not been given or
received any loan documents or information related to the allegations of this case
from the VA."  (FTN's Notice 4.)  FTN takes this portion of paragraph 11 out of
context.  Certainly, through his work with VA IRRRLs, Relator Bibby has come in
contact with documents regarding the VA.  But, as he declares, he has not received
VA subpoenaed documents related to the allegations of this case.

[6] Contrary to FTN's argument that the Bibby Declaration consists of "spin" about
what the HUD-1 shows, paragraph 12 merely states what is shown on the face of
the document – which any reader can glean therefrom.

## II.   MR. BIBBY'S DECLARATION DOES NOT EXCEED PERMISSIBLE BOUNDS.

FTN argues paragraphs 9, 12, 13, and 14 of the Bibby Declaration are objectionable because these paragraphs contain "argumentative legal conclusions" "conclusory statements," and "unadorned legal conclusions" which are "squarely prohibited."  (FTN's Notice 5-6.)  Statements in a declaration are not objectionable merely because they contradict FTN's own attempt to spin its misconduct and the rules and regulations of the VA IRRRL program.

Paragraph 9 is objectionable, FTN writes, because it "notes that Mr. Bibby 'became aware of the illegal bundling of fees by lenders.'"  (FTN's Notice 6.)  FTN needs to slow down and read more carefully, or quit making outright misrepresentations.  All paragraph 9 states in that regard is the "Breeden loan" was closed "prior to the time I became aware of the illegal bundling of fees by lenders." (Bibby Decl. ¶ 9.)

Paragraph 12(e) is objectionable, FTN writes, because it "purports to set out the legal content requirements for a HUD-1 Settlement Statement."  (FTN's Notice 6.)  The statements in that subparagraph are drawn from the SAC, and are also irrefutable.

Paragraph 12(f) is objectionable, FTN writes, because it "'concludes' that the particular HUD statement . . . is in violation of those regulations and that

'concealment' has occurred." (*Id.*)  The subparagraph does not allege any

"violation of those regulations" by the "HUD statement" – the violation was

obviously by FTN itself, as the SAC alleges, not by some inert "HUD statement."

The subparagraph does not itself even discuss any "violation."  Instead, it merely

states what is evident on the face of the HUD – that it "conceals the fact the

settlement fee was paid by the veteran rather than by the lender."  (Bibby Dec. ¶

12(f).)

Paragraphs 13 and 14 are objectionable, FTN writes, because they "provide

nothing but conclusory legal statements" and "[suggest] the legal ramifications of

failing to fulfill those requirements."  (FTN's Notice 6.)  Those paragraphs discuss

VA Forms and a VA "Circular" which several defendants have submitted to the

Court in support of their motions to dismiss.  Those paragraphs recite what the

documents themselves state – and are irrefutable.  Notably FTN does not presume

to dispute any statement in those paragraphs – for the obvious reason that it cannot

do so.

Personal knowledge and perceptions established by one's own experience

are not argumentative legal conclusions. *See Atlanta Attachment Co.*, 2007 WL

5011980, at *4 (allowing testimony based on CEO's experience and perceptions as

officer of plaintiff company).  Mr. Bibby's Declaration merely provides his own

experience and perceptions about the VA IRRRL program developed during his many years as a mortgage broker.  (Bibby Decl. ¶¶ 3-6, 12-14.)  The Declaration also contains citations to the bases of these statements.  (*See id.* ¶¶ 13, 14.)  The Bibby Declaration does not exceed permissible bounds and FTN's objections should be overruled.

## III.   CONCLUSION

In sum, the Bibby Declaration contains facts showing Mr. Bibby's personal knowledge of the matters stated therein.  Accordingly, Relators respectfully request that the Court overrule FTN's objections to the Bibby Declaration.

[SIGNATURES CONTINUED ON NEXT PAGE]

Respectfully submitted this 13th day of February, 2012.

BUTLER, WOOTEN &
FRYHOFER, LLP


BY: s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  leigh@butlerwooten.com
  Georgia Bar No. 473389
BRANDON L. PEAK
  brandon@butlerwooten.com
  Georgia Bar No. 141605
SAMANTHA A. DiPOLITO
  samantha@butlerwooten.com
  Georgia Bar No. 203011
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax

WILBANKS & BRIDGES, LLP


BY: s/ Marlan B. Wilbanks
MARLAN B. WILBANKS
  mbw@wilbanks-bridgeslaw.com
  Georgia Bar No. 758223
TY M. BRIDGES
  tmb@wilbanks-bridgeslaw.com
  Georgia Bar No. 081500
3414 Peachtree Street, N.E., Ste. 1075
Atlanta, Georgia 30326
(404) 842-1075
(404) 842-0559 Fax


PHILLIPS & COHEN


BY: s/ Mary Louise Cohen
MARY LOUISE COHEN
  mlc@phillipsandcohen.com
  DC Bar No. 298299
TIMOTHY McCORMACK
  tmccormack@phillipsandcohen.com
  DC Bar No. 493692
2000 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 833-4567
(202) 833-1815 Fax

Attorneys for Relators/Plaintiffs

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on February 13, 2012, I electronically filed RELATORS' RESPONSE TO FIRST TENNESSEE BANK NATIONAL ASSOCIATION'S "NOTICE OF OBJECTIONS TO THE DECLARATION OF VICTOR E. BIBBY" with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
  & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
*-and-*
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
*-and-*
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
*-and-*
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
*-and-*
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Mortgage Investors:*
Matthew R. Rosenkoff
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, GA 30339
*-and-*
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
Scott D. Burke
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036

*Wells Fargo:*
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
*-and-*
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

*United States of America:*
Daniel A. Caldwell
Assistant U.S. Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA  30303

*JPMorgan:*
William V. Custer
Jennifer B. Dempsey
Damon J. Whitaker
Bryan Cave LLP
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309

*-and-*
Shannon Rose Selden
Andrew J. Ceresney
Mary Beth Hogan
Courtney M. Dankworth
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022

I certify that I have mailed by United States Postal Service the document to the following:

*United States of America:*
Alan S. Gale
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC  20044

*Irwin Mortgage:*
Robert B. Berner
Bailey Cavalieri LLC
Kettering Tower
40 North Main Street, Suite 1250
Dayton, OH 45423
(*Courtesy Copy Only*)

This 13th day of February, 2012.

BY: s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  Georgia Bar No. 473389
BRANDON L. PEAK
  Georgia Bar No. 141605
SAMANTHA A. DiPOLITO
  Georgia Bar No. 203011
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax