# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| U.S. *ex rel.* BIBBY, *et al.*, | |
| Relators, | **CIVIL ACTION NO.** |
| v. | **1:06-CV-0547-ODE** |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | |

## – AMENDED –

## JOINT MOTION TO DISMISS FILED BY DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BANK OF AMERICA, N.A.

Pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(1) and 12(b)(6), Defendants Countrywide Home Loans, Inc. ("CHL") and Bank of America, N.A. ("BANA"), by and through their undersigned counsel, respectfully move this Court for an Order dismissing with prejudice the Second Amended Complaint ("SAC"), Docket Entry ("DE") 54, filed by Victor E. Bibby and Brian J. Donnelly (together, "Relators"). The grounds supporting this Joint Motion are set forth in an accompanying Memorandum. In brief, CHL and BANA state as follows in support of this Joint Motion:

1.     Relators commenced this action on March 8, 2006, (DE 1), and it remained under seal until October 3, 2011, (DE 61).  While the case remained sealed, Relators twice restated their case through amended pleadings, once on September 15, 2009, (DE 31), and again on July 18, 2011, (DE 54).

2.     The original and first amended complaints named CHL as a defendant, as well as another entity styled "Countrywide Home Loans Servicing, L.P." (DE 1, ¶ 18; DE 31, ¶ 8.)  The most recent complaint also names CHL, but identifies the other defendant as "Countrywide Home Loans Servicing, LP n/k/a BAC Home Loans Servicing, LP." (DE 54, ¶ 10.)  Because the entity known as BAC Home Loans Servicing, LP was merged into BANA by *de jure* merger effective July 1, 2011, BANA was substituted as defendant.  (DE 78 at 2.)

3.     Relators served the SAC on or about October 6, 2011.  (DE 65; DE 66.)  On October 25, 2011, this Court granted CHL and BANA until December 2, 2011 to respond to the SAC.  (DE 83, ¶ 1.)

4.     By this Joint Motion, CHL and BANA timely seek dismissal with prejudice of all claims pending against them.  Relators' claims are notably generic.  Relators assert that an undifferentiated group of "lenders" allowed untold thousands of unrelated and unidentified settlement/closing attorneys to charge unallowable fees (primarily attorney fees) in connection with a class of residential refinancing mortgages known as Interest Rate Reduction Refinancing Loans

("IRRRLs") guaranteed by the United States Department of Veterans Affairs ("VA"). Relators theorize that the unallowable fees charged at closing render any subsequent claim on the VA guaranty "false" within the meaning of the federal False Claims Act, ("FCA"), 31 U.S.C. §§ 3729-3733. This theory fails to state a claim for several reasons.

5. As an initial matter, this Court lacks jurisdiction to entertain any claims brought by Relator Donnelly. Because he failed to disclose any such claims during his Chapter 7 bankruptcy proceeding, Relator Donnelly lacks standing to participate and/or must be estopped from participating in this action. *See generally U.S. ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909 (8th Cir. 2001). Relator Donnelly should therefore be dismissed from this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6).

6. Relators' claims against BANA should be dismissed for failure to comply with the basic notice pleading standard established by Federal Rule of Civil Procedure 8(a)(2). BANA is not mentioned in any of the Relators' three complaints, and its predecessors are mentioned only in the "Parties" section of each. (DE 1, ¶ 18; DE 31, ¶ 8; DE 54, ¶ 10.) At no point have Relators attributed any specific conduct to BANA's predecessors or otherwise explained what role they believe BANA's predecessors played in the origination of IRRRLs or the

submission of claims to VA. Absent such basic allegations, BANA lacks notice of the nature of the claims against it or its predecessor.

7. Relator's claims against CHL should be dismissed for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). First, although Relators have alleged that CHL funded an IRRRL in November 2003, they provide none of the particularized *claim* allegations required under the FCA. *See generally U.S. ex rel. Atkins v. McInteer,* 470 F.3d 1350 (11th Cir. 2006); *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301 (11th Cir. 2002). Second, Relators impermissibly rely on group pleading by leveling essentially all of their allegations against an undifferentiated group of lenders. *See generally Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309 (11th Cir. 2007); *Brooks v. BCBS of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997).[1]

8. Relators' claims against both CHL and BANA also should be dismissed for failure to state a viable cause of action under the FCA. First, Relators cannot and have not alleged any actionably false claims and thus cannot proceed under the FCA's "presentment" clause. Their theory of falsity – that an unallowable fee renders "void" VA's guaranty – is belied by express VA guidance.

---

[1] In the unlikely event that Relators' allegations against BANA are found to satisfy the requirements of Rule 8(a), they come nowhere close to meeting Rule 9(b). Each of the SAC's Rule 9(b) failings with respect to CHL apply equally to BANA but are exacerbated by Relators' failure to identify even a single loan involving BANA or its predecessor.

VA's longstanding and continuing policy to issue and honor its guarantees even when VA was aware an unallowable fee had been charged precludes any finding that the (as of yet unalleged) claims at issue here were false. *See generally U.S. v. Southland Mgmt. Corp.*, 326 F.3d 669 (5th Cir. 2003) (*en banc*). Second, Relators cannot and have not alleged a certification by lenders regarding the fees charged by closing agents, let alone a false one. Their putative cause of action under the FCA's "use" clause thus fails as a matter of law. *See generally U.S. v. Ekelman & Associates, Inc.*, 532 F.2d 545 (6th Cir. 1976). Third, even if Relators could point to actionably false claims or certifications by CHL or BANA, they would remain unable to establish materiality. VA's guidance makes clear that VA would not consider an unallowable fee to be cause to void payment on its guaranty. For this reason, too, the SAC should be dismissed. *See generally U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601 (7th Cir. 2005).

9. Finally, the SAC should be dismissed with prejudice. *See generally Corsello v. Lincare Inc.*, 428 F.3d 1008 (11th Cir. 2005).

WHEREFORE, Defendants Countrywide Home Loans, Inc. and Bank of America, N.A. respectfully request that this Court dismiss the SAC with prejudice. A Proposed Order is attached.

Respectfully submitted this 6th day of June, 2012.

|  |  |
|---|---|
| Mark D. Hopson (PHV)<br>Robert. J. Conlan, Jr. (PHV)<br>Mark P. Guerrera (PHV)<br>Sean C. Griffin (PHV)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000<br>(202) 736-8711 (fax)<br>mhopson@sidley.com<br>rconlan@sidley.com<br>mguerrera@sidley.com<br>sgriffin@sidley.com<br><br>Douglas A. Axel (PHV)<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013<br>(213) 896-6000<br>(213) 896-6600 (fax)<br>daxel@sidley.com<br><br>*Attorneys for Countrywide Home Loans, Inc. and Bank of America, N.A.* | By: /s/Richard K. Hines, V<br>Ga. Bar No. 356300<br>Attorney for Countrywide Home Loans, Inc. and Bank of America, N.A.<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>201 17th Street NW, Suite 1700<br>Atlanta GA 30363<br>(404) 322-6154<br>(404) 322-6050 (fax)<br>richard.hines@nelsonmullins.com |

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing **AMENDED JOINT MOTION TO DISMISS** complies with the applicable font and size requirements and is formatted in Times New Roman, 14 pt font.

By: /s/Richard K. Hines, V
Ga. Bar No. 356300
Attorney for Countrywide Home Loans, Inc.
and Bank of America, N.A.
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta GA 30363
(404) 322-6154
(404) 322-6050 (fax)
richard.hines@nelsonmullins.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2012, I electronically filed the foregoing **AMENDED JOINT MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| *Attorneys for the United States of America* | |
|---|---|
| Amy L. Berne | Amy.Berne@usdoj.gov |
| Daniel A. Caldwell, III | Dan.Caldwell@usdoj.gov |
| *Attorneys for Relators Bibby and Donnelly* | |
| James Edward Butler , Jr. | jim@butlerwooten.com |
| Brandon L. Peak | brandon@butlerwooten.com |
| Leigh M. May | leigh@butlerwooten.com |
| Samantha DiPolito | samantha@butlerwooten.com |
| Marlan Bradley Wilbanks | mbw@wilbanks-bridgeslaw.com |
| Tyrone M. Bridges | tmb@wilbanks-bridgeslaw.com |
| Mary Louise Cohen | mlc@phillipsandcohen.com |
| Timothy P. McCormack | tmccormack@phillipsandcohen.com |
| *Attorney for Washington Mutual Home Loans and JPMorgan Chase Bank, N.A.* | |
| William Vance Custer, IV | bill.custer@bryancave.com |

| | |
|---|---|
| *Attorneys for Mortgage Investors Corporation (Ohio)* | |
| David M. Souders | souders@wbsk.com |
| Michael Y. Kieval | kieval@wbsk.com |
| Mitchel H. Kider | kider@wbsk.com |
| Scott D. Burke | burke@wbsk.com |
| Matthew Robert Rosenkoff | mrosenkoff@taylorenglish.com |
| *Attorneys for CitiMortgage Inc.* | |
| Burt M. Rublin | rublin@ballardspahr.com |
| Diana L. Spagnuolo | spagnuolod@ballardspahr.com |
| Christopher J. Willis | willisc@ballardspahr.com |
| *Attorneys for Bank of America Corporation* | |
| Asher L. Rivner | arivner@omm.com |
| Jonathan Rosenberg | jrosenberg@omm.com |
| William J. Sushon | wsushon@omm.com |
| Nancy H. Baughan | nbaughan@phrd.com |
| Robert M. Brennan | bbrennan@phrd.com |
| Scott Eric Zweigel | szweigel@phrd.com |
| *Attorneys for New Freedom Mortgage Corporation* | |
| Aaron Paul Michael Tady | atady@colesbarton.com |
| Thomas M. Barton | tbarton@colesbarton.com |
| *Attorneys for Wells Fargo Bank, National Association (Inc.)* | |
| Amy Pritchard Williams | amy.williams@klgates.com |
| Robert J. Sherry | robert.sherry@klgates.com |
| Charles T. Huddleston | chuddleston@bakerdonelson.com |
| Linda Ann Klein | lklein@bakerdonelson.com |

| | |
|---|---|
| *Attorneys JPMorgan Chase Bank, N.A.* | |
| Courtney M. Dankworth  <br>Mary Beth Hogan | cmdankwo@debevoise.com  <br>mbhogan@debevoise.com |
| *Attorney for PNC Bank, N.A.* | |
| Catherine M. O'Neil  <br>Christopher Cullom Burris  <br>Jonathan R. Chally  <br>Martin Robert Thornton | coneil@kslaw.com  <br>cburris@kslaw.com  <br>jchally@kslaw.com  <br>bthornton@kslaw.com |
| *Attorneys for First Tennessee Bank National Association (Inc.)* | |
| Irene C. Freidel  <br>Jennifer J. Nagle  <br>Christopher Scott Anulewicz  <br>Geremy Walden Gregory | irene.freidel@klgates.com  <br>jennifer.nagle@klgates.com  <br>canulewicz@balch.com  <br>ggregory@balch.com |
| *Attorneys for SunTrust Mortgage, Inc.* | |
| Michael L. Brown  <br>Van A. Anderson  <br>William H. Jordan | mike.brown@alston.com  <br>van.anderson@alston.com  <br>bjordan@alston.com |
| *Attorney for GMAC Mortgage Corporation* | |
| Harold Wayne Phears | wphears@mcguirewoods.com |

I hereby certify that on this 6th day of June, 2012, I caused to be mailed by express delivery the foregoing **AMENDED JOINT MOTION TO DISMISS** to the following non-CM/ECF participants:

Andrew J. Ceresney
Shannon Rose Selden
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 10022
*Attorneys for JPMorgan
Chase Bank, N.A.*

        By: /s/Richard K. Hines, V
        Ga. Bar No. 356300
        Attorney for Countrywide Home Loans, Inc.
        and Bank of America, N.A.
        NELSON MULLINS RILEY & SCARBOROUGH LLP
        201 17th Street NW, Suite 1700
        Atlanta GA  30363
        (404) 322-6154
        (404) 322-6050 (fax)
        richard.hines@nelsonmullins.com