# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E. BIBBY and BRIAN J. DONNELLY, | * * * * | **CIVIL ACTION FILE NO.** **1:06-CV-0547-AT** |
| RELATORS/PLAINTIFFS, | * * | |
| vs. | * * | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.), individually and as s/b/m with WELLS FARGO HOME MORTGAGE, INC., et al. | * * * * * | |
| DEFENDANTS. | * | |

### RELATORS' RESPONSE TO DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S "REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED BRIEFING"

Relators beg the Court's indulgence, but a brief response is necessary. Defendant Countrywide Home Loans, Inc. ("CHL") seeks to *change* its motion to dismiss and briefs in support thereof—*after* that motion to dismiss has been fully briefed and submitted to the Court. (Submission of ECF No. 166 Joint Mtn. to Disms., Jan. 24, 2012.) Relators respond to statements made by CHL in its "Reply" about those changes.

As many litigants too often do, CHL conflates the party defendant with *counsel for* the party defendant. It matters not, to Relators or presumably to the Court with respect to decision of the motion to dismiss, what defense counsel knew or received from their client CHL. Defense counsel are not parties. What matters is what CHL knew, and whether that conflicts with what CHL represented to this Court on December 2, 2011—because that could affect the Court's decision of the motion to dismiss.

Here's *what CHL clearly knew* about page 2 of the 12-page November 18, 2003 fax (the "Addendum" page) which instructed CHL's closing agent to "SHOW ATTY FEE ON LINE 1102 OF HUD" (capitalization in the CHL form):

- *CHL created* the *form* that is that page. That is self-evident from the document itself, which shows at the bottom, "Supporting Schedule," "2C130," "(09/02)". (*See* Mot. for Leave Ex. 1, June 6, 2012, ECF No. 282-1)
- CHL's "closing instructions" were 12 pages in length, and included the subject page 2, sent via fax *by* CHL *to* its closing agent Arey, Long & Cross on November 18, 2003. (*See* Griffin First Declaration, ¶ 9, Dec. 2, 2011, ECF No. 166-3) (the fax legend at the top of the pages of that fax have been redacted by someone.)) That is self-evident from the fact page

2 instructs the closing agent to "FAX HUD FOR APPROVAL 770-632-0359," which fax number page 3 proves is the fax number for the CHL branch in Peachtree City, GA.  (Still missing are pages 11 and 12 of that 12-page fax.)

- The fact CHL sent that page 2 to its closing agent necessarily means *CHL was using* the form "Addendum" which is that page, which instructed its closing agents to "SHOW ATTY FEE ON LINE 1102 OF HUD."  No reason appears, and none has been suggested by CHL, to conclude that CHL created this form only for the Bailey loan.

A copy of the Closing Instructions sent by CHL to its closing agent presumably was retained by CHL.  CHL now claims that only part of the 12 page fax was in its files—its lawyer Griffin claims part of that fax was sent to him.  (Third Declaration of Griffin, ¶ 4, June 8, 2012, ECF No. 284-1).  No one has suggested any reason CHL would retain pages 3-10 of that 12-page fax, but not pages 2 and 11-12.

If for some reason CHL actually did not retain the entire 12-page fax, *or* if when "in October 2011" Griffin received from CHL the "official loan file" (Griffin Third Declaration, ¶ 4, ECF No. 284-1) but pages 2 and 11-12 were missing, either CHL or its counsel could have requested the missing pages from CHL's closing

agent (from whom CHL now claims it got page 2 on May 30, 2012 (Motion for Leave, ¶ 3, ECF No. 282)—*prior to* making representations to this Court on December 2, 2011 which are wholly belied by page 2.

Notably left unsaid by CHL is *why* it contacted its closing agent, sometime after December 2, 2011 and before May 30, 2012, to obtain the missing pages of the November 18, 2003 fax from CHL to said closing agent.

The only dispositive motion pending before this Court at this time is CHL's motion to dismiss. It seems unnecessary to argue about CHL's contention, in its "Reply," that "it is not clear the conduct" established by the page 2 "Addendum" "is even a regulatory violation." That seems a more appropriate subject for the Relators' eventual motion for summary judgment. Charging attorneys fees which are indisputably illegal and instructing closing agents to hide the charge by bundling it in to line 1102 which is meant for title search charges is fraudulent misconduct, by any measure. For purposes of the motion to dismiss, the page 2 instructions prove CHL's primary argument—that it knew nothing about such misconduct—was knowingly false. (*See* Rel. Resp. to CHL Mot. to Dism. 12-16, Jan. 5, 2012, ECF No. 235). CHL's representation to this Court, that its attorneys were told not to charge attorney fees and "CHL instructed ALC [its closing agent]

*not* to impose *any* fees other than those related to title insurance," was knowingly false.  (CHL Mem. in Supp. Mot. to Dism. 23, Dec. 2, 2011, ECF No. 166-2).

Relators maintain the request they made in their June 7, 2012 "Response" regarding CHL's motion to file "amended" pleadings.  (Although CHL stated, in its June 8, 2012 "Reply" that "CHL is today sending courtesy redlines to the Court and all parties," and although Relators' counsel did receive an unrelated email from CHL counsel on that date, no such "redlines" were received.)

[signatures continued on next page]

Respectfully submitted this ____ day of ____, 2012.

| BUTLER, WOOTEN & FRYHOFER, LLP | WILBANKS & BRIDGES, LLP |
|---|---|
| BY: s/ James E. Butler, Jr.<br>JAMES E. BUTLER, JR.<br>  jim@butlerwooten.com<br>  Georgia Bar No. 099625<br>LEIGH MARTIN MAY<br>  leigh@butlerwooten.com<br>  Georgia Bar No. 473389<br>BRANDON L. PEAK<br>  brandon@butlerwooten.com<br>  Georgia Bar No. 141605<br>SAMANTHA A. DiPOLITO<br>  samantha@butlerwooten.com<br>  Georgia Bar No. 203011<br>2719 Buford Highway<br>Atlanta, Georgia 30324<br>(404) 321-1700<br>(404) 32101713 Fax | BY: s/ Marlan B. Wilbanks<br>MARLAN B. WILBANKS<br>  mbw@wilbanks-bridgeslaw.com<br>  Georgia Bar No. 758223<br>TY M. BRIDGES<br>  tmb@wilbanks-bridgeslaw.com<br>  Georgia Bar No. 081500<br>3414 Peachtree Street, N.E., Ste. 1075<br>Atlanta, Georgia 30326<br>(404) 842-1075<br>(404) 842-0559 Fax<br><br>PHILLIPS & COHEN<br><br>BY: s/ Mary Louise Cohen<br>MARY LOUISE COHEN<br>  mlc@phillipsandcohen.com<br>  DC Bar No. 298299<br>TIMOTHY McCORMACK<br>  tmccormack@phillipsand cohen.com<br>  DC Bar No. 493692<br>2000 Massachusetts Avenue, N.W.<br>Washington, DC 20036<br>(202) 833-4567<br>(202) 833-1815 Fax<br><br>Attorneys for Relators/Plaintiffs |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax
