THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E. BIBBY and BRIAN J. DONNELLY, | * * * * | CIVIL ACTION FILE NO. 1:06-CV-0547-AT |
| RELATORS/PLAINTIFFS, | * * | |
| vs. | * * | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.), individually and as s/b/m with WELLS FARGO HOME MORTGAGE, INC. and MORTGAGE INVESTORS CORPORATION, | * * * * * * * | |
| DEFENDANTS. | * | |

## RELATORS' STATUS REPORT REGARDING WELLS FARGO SUBMITTED AS DIRECTED BY COURT ORDER DATED <u>SEPTEMBER 28, 2012</u>

Counsel for Relators and for Mortgage Investors Corporation were able to agree upon a Joint Status Report. Wells Fargo proposed that the following "statement" be included in any joint report. Relators believed the Wells Fargo statement required a response. Because Wells Fargo insisted upon changing its statement based upon Relators' response, late on Friday October 5, 2012—the

deadline to report to the Court—it seemed most expeditious for Relators and Wells Fargo to file their own separate status reports.

**Wells Fargo Statement:**

Counsel for Wells Fargo called Counsel for Relators to begin discussions related to a possible negotiated resolution about 4 weeks ago, prompted mostly by the Court's decision to open to non-involved parties the ongoing status conferences the Court was conducting related to various settlement discussions between Relators and other Defendants.

Prior to that, while Relators had made settlement inquiries to many other Defendants, there had been no such invitation extended to Wells Fargo.

Wells Fargo has advised Relators that their settlement template for Wells Fargo is not acceptable, and that Wells Fargo wishes to discuss Wells Fargo-specific facts on such matters as numbers of IRRRLs originated and Wells Fargo-specific default and foreclosure rates.

Wells Fargo has nonetheless also proposed a specific resolution number. Relators have indicated that Wells Fargo's proposed resolution number is not acceptable, and have not been inclined to engage in discussion of Wells Fargo-specific facts.

But, Wells Fargo believes that a resolution is potentially possible only if such Wells Fargo-specific matters are discussed by the parties in a format allowing for the open and confidential cross exchange of factual information.  Thus, to facilitate such a process, Wells Fargo respectfully requests that the Court refer Wells Fargo and the Relators to a Court-appointed Mediator for a mediation to be conducted within the next 30-45 days, and that in the meantime the Court stay consideration of Wells Fargo's Motion to Dismiss.

Responding to Relators' points below, Wells Fargo believes a Court appointed Magistrate Judge as a mediator will be more effective in fostering thoughtful dialogue than any other mediator and that this will save several days time.  After a short conversation with counsel for both the VA and the United States, Wells Fargo does not foresee difficulties in settlement documentation.  However, there is no reason to establish any pre-conditions to mediation.  Relators' assertion that Wells Fargo's settlement analysis is somehow discoverable is a new assertion that in Wells Fargo's view has no legal basis.  Regardless, Wells Fargo remains optimistic that a mediation conducted in a short time frame as suggested may lead to a resolution to the case.

**Relators Response to Wells Fargo's Statement:**

The first discussion by any Relators' counsel with any Wells Fargo counsel about the possibility of settlement occurred on Friday, September 7, 2012, in advance of the Court's scheduled in-person status conference set for September 10, 2012.  Unlike other defendants, prior to that Wells Fargo had made no inquiry about possible settlement negotiations.  Wells Fargo first made a settlement offer on Thursday, October 4, 2012, the day before the deadline for these parties to report to the Court per the Court's September 28 Order.

Relators have used the same damages exposure analysis for every defendant.  Since there has been no discovery, Relators used publicly available sources to attempt to do a very conservative analysis of each defendant's damages exposure, using the same approach for each defendant.  Some defendants have disagreed with one or another number used therein, as does Wells Fargo.  Relators have told Wells Fargo the same thing they told those other defendants:  defendants have had 12 months since the Second Amended Complaint was unsealed and 7 months since the first defendant settled to conduct their own analysis of damages exposure, which Relators will gladly consider if the defendant chooses to share it.  Relators

have told Wells Fargo that analysis will be discoverable.[1]  To date, Wells Fargo has not shared its own damages exposure analysis.  Relators have settled with six defendants by using Relators' damages exposure analysis, and the numbers agreed upon with those defendants have ranged between 40% and 64% of the damages exposure reflected in Relators' analysis for those defendants.  Wells Fargo's claimed disagreement with Relators' damages exposure analysis is irrelevant: Relators will not settle with Wells Fargo outside that range.  Wells Fargo is free to be guided by its own analysis.

The statement by Wells Fargo that Relators "have not been inclined to engage in discussion of Wells Fargo-specific facts" is inaccurate and misleading.  By the time Wells Fargo first mentioned any disagreement with Relators' analysis, on September 24, this Court had already endured considerable delay while other defendants negotiated settlements; on that same day this Court held its fourth status conference regarding settlement negotiations.  At that time the parties confronted a September 28 deadline.  On that same day, Relators informed Wells Fargo that (1) Relators had had "sit down meetings" with other defendants, involving the same sort of disagreements Wells Fargo had, and ultimately suggested that any

---

[1] Note that it is Wells Fargo's analysis of "damages exposure" that Relators stated will be discoverable, rather than Wells Fargo's "settlement analysis," as the item was characterized in Wells Fargo's "statement."

defendant should be governed by its own analysis, and (2) there wasn't time for that sort of further delay.

*A full month later,* Wells Fargo did, on Thursday, October 24, for the first time, make a settlement offer. That offer amounted to 5.3% of the damages exposure reflected on Relators' analysis for Wells Fargo. Relators do not consider that a serious offer.

Relators cannot know whether "a resolution" with Wells Fargo "is potentially possible": the only information Relators have is Wells Fargo's low offer, its stated disagreement with Relators analysis of its damages exposure, and the fact it has not shared its own damages exposure analysis.

As Relators did regarding every defendant who sought to negotiate a settlement after PNC and CHL, Relators have told Wells Fargo that the non-number terms must be agreed upon before the number is negotiated - to avoid the kind of delay that has occurred thus far. Relators have asked Wells Fargo whether it intends to request either the VA-approved administrative relief sought by defendant CHL or the VA-approved administrative relief sought by defendant PNC, and if so, what VA has told Wells Fargo about such request. VA has informed counsel for Relators that it will separately analyze any such request depending upon the defendant making the request. Wells Fargo has declined to

6

share the results of its discussions with VA, other than the conclusions reflected in the Wells Fargo "statement" above.  Relators are uncertain about the accuracy of those conclusions, because Relators do not—and cannot—know whether DOJ and/or the VA contemplate further actions against Wells Fargo which might constrain the VA's agreement to grant any such relief to Wells Fargo.

As to Wells Fargo's proposal for a 30-45 day delay for mediation:

- Relators do not want to appear over-confident about Wells Fargo's pending motion to dismiss (our views are fully briefed), and do not want to appear unreasonable (our willingness to settle claims has now been demonstrated six times in this case) but we do not want to be blamed for further delay—the Court has been exceedingly patient with the parties.  In addition, Wells Fargo has had ample time to negotiate prior to making its first offer on October 4, 2012.  For all those reasons, Relators do not acquiesce to Wells Fargo's request for mediation.

- If the Court grants Wells Fargo's request for a short stay for mediation, Relators have confirmed that mediators are available every day next week at Henning Mediation & Arbitration Service in Atlanta.

    Relators' counsel have had considerable, and successful, experiences with Henning mediators.

- Relators do not agree to Wells Fargo's request that the Court appoint a United States Magistrate Judge to serve as mediator. Counsel for Relators are experienced with mediation, and have uniformly found that parties truly interested in settlement can readily agree upon a mediator. Attempting to schedule a mediation with a busy Magistrate Judge will likely cause further delay.

- Given the content of Wells Fargo's statement, Relators respectfully submit that prior to any mediation, Wells Fargo should share with Relators its own internal *damages exposure* analysis. (Relators have shared their analysis with Wells Fargo, as Relators did with other defendants.) If in fact "Wells Fargo wishes to discuss Wells Fargo-specific facts" that would appear to be the only way to do so.

- Relators believe that mediation will be a waste of time unless Wells Fargo first agrees to use either the PNC or the CHL settlement agreement; otherwise we'll most likely see the same kind of months-long delay that plagued the PNC settlement process, while Wells Fargo seeks more and different relief both from the DOJ and from

VA, creating a four-party "negotiating" process (Relators, Wells Fargo, DOJ, and VA).  Relators have been through that; it is extraordinarily time-consuming.  It is also, after six settlements, wholly unnecessary.

Respectfully submitted this 5th day of October, 2012.

                        BY: s/ Leigh Martin May
                        JAMES E. BUTLER, JR.
                          jim@butlerwooten.com
                          Georgia Bar No. 099625
                        LEIGH MARTIN MAY
                          leigh@butlerwooten.com
                          Georgia Bar No. 473389
                        BRANDON L. PEAK
                          brandon@butlerwooten.com
                          Georgia Bar No. 141605
                        2719 Buford Highway
                        Atlanta, Georgia  30324
                        (404) 321-1700
                        (404) 32101713 Fax

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

        s/ Leigh Martin May
        JAMES E. BUTLER, JR.
         jim@butlerwooten.com
         Georgia Bar No. 099625
        LEIGH MARTIN MAY
         leigh@butlerwooten.com
         Georgia Bar No. 473389
        BRANDON L. PEAK
         brandon@butlerwooten.com
         Georgia Bar No. 141605
        Butler, Wooten & Fryhofer, LLP
        2719 Buford Highway
        Atlanta, Georgia  30324
        (404) 321-1700
        (404) 321-1713 Fax

# CERTIFICATE OF SERVICE

This is to certify that on October 5, 2012, I electronically filed RELATORS' STATUS REPORT REGARDING WELLS FARGO SUBMITTED AS DIRECTED BY COURT ORDER DATED SEPTEMBER 28, 2012 with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
    & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
-and-
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
-and-
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
-and-
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
-and-
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Mortgage Investors:*
Matthew R. Rosenkoff
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, GA 30339
-and-
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
Scott D. Burke
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036

*Wells Fargo:*
Linda Klein
Charles T. Huddleston
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA  30326
-and-
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
-and-
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

*United States of America:*
Daniel A. Caldwell
Assistant U.S. Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA  30303

    I certify that I have mailed by United States Postal Service the document to the following:

*United States of America:*  
Alan S. Gale  
United States Department of Justice  
P.O. Box 261  
Ben Franklin Station  
Washington, DC  20044  

*Irwin Mortgage:*  
Robert B. Berner  
Bailey Cavalieri LLC  
Kettering Tower  
40 North Main Street, Suite 1250  
Dayton, OH 45423  
(*Courtesy Copy Only*)

    This 5th day of October, 2012.

                                BY: s/  Leigh Martin May
                                JAMES E. BUTLER, JR.
                                  Georgia Bar No. 099625
                                LEIGH MARTIN MAY
                                  Georgia Bar No. 473389
                                BRANDON L. PEAK
                                  Georgia Bar No. 141605
                                Butler, Wooten & Fryhofer, LLP
                                2719 Buford Highway
                                Atlanta, Georgia 30324
                                (404) 321-1700
                                (404) 321-1713 Fax