IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E. BIBBY and BRIAN J. DONNELLY, | * * * * | CIVIL ACTION FILE NO. |
| RELATORS/PLAINTIFFS, | * * | 1:06-CV-0547-AT |
| v. | * * | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.), individually and as s/b/m with WELLS FARGO HOME MORTGAGE, INC., et al. | * * * * * | |
| DEFENDANTS. | * | |

### DEFENDANT WELLS FARGO BANK, N.A.'S EXPEDITED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER AND FILE INITIAL DISCLOSURES

COMES NOW, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), and moves this Court for an extension of time within which to file its Answer and its Initial Disclosures for the reasons stated below.

### CHRONOLOGY OF EVENTS

On Friday, November 19, 2012, this Court granted in part and denied in part Wells Fargo's Motion to Dismiss [Doc. 317]. Accordingly, under Rule 12(a)(4)(A), Fed. R.Civ.P., Wells Fargo was required to serve its Answer to the Relators' Second Amended Complaint ("SAC") within fourteen (14) days from the

date of the Court's ruling, or no later than Monday, December 3, 2012. Because the SAC is quite lengthy (128 paragraphs of allegations) and because the Thanksgiving holiday fell during the middle of the 14-day period for filing its responsive pleading, Counsel for Wells Fargo, on November 21, 2012, requested that Counsel for the Relators consent to a motion Wells Fargo was planning to file seeking an extension of its time to file an Answer and its Initial Disclosures (which were due on December 14, 2012) until Monday, December 17, 2012. On Thursday, November 22, 2012, Counsel for Relators agreed to consent to Wells Fargo's motion seeking an extension of the due date for its Answer and Initial Disclosure until December 17, 2012.

Wells Fargo drafted a Consent Motion for Extension of Time, and submitted the draft Motion to Counsel for Relators on Wednesday, November 28, 2012, to obtain approval of the language in the Consent Motion before submitting it to the Court. On Thursday, November 29, 2012, slightly after noon, Counsel for Relators made minor changes in the language of the draft Consent Motion and gave approval for it to be filed.

Less than an hour after receiving that emailed approval, Counsel for Relators, Wells Fargo, and Mortgage Investors Corporation gathered in the conference room of Mr. Butler's Law Firm to conduct the mandatory Early

Planning Conference, contemplated under Rule 26(f), Fed.R.Civ.P., and L.R. 16.1. During this mandatory Conference, counsel discussed the Joint Preliminary Report and Discovery Plans to be filed by December 5, 2012, in each of the two separate cases.  During that discussion, Counsel for Relators announced for the first time that Relators anticipated filing an Amendment to the Complaint within sixty (60) days.  Counsel for Relators did not describe the proposed amendment in detail but stated that it would amend or add claims and additional party defendants. Counsel for Wells Fargo informed Relators' Counsel that Wells Fargo would object to amending the Complaint at this late date.

After the conclusion of the Early Planning Conference, and after discussing further the stated intent of Relators to file an Amendment to the SAC, Counsel for Wells Fargo decided to seek permission of the Court to extend the due date for its Answer and Initial Disclosures until fourteen (14) days after the Court rules on the impending Motion to Amend that Relators would be expected to file.  Wells Fargo made this decision because it seemed a waste of resources to file an Answer and Disclosures with respect to a Complaint that might soon be inoperative.

When Counsel for Wells Fargo contacted Relators' Counsel to ask for their consent to such a motion, it was denied.  It also became apparent during this discussion that Relators do not believe that a Motion to Amend is necessary,

because Relators believe they can amend their SAC as a matter of course. Counsel for Wells Fargo informed Relators' Counsel that they respectfully disagreed, because Wells Fargo believes that a Motion to Amend is required under the Federal Rules of Civil Procedure.

## **WELLS FARGO SUBMITS THAT A MOTION TO AMEND IS REQUIRED**

Wells Fargo respectfully submits that a Motion to Amend must be filed by Relators, because they can no longer amend their SAC as a matter of course. Rule 15(a)(1), Fed.R.Civ.P., provides:

**(a)    Amendments Before Trial.**

**(1)**    *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:

>    (A)    21 days after serving it, or
>
>    (B)    if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading <u>or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier</u>. (Emphasis added.)

Accordingly, under Rule 15(a)(1)(B), Relators' right to amend their Complaint as a matter of course expired 21 days after Wells Fargo served its Motion to Dismiss under Rule 12(b). Wells Fargo served its Motion to Dismiss on December 2, 2011. [Doc. 168] Therefore, the 21-day period within which Relators could amend their SAC as a matter of course expired on December 23, 2011. In

addition, nothing in Local Rule 15, or in the Joint Preliminary Report overrules the requirements of Rule 15, Fed.R.Civ.P.

Moreover, Rule 15 (a)(2) states that "In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave."  Wells Fargo recognizes that this Rule also provides that the "court should freely give leave when justice so requires," but Wells Fargo submits that a Motion to Amend is required under these circumstances, and Wells Fargo will oppose such a motion when it is filed given the history of this case, the timing of the proposed amendment and the number of amended complaints already filed.

**WELLS FARGO REQUESTS AN EXTENSION UNTIL IT KNOWS WHICH VERSION OF THE COMPLAINT IS VALID**

Because Relators announced at the mandatory Early Planning Conference yesterday that they intend to file another Amendment to the SAC, Defendant Wells Fargo respectfully requests that this Court extend its Answer and Initial Disclosures' due date until the normal time under Rule 15 that an Answer would be due to an amended complaint: fourteen (14) days after service of the amended pleading.  On the other hand, if the Court agrees with Wells Fargo that a Motion to Amend is required, then Wells Fargo requests such an extension until fourteen (14) days after the Court rules on Relators' Motion to Amend if such an amendment is denied.

Wells Fargo seeks this request not in order to delay the case, but because Relators have announced their intent to amend their Complaint again, it will be an unnecessary burden on Wells Fargo to have to answer the current SAC and file Initial Disclosures in regard to its defenses to the SAC, if another amended complaint is being drafted and will be filed within 30-60 days.  Without knowing the extent or breadth of this impending attempt to amend the Complaint for a third time, Wells Fargo cannot predict how different it may be, or whether the Court would allow it to be filed over a year after the original Complaint, the First Amended Complaint, and the SAC were unsealed on October 3, 2011. [Doc. 61]  It is possible that the amendment will attempt to add claims and additional parties as stated by Relators' Counsel yesterday.  Of course, it is also possible that new facts may be alleged as well.  Under any of these circumstances, requiring Wells Fargo to respond to the current SAC, when an entirely new set of alleged facts, new claims, and additional parties could be contained in the amended pleading that Relators have stated they intend to file, places an unfair, and likely duplicative, burden and expense on Wells Fargo to have to file an Answer and Initial Disclosures to two different Complaints within a short period of time.  Wells Fargo submits that it serves the efficient administration of justice to first determine which

version of the Complaint is the complaint of record before requiring Wells Fargo to file its Answer and Initial Disclosures.

## WELLS FARGO SEEKS EXPEDITED CONSIDERATION OF THIS MOTION

Because its Answer is currently due on December 3, 2012, Wells Fargo submits that this issue is proper for the Court to resolve expeditiously via telephone conference (or an in person hearing as the Court prefers), and it requests such a telephone conference or hearing as soon as the Court can convene it. Wells Fargo also requests that its Answer date be postponed until the Court can rule on this Expedited Motion.

## CONCLUSION

Wells Fargo respectfully requests that this Court grant an extension on the due date of its Answer and its Initial Disclosures until fourteen (14) days after the Court rules on Relators' Motion to Amend (if the Court determines that such a motion is required and the motion is denied), or within fourteen (14) days after the Relators' Third Amended Complaint is filed (if the Court determines that such an Amendment can be filed with or without a motion seeking leave of the Court).

Wells Fargo also respectfully requests that the Court's consideration of this Motion be expedited, that a Conference Call (or an in person hearing as the Court prefers) be convened by the Court as soon as the Court's schedule permits, and that

Wells Fargo's Answer date be postponed until the Court rules on this Expedited Motion. If the Court denies its Motion, Wells Fargo respectfully requests that it be allowed ten (10) days after such ruling within which to file its Answer and Initial Disclosures.

Respectfully submitted this 30th day of November, 2012.

        s/ Charles T. Huddleston
        Charles T. Huddleston
        State Bar No. 373975
        Baker, Donelson, Bearman, Caldwell
          & Berkowitz, P.C.
        3414 Peachtree Road, Suite 1600
        Atlanta, Georgia  30326
        (404) 221.6536
        (404) 238.9622 (facsimile)
        chuddleston@bakerdonelson.com

        s/ Amy Pritchard Williams
        Amy Pritchard Williams
        Admitted Pro Hac Vice
        K&L GATES LLP
        214 North Tryon Street
        Charlotte, North Carolina  28202
        (704) 331.7429
        (704) 353.3129 (facsimile)
        amy.williams@klgates.com

        ***Counsel for Defendant Wells Fargo Bank, N.A.***

## CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), NDGa.

This 30h day of November, 2012.

/s/Charles T. Huddleston
Charles T. Huddleston
Georgia Bar No. 373975

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Fax: 404-221-6501
Email: chuddleston@bakerdonelson.com

## CERTIFICATE OF SERVICE

I have this day served upon all necessary parties of record with a copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S EXPEDITED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER AND FILE INITIAL DISCLOSURES** by the ECF online filing system with U.S. District Court for the Northern District of Georgia.

This 30th day of November, 2012.

/s/Charles T. Huddleston
Charles T. Huddleston
Georgia Bar No. 373975

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Fax: 404-221-6501
Email: chuddleston@bakerdonelson.com