# ATTACHMENT  A

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | * | |
| VICTOR E. BIBBY and BRIAN J. | * | CIVIL ACTION FILE NO. |
| DONNELLY, | * | |
| | * | 1:06-CV-0547-AT |
| RELATORS/PLAINTIFFS, | * | |
| | * | |
| vs. | * | |
| | **\*** | |
| WELLS FARGO BANK, N.A. | * | |
| | * | |
| DEFENDANT. | * | |

**CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY
<u>AGREEMENT AS BETWEEN RELATORS AND DEFENDANT</u>**

Discovery sought in this case by Plaintiffs/Relators Victor E. Bibby and Brian J. Donnelly (collectively, the "Relators") and by Defendant Wells Fargo Bank, N.A. ("Defendant") may involve the production of documents and things containing confidential information and testimony that may concern matters that are of a confidential nature.  For good cause shown, the Parties agree and, **IT IS HEREBY ORDERED THAT**:

1.

Defendant and the Relators each have the right to designate as "confidential" for purposes of this Order any information produced in this case, whether it be a document, information contained in a document, a response to interrogatories, testimony given at a deposition, tangible things or other information produced or supplied that in good faith they reasonably believe contains non-public, confidential, or proprietary information, including but not limited to, proprietary research, analysis, development, marketing, financial, trade secret, or other commercially or personally sensitive information.

Third-party deponents or subpoena respondents or counsel for such third-parties may designate portions of their depositions or materials produced as "confidential" if they in good faith reasonably believe the deposition (including exhibits) contains non-public, confidential, or proprietary information, including but not limited to, proprietary research, analysis, development, marketing, financial, trade secret, or other commercially or personally sensitive information.

2.

Any information or material so designated shall be considered "confidential" material for purposes of this Order and shall be used by all receiving parties solely

in connection with this action (and any appeal therefrom) and may not be used or disclosed except as provided in this Order.

3.

The designation of discovery material as "confidential" for purposes of this Order shall be made as follows:

a.    In the case of a document, a response to interrogatories, or other written material (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto) by stamping in a conspicuous place on each page containing such confidential information the term "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER."  Such marking shall not obscure the content of any such document.

b.    In the case of a tangible thing, by placing in a prominent place the term "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

c.    In the case of depositions, other pretrial testimony, the transcripts thereof and exhibits thereto, by counsel for the person or entity making the disclosure stating on the record at the time of such disclosure or within fifteen (15) days of receipt of the official transcript of such testimony that such testimony is "confidential" and requesting that the transcript of such material be clearly marked as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."  The person or entity requesting such confidential treatment shall specify by page and line numbers those parts of any transcript which such person or entity requests be subject to confidential treatment.  The person or entity requesting such confidential treatment for exhibits to transcripts shall do so by specifying the exhibit number, the Bates number, if applicable and the date of such document, if known.  No deposition transcript or exhibit may be reviewed by anyone other than the deponent, outside attorneys, or those

working under their supervision during the fifteen-day period identified above. Upon being informed that certain portions of a deposition (or an exhibit) contain confidential information, each party must cause such portions of each copy in their custody or control to be so marked immediately.

d.  A designation of any material as "confidential" shall also render "confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such material.

4.

Entering into, agreeing to, and/or producing or receiving "confidential" information or otherwise complying with the terms of this Order shall not prejudice in any way the rights of a party to seek a determination by the Court whether any information designated as "confidential" should be subject to the terms of this Order. Any party who wishes to challenge the propriety of the designation of material as "confidential" may do so by providing written notice to the party that has designated something "confidential" (the "Designating Party"). The notice shall (a) attach a copy of each "confidential" document or item subject to challenge, or identify such document or item by production number or other appropriate designation, or identify the transcript and pages/lines, and state that the challenging party objects to the designation of such document or partial transcript as "confidential" and (b) set forth the reason for such objection. The challenging party and the Designating Party shall attempt in good faith to resolve any challenge

4

on an informal basis.  If an agreement cannot be reached, the challenging party may seek a decision from this Court with respect to the propriety of the designation.  The "confidential" information shall continue to be protected by the terms of this Order until the Court orders otherwise.  In the event that a party challenges the designation of information as "confidential," the burden of establishing the designation is on the designating party.

5.

When filed with the Court by any person or party, all materials designated "confidential," as well as all motions, briefs, memoranda, or other pleadings containing such materials (in such manner that the "confidential" information may be revealed thereby), shall be filed in accordance with the Guidelines to Parties and Counsel in Cases Proceeding Before Judge Totenberg.

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.  If a party has very good cause to request sealing of material marked or identified as "confidential," the party shall first present directly to Judge Totenberg's chambers a sufficiently supported motion to file under seal.  Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers.  Attached to the motion should be the

material desired to be sealed.  The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal.  If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials.  If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed.  Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

6.

Documents and other material designated "confidential" pursuant to the terms of this Order may only be disclosed to:

a.     a party or any current directors, officers, agents, attorneys, employees or independent contractors of a party;

b.     the parties' counsel of record in this case, in-house counsel, and their employees or professional assistants, paralegals, legal assistants, and secretaries actually working on this action;

6

c.   any other witnesses or deponents, and their counsel, during the course of or, to the extent necessary, in preparation for, depositions or testimony in this action while in the presence of counsel for a party, provided that witnesses or deponents and their counsel shall not be permitted to copy or retain "confidential" material;

d.   the Court and Court personnel at any stage in this case;

e.   any experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such expert, consultant, or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

f.   a party's insurers, reinsurers, insurance brokers or agents and their counsel, provided that any such person to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

g.   court reporters, stenographers, and/or videographers actually recording proceedings in this action;

h.   mediators, arbitrators, or similar outside parties and their staffs enlisted pursuant to the written agreement of all parties to assist in the resolution of this matter; and

i.   other persons as agreed to by the parties in writing or as ordered by the Court.

7.

All documents that contain "personally identifiable financial information" or that would be subject to Standing Order 04-02 of this Court shall be deemed "confidential" material if so designated as such by the party producing same (hereafter "Borrower Information Documents"), and shall not be disclosed to any person except in conformity with paragraph 6 herein unless the person to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A".

8.

The inadvertent or unintentional production by a producing party of any privileged or otherwise protected information ("Identified Materials") shall not be deemed a waiver or any impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded by the attorney work-product doctrine.  Upon receiving notice from a producing party that privileged information, including copies or summaries thereof, has been inadvertently produced, all such privileged information shall be returned to the producing party within five (5) business days of receipt of such notice.  If the receiving party has any notes or other work product reflecting the

contents of Identified Materials that is the subject of a request under this paragraph, the receiving party will not review or use those materials unless the Court later determines that the Identified Materials in question were not privileged or protected.  A party that returns Identified Materials after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returns.

9.

If any person possessing information designated "confidential" is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a document demand, and such subpoena or document demand seeks information designated "confidential," the person receiving the subpoena or document demand (1) shall give written notice by fax within three business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the information "confidential" and (2) shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, provided, however, that nothing in this agreement shall prevent any party to this agreement from disclosing any such documents pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state

agency or grand jury that legally prohibits such notification and the notification and withholding procedures set forth above shall not apply when there is a legal prohibition to such notification.

10.

Nothing herein shall be construed to provide a basis for a non-compliance with the parties' obligations to produce documents under the Federal Rules of Civil Procedure or other applicable rules of procedure; nothing herein shall be construed to waive any right that any party may have to object to any demand for production of any documents or any other form of discovery other than on grounds of confidentiality.

11.

Nothing herein shall prohibit the use of any "confidential" information or document in connection with any public hearing or trial in this matter pursuant to such protections as the Court may deem appropriate.

12.

Unless otherwise ordered or agreed in writing by the parties, within sixty calendar days after the final termination of this action, including any appeals, each receiving party shall undertake reasonable efforts to return to the producing party all information and documents containing confidential borrower information, or, at

the option of the producing party, to destroy all Borrower Information Documents containing "confidential" borrower information.  In either case, the receiving party shall provide the designating party with a certification stating that it has taken reasonable efforts to destroy or return the "confidential" Borrower Information Documents.  Should the certification inadvertently not be provided within this time frame, counsel for the producing party shall attempt in good faith to determine the status of the certification prior to taking any action with the Court.

Notwithstanding this provision, as to information or documents designated as "confidential" that contain confidential borrower information that constitute counsel's work product, and pleadings, motion papers, deposition transcripts and exhibits thereto, legal memoranda, and correspondence that were served in this action or filed with the Court, counsel may retain such documents, even if they contain "confidential" borrower information or documents, if counsel otherwise comply with this Order with respect to such retained material.  Any such archival copies of "confidential" Borrower Information Documents remain subject to this Order unless and until the producing party agrees otherwise in writing or the Court orders otherwise.

13.

The Court retains jurisdiction over the Parties for enforcement of the provisions of this Order following the conclusion of the action.  In the event the Court declines to sign this Order, the Parties stipulate and agree to remain bound by the contents of this Consent Protective Order and Confidentiality Agreement.

SO ORDERED this _____ day of _____, 2012.


_____
HON. AMY TOTENBERG
Judge, United States District Court

Respectfully submitted,


BY: s/  James E. Butler, Jr._____
James E. Butler, Jr.
  jim@butlerwooten.com
  Georgia Bar No. 099625
Leigh Martin May
  leigh@butlerwooten.com
  Georgia Bar No. 473389
Brandon L. Peak
  brandon@butlerwooten.com
  Georgia Bar No. 141605
BUTLER, WOOTEN & FRYHOFER, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax
*Attorneys for Plaintiffs/Relators*

BY: s/ Marlan B. Wilbanks
Marlan B. Wilbanks
  mbw@wilbanks-bridgeslaw.com
  Georgia Bar No. 758223

Ty M. Bridges
  tmb@wilbanks-bridgeslaw.com
  Georgia Bar No. 081500
WILBANKS & BRIDGES, LLP
3414 Peachtree Street, N.E., Ste. 1075
Atlanta, Georgia 30326
(404) 842-1075
(404) 842-0559 Fax
*Attorneys for Plaintiffs/Relators*


BY: s/ Mary Louise Cohen
Mary Louise Cohen
  mlc@phillipsandcohen.com
  DC Bar No. 298299
Timothy McCormack
  tmccormack@phillipsand cohen.com
  DC Bar No. 493692
PHILLIPS & COHEN
2000 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 833-4567
(202) 833-1815 Fax
*Attorneys for Plaintiffs/Relators*

By: s/ Amy Pritchard Williams
*[signed by James E. Butler, Jr.*
*with express permission]*
amy.williams@klgates.com
NC Bar No. 19233
Admitted Pro Hac Vice
K&L Gates LLP
Hearst Tower, 47th Floor

13

214 North Tryon Street
Charlotte, NC  28202
Robert J. Sherry
Robert.Sherry@klgates.com
Texas Bar No. _____
Admitted Pro Hac Vice
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX  75201

Charles T. Huddleston
  chuddleston@bakerdonelson.com
  Georgia Bar No. 373975
Linda Klein
  lklein@bakerdonelson.com
  Georgia Bar No. 425069
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA  30326
404-577-6000
404-221-6501 (Fax)

*Attorneys for Wells Fargo, N.A.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

# E X H I B I T   A

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I may receive information designated as "confidential" by the party producing that information in discovery in the following action: *United States of America ex rel., Victor E. Bibby and Brian J. Donnelly v. Wells Fargo Bank, N.A.,* United States District Court for the Northern District of Georgia Atlanta Division, Civil Action File No. 1:06-CV-0547-AT (the "Action").

I certify my understanding that if I receive this information, it will be provided to me pursuant to the terms and restrictions of the attached Confidentiality Agreement and Consent Protective Order entered on _____, 2012, in this Action (the "Order"). I further certify that I have been given a copy of and have read the terms of that Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "confidential" and all working copies, computer data storage, digests or abstracts prepared from this material, are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential information are to be returned to the party or counsel who provided the confidential information to me.

I agree that the confidential information I receive shall not be disclosed to anyone else and that this information shall not be used for any purpose other than preparation for and trial or appeal of the action in which the Order has been entered.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

This the _____ day of _____, 201_.


_____
Signed

Print name:_____

Address:_____

Date signed:_____

## CERTIFICATE OF SERVICE

This is to certify that on December 5, 2012, I electronically filed CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT AS BETWEEN RELATORS AND DEFENDANT with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
      & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
*-and-*
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
*-and-*
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
*-and-*
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
*-and-*
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Wells Fargo:*
Linda Klein
Charles T. Huddleston
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA  30326
*-and-*
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
*-and-*
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

I certify that I have mailed by United States Postal Service the document to the following:

| | |
|---|---|
| *United States of America:* | *Irwin Mortgage:* |
| Alan S. Gale | Robert B. Berner |
| United States Department of Justice | Bailey Cavalieri LLC |
| P.O. Box 261 | Kettering Tower |
| Ben Franklin Station | 40 North Main Street, Suite 1250 |
| Washington, DC  20044 | Dayton, OH 45423 |
| *-and-* | *(Courtesy Copy Only)* |
| Paris Wynn | |
| Assistant U.S. Attorney | |
| 600 U.S. Courthouse | |
| 75 Spring Street, S.W. | |
| Atlanta, GA  30303 | |

This 5th day of December, 2012.


BY: s/  James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  Georgia Bar No. 473389
BRANDON L. PEAK
  Georgia Bar No. 141605
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax