# ATTACHMENT B

## Guidelines for Conduct of Counsel at Depositions

In an effort to maintain the just, speedy, and inexpensive determination of all issues that may arise before the court, the parties agree to adhere to the following guidelines to preserve the intended form of depositions; that is, a question and answer session between deposing counsel and a witness designed to determine the facts of the case.

1.	At the beginning of each deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

2.	All objections, except those which would be waived if not made at the deposition under the Federal Rules of Civil Procedure or pursuant to stipulation of counsel, and those necessary to assert a privilege, to enforce a limitation on evidence directed by this Court, or to present a motion pursuant to the Federal Rules of Civil Procedure, shall be preserved and shall not be made during the course of the deposition.

3.	Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is

protected by a privilege or a limitation on evidence directed by this Court.  Counsel directing that a witness not answer a question on those grounds shall move this Court for a protective order within five working days of the termination of the deposition.

    4.    Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

    5.    Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

    6.    Any conferences which occur pursuant to, or in violation of, guideline (5) are proper subjects for inquiry by deposing counsel to ascertain whether there has been any witness coaching and, if so, to what extent and nature.

    7.    Any conferences which occur pursuant to or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall be noted on the record.

    8.    Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness's counsel do not

have the right to discuss the documents privately before the witness answers questions about them.