# EXHIBIT D

IN THE STATE COURT OF TROUP COUNTY, GEORGIA
STATE OF GEORGIA

TROUP COUNTY, GEORGIA
IN OFFICE
2011 MAY 10 PM 1:43
JACKIE W. TAYLOR
CLERK OF SUPERIOR COURT

| | |
|---|---|
| GRETA WYNN, individually, and on behalf of a class of all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A. <br><br> Defendant. | Civil Action File No. 11-CS-048 |

# FINAL ORDER AND JUDGMENT

Based upon the submissions of the Parties and the Findings and Order Preliminarily Certifying Class for Settlement Purposes, Appointing Lead Counsel for the Class, Directing the Issuance of Class Notice, and Scheduling a Fairness Hearing ("Preliminary Order") issued by this Court on February 8, 2011,

IT IS ORDERED, ADJUDGED AND DECREED:

1.    This Final Order and Judgment incorporates herein and makes a part hereof (i) the Stipulation of Settlement, dated February 7, 2011; and (ii) the Exhibits to the Stipulation of Settlement, to wit, Exhibit A (Mail Notice of Class Action, Proposed Settlement, Fairness Hearing, and Right to Appear, Instructions and Class Action Claim Form), Exhibit B (Proof of Claim Form), and Exhibit D (Stipulation for Protective Order); and (iii) the Preliminary Order. Capitalized or case specific terms in this Final Order and Judgment shall have the same meanings as those terms referenced or defined in the Stipulation of Settlement and/or Preliminary Order.

2.    The terms and provisions of the Stipulation of Settlement, including all exhibits thereto, have been entered into in good faith, and the Stipulation of Settlement and this settlement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members. The Parties are hereby directed to implement and consummate the Stipulation of Settlement, according to its terms and provisions.

3.    A class for settlement purposes only is hereby finally certified as follows: all persons nationwide who obtained a refinance loan guaranteed by the Veterans Administration which was originated and funded by Wells Fargo (as defined in the Stipulation of Settlement), and which was closed between January 20, 2004 and October 7, 2010 ("VA Refinance Loan"). Excluded from the class

are: (1) individuals who are or were during the class period, partners, associates, officers, directors, shareholders, or employees of Wells Fargo, (2) all judges or magistrates of the United States or any state and their spouses; (3) all individuals who timely and properly requested to be excluded from the class; and (4) all individuals who have previously released Wells Fargo from claims covered by the settlement. Further, because Wells Fargo has previously provided payment/compensation to some Class Members, any Class Member who has received such payment or compensation from Wells Fargo for alleged overcharging with respect to a VA Refinance Loan is not eligible for any additional payment, including the settlement payment provided by the settlement.

4. The Court makes the following findings on notice to the Class:

The Court finds that the distribution of the Mail Notice as provided in the Stipulation of Settlement and Preliminary Order of February 8, 2011 (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the Class and to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) complied

M BET 2231485 v1
2780973-000464 05/09/2011

fully with the requirements of the United States Constitution and the Rules of the Court.

5. The Plaintiff Greta Wynn, as representative of the Class, and Plaintiff's Counsel have adequately represented the Class for purposes of entering into and implementing the settlement.

6. Except for those persons who submitted a proper and timely written request for exclusion from the Class, the terms of the Stipulation of Settlement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in and to all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiff and/or all Class Members relating to the Action and/or the Related Action and/or the Released Claims (as those terms are defined in the Stipulation of Settlement) as well as their heirs, executors and administrators, successors, and assigns and anyone who can act by or through them.

7. The release of claims against Defendant (as noted below) is effective as of the date of this Final Order and Judgment.

    a. The Release and Waiver provision of the Stipulation of Settlement is expressly adopted in this Order and is incorporated herein in all respects. The Court hereby orders as follows:

1. Plaintiff and each of the Class Members (who have not timely and validly opted out), irrevocably and expressly waive, and fully, finally and forever settle and release the Defendant (as defined in the Stipulation of Settlement) of all claims, demands, actions, suits and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that are based upon any of the allegations against or relating to Defendant in the Action or Related Action, or claims similar to the conduct so alleged that have been, could have been, may be or could be alleged or asserted in the past, present or in the future by the representative Plaintiff, Class and the Class Members against the Defendant, including but not limited to any claims arising out of or that could have arisen out of Defendant's acts or omissions with respect to any aspect of VA Refinance Loans, including, but not limited to, soliciting, originating, funding, closing and/or servicing of such loans.

2. Plaintiff and the Class Members agree not to, and shall not, now or hereafter file, institute, assign, maintain, collect on, prosecute, assert, intervene in or participate in any action, proceeding or claim (including legal, equitable, and administrative) against the Defendant, either directly or indirectly, derivatively, on their own behalf, on behalf of the Class, or on behalf of any other person or entity with respect to or relating in any way to the Released Claims.

3. The release includes, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Lead Counsel or by any other counsel representing Plaintiff or the Class Members, or incurred by Plaintiff or the Class Members, or any of them, in connection with or related in any manner to the Action, the Related Action, the settlement of the Action, the administration of such settlement, and/or the Released Claims, except to the extent otherwise specified in this Stipulation of Settlement at Section IX(A).

4. The Court finds that Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, Plaintiff and the

6

Class Members fully, finally, and forever settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether previously or currently asserted in any action, including the Action and the Related Action). The Plaintiff and the Class Members expressly acknowledge certain principles of law applicable in some states which provide that a general release does not extend to claims that a creditor/releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor/released party, and waive their rights under these provisions and all similar federal and state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here. That is, Plaintiff and the Class Members knowingly, willingly and expressly waive, release and relinquish any and all provisions, claims, rights and benefits they may have under any statute or law that provides that a release does not extend to claims that the creditor/releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, could have materially affected his or her settlement with the debtor/released party, which statute or law is similar,

7

comparable or equivalent to California Civil Code section 1542. The Court finds that the inclusion of the unknown claims in the definition of the Released Claims was separately bargained for and was a key element of the settlement. The Court finds that it is possible that unknown claims exist and Plaintiff and the Class Members took that into account in entering into this Agreement, and a portion of the consideration and mutual covenants contained herein, having been bargained for between the Parties with the knowledge of such unknown claims, were given in exchange for a full discharge of all such claims.

b. The Releasees (as that term is defined in the Stipulation of Settlement) are forever discharged from any claims or liabilities arising from or related to the Action, the Related Action and the Released Claims (as those terms are defined in the Stipulation of Settlement).

8. Settlement Relief:

As described in more detail in Section III of the Stipulation of Settlement (which is adopted herein), Defendant shall pay $175.00 by check (without interest) to each Eligible Class Member for each qualifying VA Refinance Loan; provided however, that any such check that has not been

8

negotiated by the payee within ninety (90) days after issuance shall be cancelled, and Defendant shall have no further obligation to continue efforts to distribute settlement relief to such Class Member.

9. Attorneys Fees: Based upon application by Plaintiff's Counsel, Plaintiff's Counsel is hereby awarded attorneys' fees, expenses, costs, reimbursements of their disbursements and any other compensation in the total amount of $1,275,000.00 to be paid by Defendant to DAUGHTERY, CRAWFORD, FULLER & BROWN, LLP. The attorneys' fees, expenses and costs awarded by the Court shall cover and include all fees, costs, and expenses incurred by Plaintiff, the Class, and Plaintiff's Counsel. The payment of these fees and expenses shall be in complete satisfaction of any and all claims for attorneys' fees, costs and expenses that Plaintiff and the Class Members or their attorneys, experts, advisors, consultants, agents, representatives, successors, heirs, assigns, or any other person who can claim by or through them in any manner have or may have against Defendant in connection with this Action or the Related Action. Such fees are to be paid by Defendant in accordance with the Stipulation of Settlement.

10. Incentive Award: The Court finds and determines that an incentive award of $3,250.00 is due and payable to Greta Wynn for her services and efforts

in the representation of the Class, which shall be payable by Defendant in accordance with the Stipulation of Settlement. This payment is provided to Ms. Wynn in lieu of the relief available to the other Class Members as set forth above at paragraph 8 ("Settlement Relief").

11. Personal Jurisdiction: The Court has personal jurisdiction over the Class Members. The Court has subject matter jurisdiction to approve the Stipulation of Settlement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, and for any other necessary purpose.

12. Neither this Final Order and Judgment nor the Stipulation of Settlement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment), shall be construed in any way as or shall be used as an admission or concession by or against Defendant of the validity of any claim in the Action or the Related Action or of any actual or potential fault, wrongdoing, liability or violation of any law whatsoever. Entering into or carrying out the Stipulation of Settlement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be

evidence of, an admission or concession with regard to the positions, denials or defenses by Defendant, and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever. However, nothing in this paragraph shall preclude any Party from using the settlement, this Order or any act performed or document executed pursuant thereto (i) in a proceeding to consummate or enforce the provisions of this Final Order and Judgment and the Stipulation of Settlement, or (ii) in any action or proceeding against or by Defendant to support a defense, claim or counterclaim based upon principles of *res judicata*, collateral estoppel, release, payment, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense, claim or counterclaim, or (iii) in Defendant's sole discretion to use in support of any insurance, indemnity, contribution or similar claim that it may assert against any other entity.

13. In the event that this Final Order and Judgment does not become final upon the Final Settlement Date or the settlement is terminated in accordance with its provisions, the Parties shall be restored to their respective positions as of November 16, 2009, and this Final Order and Judgment (except this paragraph, paragraph 12, and the Court's retention of jurisdiction set forth herein) shall have no further force or effect, shall be vacated and be rendered null and void *nunc pro*

*tunc* as if the settlement had not been entered or filed with this Court. At that time the terms of this Final Order and Judgment and the settlement shall have no further force or effect with respect to the Parties (except this paragraph, paragraph 12, and the Court's retention of jurisdiction set forth herein) and shall not be used in any action or proceeding for any purpose except as required by law or by the Stipulation of Settlement.

14. The Parties have consented to the entry of this Final Order and Judgment as set forth in the settlement without trial or adjudication of any issue of fact or law.

15. The Parties are hereby authorized to agree to and adopt such written amendments to, and modifications and expansions of, the Stipulation of Settlement and all exhibits thereto as: (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of Class Members; otherwise, such amendments, modifications, and expansions shall only be adopted after agreement by the Parties and notice to and approval of the Court.

16. This Order provides final approval of the settlement and orders that this Action, including all individual and Class claims presented in the Action or that could have been presented, is hereby dismissed with prejudice against the Defendant, without fees or costs to any Party (including pre or post judgment interest, penalties, costs, etc.), except as otherwise provided herein or in the

Stipulation of Settlement at Sections IX(A) –(C). The Court directs entry of the final judgment terminating this action.

LET JUDGMENT BE ENTERED ACCORDINGLY:

*Jeannette L. Little*
Judge Jeannette L. Little
State Court of Troup County, Georgia

Dated: May 10, 2011

13