THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, VICTOR E. BIBBY and BRIAN J. DONNELLY, | * * * * | CIVIL ACTION FILE NO. |
| | * | 1:06-CV-547-AT |
| RELATORS/PLAINTIFFS, | * * | |
| vs. | * * | |
| WELLS FARGO BANK, N.A., individually and as s/b/m with WELLS FARGO HOME MORTGAGE, INC., *et al.*, | * * * * * | |
| DEFENDANTS. | * | |

**RELATORS' REPLY TO RELATORS' MOTION
FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES**

Nothing in Wells Fargo's ("WF") Response changes this simple truth: Relators *need* the requested, additional interrogatories and would be *prejudiced* without them. *That* is the standard which applies, and Relators satisfy it.[1]

---

[1] See Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 F. App'x 586, 593 (11th Cir. 2008) (unpublished) (finding the district court's decision to limit plaintiff to 25 interrogatories was not an abuse of discretion because the *pro se* plaintiff only requested the additional interrogatories in her preliminary report and discovery plan—never filing a motion—and "never explained to the court why she needed the extra interrogatories, or how she would be prejudiced by the court's ruling.");

Beyond citing non-controlling, non-persuasive authority, and miscasting the substance of Relators' claims, much of WF's Response attempts to "redefine" the plain language of Relators' interrogatories in an attempt to render the interrogatories "irrelevant." But WF cannot "redefine" Relators' claims and the words in Relators' interrogatories as an attempt to defeat Relators' need for them anymore than WF can "redefine" the words in Relators' interrogatories as an attempt to evade them. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1543 (11th Cir. 1993) (finding the defendants could not claim a "misunderstanding" of the plaintiff's interrogatory and the court's order compelling production pursuant to that interrogatory because the language was not subject to a credible, alternative interpretation); In re Netbank, Inc. Sec. Litig., 259 F.R.D. at 679 ("Legitimate discovery efforts should not have to depend on linguistic acrobatics, nor should they sap the court's limited resources in order to resolve hypertechnical disputes.").

---

In re Netbank, Inc. Sec. Litig., 259 F.R.D. 656, 679 (N.D. Ga. 2009) (Martin, J.) (finding that even if the defendants had propounded too many interrogatories, there was no evidence the additional interrogatories were meant to harass the plaintiffs, and the Federal Rules' liberal discovery policy "necessarily dictate[d]" exceeding the numerical cap as defendants additional interrogatories were "legitimate discovery efforts"); Williams v. Taser Int'l, Inc., No. 1:06-cv-51-RWS, 2007 WL 1630875, *1 (N.D. Ga. June 4, 2007) (Story, J.) (denying the additional interrogatory request because the movant had not stated "what additional information" the party sought through the interrogatories or provided the proposed interrogatories for review).

Because much of WF's brief is directly refuted by Relators' Motion, and in order to avoid wasting judicial resources, Relators will not restate why they need each of the particular Proposed Second Interrogatories and why they would be prejudiced without them—including why depositions and requests for production of documents would be insufficient.  Those arguments are fully developed in Relators' Motion and are adopted here in response to WF's Response.  See Rels.' Mot., Dkt. No. [326].  Instead, Relators will focus their Reply on the few points which warrant response.

    A.    <u>The Standard Is Whether Relators Need the Requested Interrogatories And Would be Prejudiced Without Them—Nothing More</u>.

WF's briefing is focused on non-controlling, non-persuasive standards which have never been applied by the Eleventh Circuit or the Northern District of Georgia.  First, the Eleventh Circuit and the Northern District of Georgia have never applied Rule 26(b)(2)(C), as WF suggests, in deciding whether additional interrogatories should be allowed, instead focusing on Rule 26(b)(2)(A) which states the court's authority to determine the number of interrogatories.  <u>See</u> <u>Enwonwu</u>, 286 F. App'x at 593 (stating, as referred to in Rule 33, "Rule 26 states, '[b]y order, the court may alter the limits in these rules on the number of

depositions and interrogatories or on the length of depositions under Rule 30. . . .'") (citing FED. R. CIV. P. 26(b)(2)(A)).[2]

Second, there is no requirement Relators make a "particularized showing" regarding why they need the additional interrogatories; neither the Eleventh Circuit

---

[2] Even if the Court were to apply Rule 26(b)(2)(C) to this inquiry—for the first time in the Northern District of Georgia and as never applied before by the Eleventh Circuit—Relators would still be able to meet that standard. By proving that they *need* the information and would be *prejudiced* without it, Relators have already satisfied Rule 26(b)(2)(C). See FED. R. CIV. P. 26(b)(2) (C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: **(i)** the discovery sought is *unreasonably cumulative or duplicative*, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or **(iii)** the burden or expense of the proposed discovery *outweighs its likely benefit*, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.") (emphasis added). Upon reviewing the interrogatories WF challenges, WF's Response does not plausibly argue that *any* of Relators' Second Interrogatories are "*unreasonably* duplicative"—each interrogatory was carefully drafted and requests distinct information. Critically, the standard is not whether Relators' discovery is duplicative, but *unreasonably duplicative*. To the extent WF believes its response would be the same to two different interrogatories, it could so state in its response and refer to the documents previously produced by Bates number. It is not unduly burdensome to do so. Ironically, if Relators had combined the interrogatories which WF claims are duplicative, WF would have assuredly argued the interrogatories violated the related question test. See Williams, 2007 WL1630875, at * 2 (stating the test for determining discrete subparts is to decide whether the subparts are "logically or factually subsumed within and necessarily related to the primary question."). Since Relators have proven they would be prejudiced without this information and need it, Relators have satisfied Rule 26(b)(2)(C) even assuming, *arguendo*, it applies.

nor the Northern District of Georgia has ever stated such. But even if such standard is required, Relators have done so.

In Daniels v. Experian Information Solutions, Inc., No. CV 109-107, 2010 WL 1009901, at *1-2 (S.D. Ga. Mar. 18, 2010), the court found a *pro se* plaintiff did not make "particularized showings" when she asserted she needed additional interrogatories solely because "she ha[d] two claims pending against" two defendants.[3] Because the number of claims was her sole rationale for the requested discovery, the Court denied the request as not including "particularized showings," *inter alia*. Id.

In stark contrast, Relators have explained—in detail over 24 pages—why they need each and every Proposed Second Interrogatory, even including the interrogatories for the Court to review. If this isn't a particularized showing, what would satisfy WF's non-controlling, particularity standard?

Third, Relators are not required to "exhaust" their initial discovery or wait on WF to fully respond to Relators' First Interrogatories before asking the Court to authorize additional interrogatories. Neither the Eleventh Circuit nor the Federal Rules require "exhaustion." See FED. R. CIV. P. 33.

---

[3] It also does not appear the plaintiff attached her additional interrogatories for the court's review.

WF's exhaustion argument puts form over substance. Based upon a case where a *pro se* plaintiff did not give the defendants *any* idea as to what her initial 25 interrogatories would be—much less her additional interrogatories—see Daniels, 2010 WL 1009901, at *1, WF asserts mere service of Relators' First Interrogatories (as opposed to actual notice of their content) should be a *per se* bar to Relators' request. This position is frankly silly. As WF makes clear by attaching Relators' First Interrogatories to its Response (and improperly arguing the merits of those interrogatories), WF knows what the First Interrogatories say because—even though Relators have not yet "served" the interrogatories[4]—WF has them in its possession. And because Relators intend on officially serving their First Interrogatories on January 16, 2013, this argument will be moot shortly.

Relators are also not required to wait on WF's complete production to request additional interrogatories. In In re Netbank, the plaintiffs refused to produce information responsive to defendants' first interrogatories 1-7 (outside of information they had already produced in their initial disclosures), arguing, *inter alia*, the interrogatories exceeded the 25 interrogatories authorized by Rule 33, and stating they should only have to respond to interrogatories 1-5. 259 F.R.D. at 677-

---

[4] Relators have not yet served the First Interrogatories because discovery has not yet begun, a consequence of consenting to an extension in WF's time to answer the Complaint (even though WF had the Second Amended Complaint in its possession for over a year).

79. After first noting the plaintiffs' production was incomplete and defendants' interrogatories did not violate the related question doctrine—which governs the counting of interrogatory discrete subparts—the Court stated because the interrogatories were "legitimate discovery efforts," to the extent defendants' interrogatories *did* excess the numerical cap, plaintiffs were ordered to answer the additional interrogatories (without requiring defendants to first await plaintiffs' complete production under interrogatories 1-5 which did not exceed the numerical cap). Id. at 679.

But even without the Northern District of Georgia authority, WF's position makes no sense. The reality of interrogatories is Relators know—based upon the brief, non-argumentative, straightforward, and particularized fashion the interrogatories are worded per the Court's Guidelines—what type of information will be responsive to their initial interrogatories *now*, without having to wait for WF's initial discovery responses. Relators also understand what information will need to be gathered to prove their case, and these Proposed Second Interrogatories help Relators do that. Whether Relators can serve the discovery now or later is only about how long WF can try and delay this matter; Relators will need and be prejudiced without the same information now as it will be two years from now. WF should not be able to hide behind a nonsensical theory not recognized by this

Court or the Eleventh Circuit to thwart Relators' legitimate discovery efforts, and the Court should grant Relators' Motion because Relators need the Proposed Second Interrogatories and would be prejudiced without them.

Finally, Relators are not required to justify their First Interrogatories prior to requesting additional ones. Yet again, neither the Eleventh Circuit nor the Northern District of Georgia has ever required Relators to prove why it chose its initial 25 interrogatories over the additional ones, likely because the Rules do not require it. See FED. R. CIV. P. 33. Much like the exhaustion requirement, this is nonsensical. Relators' counsel's rationales for prioritizing their First Interrogatories in the way they did are inherently attorney work product. See Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994) ("Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product. . . .' [O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances."). Such a standard would improperly require Relators' council to reveal their mental impressions and case strategy.

WF's citation to New River Dry Dock, Inc v. The Falls at Marina Bay, L.P., No. 08-60216-CIV, 2008 WL 2620727 (S.D. Fla. June 30, 2008) is likewise not

persuasive.  In New River Dry Dock, the court stated a deposition rule[5]—which states for any deposition requested outside of the 10 authorized by the Rules, the movant should be required to prove why the initial 10 were justified—should be applied in the interrogatory context, *i.e.* the movant should be required to prove why its initial interrogatories were necessary.  Id. at *5.  The Court noted the rationale behind the deposition "rule" was litigants should not be able to frivolously exhaust their initial discovery and ask for more without first justifying the initial discovery.  Id.  But that concern is already protected by the Rules.  Assuming *arguendo* the First Interrogatories are offensive under the Rules—and they are not—WF could file a motion for a protective order.  FED. R. CIV. P. 26(c).  There is *no* benefit to be gained by Relators *not* prioritizing the First Interrogatories; the Court is not *per se* required to grant additional interrogatories just because Relators ask.  It is clear from the face of each interrogatory what information will be responsive as Relators have painstakingly spent months drafting their discovery to be as clear as possible.  Relators need these interrogatories and would be prejudiced without them.

---

[5] From Relators' research, this "rule" has only been recognized by the Southern District of Florida in this Circuit.

B.      Wells Fargo Misstates Relators' Claims.

Because WF cannot overcome Relators' arguments in support of their need for additional interrogatories, WF attempts to misstate Relators' claims and then argue the requested interrogatories are irrelevant and seek information non-discoverable to the newly narrowed claims. WF's arguments are rebutted by this simple premise: Relators are entitled to discover information "regarding any nonprivileged matter that is relevant to any party's claim or defense," which is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). WF's assertions of irrelevancy are frankly absurd in light of this governing standard.

WF seeks to narrow Relators' claims to *only* bundling of unallowable attorney fees into title fees. Dkt. No. [330] at 4. This does not even come close to describing the entirety of Relators' claims, which are much broader than that. Relators' claims encompass other actions that render the guaranty void and result in damages to the Government. See, e.g., 2d Am. Cmpl., Dkt. No. [54 ] ¶¶ 34, 37, 38, 43, 44, 76, 87-94.

For example, Relators contend WF provided false certifications pursuant to 38 C.F.R. § 36.4340(k) and these false certifications rendered guarantees void. 2d Am. Cmpl., Dkt. No. [54 ] ¶¶ 89, 92. The 38 C.F.R. § 36.4340(k) certification is

broader than WF claims in its Response.  See WF Resp., Dkt. No. [330] at 21 n.4. 38 C.F.R. § 36.4340(k) states, "(k) Lender certification.  Lenders originating loans are responsible for determining and certifying to VA on the appropriate application or closing form that the loan meets *all statutory and regulatory requirements*. Lenders will affirmatively certify that loans were made in full compliance with the law and loan guaranty regulations as prescribed in this section."  (emphasis added). Whether these certifications were valid goes to the heart of this case—whether WF falsely certified compliance with regulations which resulted in fraudulently-procured guarantees.

WF's Response argues interrogatories regarding underwriters are irrelevant, but the above certifications involve underwriters.  "[T]he Section 26.4340(k) certification pertains to compliance with underwriting standards."  WF Resp., Dkt. No. [330] at 21.  Relators' questions regarding underwriting are proper as WF's underwriters are WF's certification signatories.  Id.  The underwriting interrogatories are also relevant because they relate to WF's processes for evaluating IRRRLs and how WF should have determined specific IRRRLs violated VA regulations, amongst other purposes.

WF's arguments regarding Relators' contention interrogatories are equally unpersuasive.  WF focuses on affirmative defenses it has not raised, but fails to

11

respond to whether it has been properly named (which has required a stipulation) or whether subject matter jurisdiction is proper. WF also claims Second Interrogatory 2 is irrelevant because WF did not raise successor liability as a defense in its answer but has still not affirmatively stated it does not plan on bringing such a defense. Relators need to know whether WF intends on raising and its basis for potential defenses so all can focus their time and effort on what is at issue.

WF also argues Relators' Second Interrogatories 19-20, regarding reasonable and customary title fees, are unnecessary and irrelevant. Relators need the non-IRRRL reasonable and customary title fee information to help demonstrate WF's knowledge it was bundling fees and to establish WF's own understanding of what a reasonable and customary fee should be. If WF consistently charged $200 for title fees on a Georgia VA Conventional loan, this would demonstrate a consistently charged $1,000 title fee on a Georgia IRRRL was knowingly unreasonable and demanded investigation. WF's assertion these interrogatories' mere presence as Second Interrogatories makes them *per se* unduly burdensome is also unsupported and clearly erroneous.

Contrary to WF's contentions, interrogatories regarding other related lawsuits are also relevant. As stated <u>supra</u>, Relators' claims do relate to

underwriting, and accordingly, Second Interrogatories 26-28 which concern WF's conduct involving another, government-backed loan program are relevant. The Wynn claimant information is equally relevant as the Rules only require the information lead to the discovery of admissible information to be discoverable. The fact WF refused to admit liability or the claimant was not required to prove damages does not affect the truth that, because the Wynn claimants—by WF's own admission—were possible victims of the same conduct alleged here, those claimant's names are likely to result in the discoverability of admissible evidence.

WF's profits and how it compensates its employees are also relevant for the same reason: to determine if WF recklessly created an environment which was focused on profits at all costs, to the exclusion of regulatory compliance.

To the extent WF's arguments are based on its narrow and contorted version of Relators' claims and the information relevant to proving them, they should be rejected.

C.   Conclusion.

Consistent with the Federal Rules of Civil Procedure's liberal discovery policy, this Court should grant Relators' Motion for Additional Interrogatories because Relators need the requested interrogatories to prove their case and will be

prejudiced if they do not obtain them.  See In re Netbank, Inc. Sec. Litig., 259 F.R.D. at 679.

*[signatures continued on next page]*

Respectfully submitted this 7th day of January, 2013.

| | |
|---|---|
| BUTLER, WOOTEN & FRYHOFER, LLP | WILBANKS & BRIDGES, LLP |
| BY: s/ Leigh Martin May | BY: s/ Marlan B. Wilbanks |
| JAMES E. BUTLER, JR.<br>  jim@butlerwooten.com<br>  Georgia Bar No. 099625<br>LEIGH MARTIN MAY<br>  leigh@butlerwooten.com<br>  Georgia Bar No. 473389<br>BRANDON L. PEAK<br>  brandon@butlerwooten.com<br>  Georgia Bar No. 141605<br>2719 Buford Highway<br>Atlanta, Georgia  30324<br>(404) 321-1700<br>(404) 32101713 Fax | MARLAN B. WILBANKS<br>  mbw@wilbanks-bridgeslaw.com<br>  Georgia Bar No. 758223<br>TY M. BRIDGES<br>  tmb@wilbanks-bridgeslaw.com<br>  Georgia Bar No. 081500<br>3414 Peachtree Street, N.E., Ste. 1075<br>Atlanta, Georgia 30326<br>(404) 842-1075<br>(404) 842-0559 Fax<br><br>PHILLIPS & COHEN<br><br>BY: s/ Mary Louise Cohen<br>MARY LOUISE COHEN<br>  mlc@phillipsandcohen.com<br>  DC Bar No. 298299<br>TIMOTHY McCORMACK<br>  tmccormack@phillipsand cohen.com<br>  DC Bar No. 493692<br>2000 Massachusetts Avenue, N.W.<br>Washington, DC 20036<br>(202) 833-4567<br>(202) 833-1815 Fax<br><br>Attorneys for Relators/Plaintiffs |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

s/ Leigh Martin May
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  leigh@butlerwooten.com
  Georgia Bar No. 473389
BRANDON L. PEAK
  brandon@butlerwooten.com
  Georgia Bar No. 141605
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

# CERTIFICATE OF SERVICE

This is to certify that on January 7, 2013, I electronically filed RELATORS' REPLY TO RELATORS' MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
    & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
-and-
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
-and-
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
-and-
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
-and-
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Wells Fargo:*
Linda Klein
Charles T. Huddleston
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA  30326
-and-
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
-and-
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

I certify I have served this document on the following via e-mail:

*United States of America:*
Alan S. Gale
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC  20044
  *Alan.Gale@usdoj.gov*

-and-
Paris Wynn
Assistant U.S. Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA  30303
  *Paris.Wynn@usdoj.gov*

This 7th day of January, 2013.

                BY: s/ Leigh Martin May
                JAMES E. BUTLER, JR.
                  Georgia Bar No. 099625
                LEIGH MARTIN MAY
                  Georgia Bar No. 473389
                BRANDON L. PEAK
                  Georgia Bar No. 141605
                Butler, Wooten & Fryhofer, LLP
                2719 Buford Highway
                Atlanta, Georgia 30324
                (404) 321-1700
                (404) 321-1713 Fax