# EXHIBIT 4

James E. Butler, Jr., P.C.*  John C. Morrison III  Of Counsel:
Joel O. Wooten, Jr.  Tedra C. Hobson  Michael L. Thurmond
George W. Fryhofer III **  Mary K. Weeks  Kate S. Cook
Leigh Martin May  Jeb Butler  ** admitted in AL & GA
Brandon L. Peak  Anna W. Howard  ** admitted in GA, MA, & TX



Butler, Wooten & Fryhofer LLP

March 21, 2013

*VIA EMAIL and U.S. MAIL*

Paris Wynn, Esq.
U.S. Attorney's Office
600 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

> Re:  *United States of America ex rel. Victor E. Bibby and Brian J. Donnelly v. Wells Fargo Bank, N.A.*, United States District Court for the Northern District of Georgia Atlanta Division, Civil Action File No. 1:06-CV-0547-AT
>
> Re:  *United States of America ex rel. Victor E. Bibby and Brian J. Donnelly v. Mortgage Investors Corporation*, United States District Court for the Northern District of Georgia Atlanta Division, Civil Action File No. 1:12-CV-04020-AT

Dear Paris:

Per your request, Relators hereby provide the information we believe is needed from the VA at this time. That information is detailed in the enclosed Exhibit A to this letter. This letter and Exhibit A are provided to prepare the parties for discussion at the upcoming discovery meeting with the VA and were obtained using publicly available information regarding the VA and its computer systems. The meeting between the VA, parties, and DOJ which was suggested by Judge Totenberg would be very helpful for the purpose of finalizing what is expected and needed from the VA. It may well be that we can reduce the number of items if and when we have a better understanding about the information the VA stores and how it can best and most readily be obtained by the parties. It is difficult to know what is available without such a meeting.

Exhibits B, D, C, and E are merely explanatory documents, included to help clarify what is sought per Exhibit A.

We are copying this letter to defense counsel based on our understanding that discovery with the VA should be an open process where all parties with an interest in this case work together to get what is actually needed while minimizing the burden on the VA. We believe that is what Judge Totenberg suggested. To that end, we do need to receive from the two remaining defendants full information about their past communications with the VA. (We have Ms. Williams March 18, 2013 email, but that is not all of WF's communications with the VA.) Relators have not been a party to those communications and are unaware of any reason they

**REPLY TO Columbus:**
105 13th Street • Columbus, GA 31901 • 706.322.1990 • 1.800.233.4086 • FAX 706.323.2962
P.O. Box 2766 • Columbus, GA 31902

Atlanta Office
2719 Buford Highway • Atlanta, GA 30324 • 404.321.1700 • 1.800.242.2962 • FAX 404.321.1713
www.butlerwooten.com



should be deemed as confidential. We also have not received the communications from WF or MIC sent to the DOJ related to the VA.

We have not studied in detail the "FOIA request" WF sent to the VA two months ago (which Ms. Williams provided to us two days ago), but we will do so. Clearly that "request" is a classic example of deliberate overloading – of burdening someone so much non-cooperation is induced. WF's "request" seems largely unrelated to the evidence actually needed for this case. Instead it appears to seek only information WF hopes will support various "defenses" WF is trying to raise, which we view as irrelevant or, at most collateral. We'll discuss that more after further study, but we are concerned Court intervention will be required if defendants persist in seeking to induce non-cooperation by the VA. In addition to Exhibit A, we have prepared a list of information that may be needed if and when discovery about the various purported "defenses" becomes necessary. We won't join WF's attempt to overload the VA, however, because that information should not be needed, and Relators will attempt to encourage cooperation from the VA. If defendants persist in their efforts, we may also seek information about past communications between the VA and defendants in this case, but we hope that won't be necessary.

We've received no information from MIC about what, if anything, it has sought from the VA, other than the testimony of its Vice President of Operations, Mr. Jim Shatz, produced as a 30(b)(6) witness and deposed Tuesday in St. Petersburg. That testimony makes it clear MIC has not sought to obtain from the VA any of the information requested in discovery by Relators.

Paris, we very much appreciate your efforts consistent with Judge Totenberg's request to facilitate the parties' ability to obtain needed information from the VA. We note that the Government has indicated that the *Touhy* regulations should be used for formally obtaining information from the Government. Simply for the record and your information, it is Relators' position that the VA's *Touhy* regulations do not apply because the United States is represented and has a direct and substantial interest in this litigation. When the VA promulgated its *Touhy* regulations, it specifically exempted "[l]egal proceedings in which the Department of Veterans Affairs, the Secretary of Veterans Affairs or the United States is a party, *is represented*, or *has a direct and substantial interest*." 38 C.F.R. § 14.801(b)(2)(i) (emphasis added). As the Supreme Court has recognized, the United States of America remains a real party in interest even in non-intervened, False Claims Act cases. United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934 (2009). The United States is also represented in this matter by the United States Attorney for the Northern District of Georgia. As two of the VA's own *Touhy* exceptions are satisfied in this matter, the VA's *Touhy* regulations do not apply.

We are also mindful of the VA's concerns for veteran privacy. Because of this, we are asking for no information which provides a veteran's name, social security number, or date of birth. If that information appears on requested documents, Relators ask for that information to be redacted.

2

We are ready and very willing to sit down with representatives of the VA in an effort to make this process as easy for the VA as possible, and look forward to being provided possible dates for such a meeting with all parties and the VA representatives.

Sincerely,

BUTLER, WOOTEN & FRYHOFER, LLP

Jim Butler

James E. Butler, Jr.

Enclosure
Via Email w/Enclosure to:
cc:    Leigh Martin May, Esq.
        Brandon L. Peak, Esq.
        Anna W. Howard, Esq.
        Marlan B. Wilbanks, Esq.
        Tyrone M. Bridges, Esq.
        Mary Louise Cohen, Esq.
        Timothy P. McCormack, Esq.
        Amy P. Williams, Esq.
        Robert J. Sherry, Esq.
        Linda A. Klein, Esq.
        Charles T. Huddleston, Esq.
        Mitchel H. Kider, Esq.
        David M. Souders, Esq.
        Michael Y. Kieval, Esq.
        Matthew R. Rosenkoff, Esq.

## Exhibit A

## List of Documents from the VA Re Claims by the United States *ex. rel.* Bibby & Donnelly

I.      The below categories of documents/information are those that Relators will only need *for specific loans* that Relators intend to identify as having unallowable charges. Relators will identify these loans after Defendants produce the relevant HUD-1s for review. If complete and responsive information regarding the below is provided by Defendants, Relators may not need all such information from the VA.

A.      VA Forms:

1.   VA Form 26-1820: "Report and Certification of Loan Disbursement"
2.   VA Form 26-6850: "Notice of Default"
3.   VA Form 26-6850a: "Notice of Default and Intention to Foreclose"
4.   VA Form 26-1874: "Claim Under Loan Guaranty"
5.   VA Form 26-567: "Status of Loan Account – Foreclosure or Other Liquidation"

B.      VALERI Fields/Events (see Exhibit B for excerpts of the VALERI Servicing Systems Interface Document ("VSSID") and VA Servicer Guide with highlighting of requested information – the items and references below come directly from Exhibit B):

Basic Loan Information:

1.   Loan Identification Number [VSSID Sequence ("Seq.") No. 05]
2.   Servicer Loan Number [VSSID Seq. No. 09]
3.   Date of the Loan [VSSID Seq. No. 06]
4.   Original Loan Amount [VSSID Seq. No. 07]
5.   Current Servicer Identification Number [VSSID Seq. No. 08]
6.   Property Address, Unit, City, State and Zip Code [VSSID Seq. Nos. 19, 20, 21, 22, 23, 25]

Delinquency Fields:

1.   Electronic Default Notification [VSSID Ex. B No. 11]
2.   Expenses Incurred to Date (any costs paid by the servicer that can be charged to the loan) [VSSID Seq. No. 60]

Incentive Payments:

1.   Default Cured/Loan Reinstated [VSSID Ex. B No. 19]
2.   Compromise Sale Complete [VSSID Ex. B No. 31]
3.   Deed-In-Lieu Complete [VSSID Ex. B. No. 34]

Foreclosures:

        1.        Foreclosure Date of Sale [VSSID Seq. No. 108]

Claims:

        1.        Basic Claim Events [VSSID Ex. B No. 46]
        2.        Supplemental Claim Events [Servicer Guide at 115]
        3.        VALERI Calculation of Claim Payment [Servicer Guide at 116]
        4.        Refunding Settlement [VSSID Ex. B No. 47]

Election to Convey:

        1.        Transfer of Custody [VSSID Ex. B No. 41]

C.    WebLGY Reports:

    1. Lender Loan Search Report by Lender from 2000-present [see Exhibit C for example]
    2. Loan History Report by Borrow from 2000-present with veteran name, social security number, and date of birth redacted [see Exhibit D for example]
    3. Loan Guaranty Certificates from 2000-present [see Exhibit E for example]

D.    Payments to Servicer and Lenders by Loan:

        1.        Incentive Payments
        2.        VA Purchase Post-Foreclosure
        3.        Refundings
        4.        Foreclosure Claims
        5.        Deeds-in-Lieu of Foreclosure Claims
        6.        Compromise Sale Claims
        7.        Reimbursement of Third-Party Fees/Administrative Costs

E.    Certifications:

        1.        List of Defendants' Representatives Authorized to Sign Line 26B of VA Form 26-1820 or Authorized to Provide Certifications Pursuant to 38 C.F.R. 36.4340(k)

F.    Additional Information: '

    1. All Regional Manuals, Guidelines, Memos, etc. regarding IRRRLs from 2000-present

2