THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | * | |
| VICTOR E. BIBBY and BRIAN J. | * | CIVIL ACTION FILE NO. |
| DONNELLY, | * | |
| | * | 1:06-CV-547-AT |
| RELATORS/PLAINTIFFS, | * | |
| | * | |
| vs. | * | |
| | * | |
| WELLS FARGO BANK, N.A., | * | |
| individually and as s/b/m with WELLS | * | |
| FARGO HOME MORTGAGE, | * | |
| INC., *et al*, | * | |
| | * | |
| DEFENDANTS. | * | |

## WELLS FARGO BANK, N.A.'S MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves this Court to compel Victor E. Bibby and Brian J. Donnelly ("Relators") to respond to Interrogatories 8, 14 and 15 and Document Requests 8, 10 and 11 by identifying and describing their communications with the United States (the "Government") concerning Wells Fargo in which factual material was provided to the Government and producing all

fact documents or written facts provided to the Government pursuant to 31 U.S.C. § 3730(b)(2).[1]

The issue presented is straightforward. Section 3730(b)(2) required Relators to provide the Government "written disclosure of substantially all material evidence and information" in their possession that supported their Complaint. Wells Fargo seeks production of this "material evidence and information," namely purely factual material (fact documents that may have been exhibits to Relators' disclosure statements or separate facts proffered by Relators in their disclosure statements). Wells Fargo seeks no opinion work-product (such as portions of a disclosure statement where Relators may have argued their legal theories). Relators admitted at the Aug. 16, 2013 Meet and Confer Conference that "[d]ocuments were turned over to the government," but they have refused to produce these documents on grounds of privilege.[2] Wells Fargo demonstrates below that Relators' privilege assertion has no basis.

In accordance with FRCP 37(a)(1), Local Rule 37.1 A, and this Court's Guidelines (p. 19), Wells Fargo's counsel certifies that they have made a good

---

[1] Wells Fargo in prior communication to the Court advised that it also intended to present a second issue, namely whether Relators had produced all documents that allegedly support their claims and are required to be identified in FRCP 26 initial disclosures. Wells Fargo has decided to defer seeking relief on this issue based on an assurance provided by Relators' counsel on September 27 that Relators would re-examine the issue in a timely manner. Accordingly, Wells Fargo reserves the right to bring this second issue before the Court but hopes that an additional meet and confer effort will lead to a resolution without Court intervention.

[2] Relators initially objected to producing a privilege log of such Government communications. Relators later agreed to produce such a log, but not the documents. Wells Fargo has not received the log yet.

faith, but unsuccessful attempt to resolve the discovery dispute addressed in this Motion.  Relators served their Response to Wells Fargo's First Set of Interrogatories and Request for Production of Documents (the "Responses") on April 9, 2013.[3] In an effort to address the matter at issue in this Motion, Wells Fargo's counsel wrote to Relators' counsel on June 21, 2013.[4] Relators responded by letter dated August 12, 2013.[5] On August 16, 2013, counsel for the parties conferred by telephone regarding Relators' refusal to provide factual information and exhibits submitted to the Government.

Accordingly, Wells Fargo now asks the Court to order production of any factual data that Relators provided to the Government. Wells Fargo seeks only pre-existing fact documents provided to the Government or facts otherwise relayed to the Government prior to October 3, 2011, when the Second Amended Complaint ("SAC") was unsealed.  Courts routinely order production of this non-opinion-work-product factual material.  Indeed, even the case that Relators have relied upon most heavily (*e.g.*, Exhibit 3, p. 2), *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 558 (C.D. Cal. 2003), required production of fact documents, the court stating: "plaintiffs must produce to defendant any attachments or exhibits to

---

[3] On August 30, 2013, Relators served their First Supplemental Responses to Wells Fargo's First Set of Interrogatories and Request for Production of Documents.  The Supplemental Responses did not modify Relators' privilege assertions as to Government communications.  As the Supplemental Responses contain 115 pages, Wells Fargo files herewith only the responses to the discovery requests at issue.  Exhibit 1 contains verbatim recitations of Wells Fargo's Interrogatories 8, 14 and 15 and Document Requests 8, 10 and 11 and Relators' response thereto.
[4] The June 21, 2013 Letter is filed herewith as Exhibit 2.
[5] The August 12, 2013 Letter is filed herewith as Exhibit 3.

any of the disclosure statements which were not prepared by or for relator or his counsel in anticipation of this litigation or for the purpose of creating the disclosure statements."

## ARGUMENT

**RELATORS MUST PRODUCE IN DISCOVERY ALL FACTUAL MATERIAL PROVIDED TO THE GOVERNMENT PURSUANT TO 31 U.S.C. § 3730(b)(2), INCLUDING EXHIBITS TO ANY DISCLOSURE STATEMENTS, OTHER PRE-EXISTING FACT DOCUMENTS AND FACTUAL INFORMATION IN THE DISCLOSURE STATEMENTS.**

A.   <u>None of Relators' Privilege Assertions Bar Production.</u>

The False Claims Act ("FCA") requires that a *qui tam* relator provide the Government with "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2). The statute does not address whether the § 3730 disclosure is discoverable. *U.S. ex rel. Yannacopoulos v. Gen'l Dynamics*, 231 F.R.D. 378, 381 (N.D. Ill. 2005). Several courts have recognized, however, that "[n]othing in the statute mandates, or even suggests, that these statements are privileged." *U.S. ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F.Supp. 592, 593 (W.D. Ky. 1995) (ordering production of disclosure statements over Government objection after intervention because no privilege applied); *U.S. ex rel. Stone v. Rockwell Intern. Corp*, 144 F.R.D. 396, 398 (D. Colo. 1992) (same, in case prosecuted by *qui tam* relator).

Relators seek to cloak their disclosure statements and pre-existing fact documents in the attorney-client privilege, the work-product doctrine or the

common-interest doctrine.  Exhibit 3 at 2-4.[6]  While the Eleventh Circuit has not addressed these issues, other courts have concluded that none of the objections raised by Relators prevent the production of purely factual material previously provided to the Government.

(1)     The Attorney Client Privilege Does Not Apply.

First, the attorney-client privilege does not apply to disclosure statements. *E.g., Stone*, 144 F.R.D. at 399-400; *Burns*, 904 F.Supp. at 594; *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 683 (S.D. Cal. 1996) (holding that relator provided "percipient facts and evidence within [his] knowledge" so counsel could comply with 31 U.S.C. § 3730(b)(2) on plaintiff's behalf, and noting that "percipient facts cannot achieve … protected status under the attorney-client privilege by merely repeating them to an attorney"); *Bagley,* 212 F.R.D. at 558 (same, and noting uniformity of reported decisions on this issue).

The attorney-client privilege only "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance."  *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994), *modified on other grounds*, 30 F.3d 1347, 1349 (11th Cir. 1994).  In *Stone*,

---

[6] In Exhibit 3 at 2, Relators also try to draw an analogy between the factual documents sought by Wells Fargo and the document requests or interrogatories from Relators that would require Wells Fargo to disclose or log every ongoing communication between Wells Fargo counsel and the United States Attorney's Office over the course of this case.  The two sets of communications differ in content and in significance to the substance of this case.  Most notably, the § 3730 communication(s) are statutorily required and contain "material evidence" concerning the claims in this case.  The analogy should be disregarded.

the court listed several reasons that a disclosure statement is not privileged: (1) information contained in a disclosure statement is not communicated from relator to his attorney for the purpose of securing legal advice, but rather to fulfill the statutory command of § 3730(b)(2); (2) the information would not be privileged if it had been provided directly to the Government, and the relator could not shield the information by routing it through counsel; and (3) confidentiality could not be intended or preserved for information that the relator knew would be shared with the Government.  144 F.R.D. at 399-400; *accord Burns*, 904 F.Supp. at 594; *Burroughs*, 167 F.R.D. at 683.[7]

(2) The Work-Product Doctrine Has Limited Application.

Second, the work-product doctrine covers two types of materials prepared "in anticipation of litigation or for trial" by a party or its counsel: opinion work-product; and fact or ordinary work-product. Fed. R. Civ. P. 26(b)(3). "Fact work-product consists of factual material and opinion work-product comprises the mental impressions, conclusions, opinions or legal theories of an attorney or a party's representative." *Yannacopoulos*, 231 F.R.D. at 382. Fact work-product is discoverable whenever the requesting party can show that it "has substantial need

---

[7] The sole reported decision that permitted withholding a disclosure statement under the attorney-client privilege, cited by Relators in Exhibit 3, fails to address any of the other cases or explain its divergence from the majority rule, and instead focuses on the defendants' failure to establish that relators and the Government did not share a common-interest.  *See Miller v. Holzmann*, 240 F.R.D. 20, 20-23 (D.D.C. 2007).  No other reported cases have adopted this analysis.

of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

Consistent with the majority view that disclosure statements are not privileged, most courts have likewise concluded that the work-product doctrine either does not apply at all, or that it only protects the portions of a disclosure statement that are opinion work-product. *Burns*, 904 F.Supp. at 594 (disclosure statement "is simply a recitation of factual information" and is not protected by the work-product doctrine); *Stone*, 144 F.R.D. at 401 (disclosure statement reviewed *in camera* and found not to contain opinion work-product); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F.Supp. 1338, 1346 (E.D. Mo. 1996) (disclosure statement was ordinary work-product, and subject to disclosure); *Yannacopoulos*, 231 F.R.D. at 384-86 (disclosure statement included both ordinary and opinion work-product, and ordinary work-product material was subject to disclosure).[8]

Against the weight of this authority, Relators rely (Exhibit 3, at 2) on one published case expressing a minority view, in which the Court adopted a blanket rule holding that a disclosure statement is always opinion work-product. *Bagley*, 212 F.R.D. at 565. The *Bagley* court admitted that no "such bright-line rule shielding disclosure statements from discovery presently exists." *Id.* at 558. No

---

[8] In all of these cases, the court reviewed the disclosure statement *in camera* to determine if it contained any opinion work-product and to ensure that all fact work-product and other factual material were disclosed.

other reported decisions have followed *Bagley's* reasoning. In any event, as previously noted, the *Bagley* court directed the relator to produce fact documents that had been submitted to the Government. *See Bagley*, 212 F.R.D. at 558.

    (3) <u>The Common-Interest Rule is Not Applicable.</u>

Third, Relators have also invoked the "common-interest" privilege or doctrine. Exhibit 3 at 2. The common-interest doctrine is not a unique privilege or species of protection. Rather, it is an exception to the general rule that privileges are waived when protected documents are disclosed to outsiders to the attorney-client relationship. *U.S. v. BBO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Consequently, the common-interest doctrine only applies to the extent that Relators' disclosure statements are already protected by the attorney-client privilege or the work-product doctrine. Given that those protections do not apply to fact documents and the work-product doctrine does not bar production of the factual content of disclosure statements, the common-interest doctrine does not impact the scope of materials subject to production.

  B. <u>Documents Provided to the Government Which Were Not Created by Relators or Their Counsel Must be Produced in Discovery.</u>

Relators have acknowledged that they provided fact documents to the Government. Such materials do not constitute even ordinary work-product, and no showing of need is required for those documents to be subject to discovery. Fed. R. Civ. P. 26(b)(3); *Bagley*, 212 F.R.D. at 565. Indeed, the court in *Bagley* expressly

8

recognized that such materials must be produced. 212 F.R.D. at 566. Under well-established case law, there is no basis to resist production of any exhibits or supporting documents not created by Relators' counsel that were provided to the Government. This Court should require Relators to produce such materials.

    C.    <u>Factual Material Contained in or Attached to a Disclosure Statement Must Be Produced Because Wells Fargo Has a Substantial Need for the Information</u>.

Any facts asserted by Relators in a disclosure statement submitted to the Government must also be turned over because even if these facts are considered to be fact work-product, Wells Fargo has substantial need to know what facts were presented to the Government and it cannot obtain this information by other means without undue hardship. Fed. R. Civ. P. 26(b)(3).

First, Wells Fargo must have this information to compare the facts the Relators purportedly revealed to the Government as "original sources" with the factual allegations in the SAC and facts that were publicly available at the time this case was filed. Second, Relators have asserted recently that their claims cover conduct that is not alleged in any of their filed Complaints. Because Relators should be permitted to proceed only on claims and factual bases that they have first presented to the Government under § 3730(b)(2), Wells Fargo has a substantial need to review the factual data contained in or attached to the disclosure statements

to ensure that Relators are constrained to asserting claims based on the facts that were disclosed to the Government.

A number of courts have concluded that the investigation of original source issues by definition constitutes a substantial need for discovery of the facts in a disclosure statement, which contains information that is not available from another source. *See e.g.*, *Stone*, 144 F.R.D. at 401-402; *Burns*, 904 F.Supp. at 594; *O'Keefe*, 918 F.Supp. at 1346. "[W]ithout access to the … disclosure statement, the defendant cannot make the critical comparison between the facts purportedly revealed by the plaintiff as an original source and facts which may have previously been available for public consumption." *Stone*, 144 F.R.D. at 401-02. Indeed, "nowhere else can [d]efendant obtain a more detailed summary of its alleged wrongdoing….The [disclosure statement] is the best source for this information and nothing can serve as its substitute." *Burns*, 904 F.Supp. at 594.[9]

Moreover, Relators seek now, years after filing the SAC, to expand the scope of this action well beyond the allegations contained in the SAC. Specifically, Relators now assert that this action includes claims for any IRRRL loan in which:

---

[9] It would be premature at this stage to detail the public disclosure/original source issues that Wells Fargo is investigating. However, the VA's knowledge of unallowable third party fees was extensively and publicly disclosed prior to the initial filing of Relators' complaint in March 2006, and Wells Fargo intends to challenge whether Relators can be deemed to be original sources of the claims asserted in this case, much less that they have "direct and independent knowledge of the information on which the allegations are based …." 31 U.S.C. § 3739(e)(4)(b). For example, Relators could not have supplied the Government with any information about unsigned Form 1820s, one of the theories Relators now seek to pursue. Wells Fargo needs discovery of the facts supplied to the Government to help to prove that Relators are not original sources of the facts underlying some or all of the claims asserted here.

(1) Wells Fargo did not sign a VA Form-1820; or (2) a veteran paid an unallowable fee, even if the unallowed fee was plainly set forth on the face of a HUD-1 form. There are no allegations in the SAC seeking relief based on unsigned Form 1820s or disclosed unallowable fees. Indeed, there is no reference in the SAC whatsoever to unsigned Form 1820s and the SAC repeatedly uses the word "concealed" and similar words to make clear that only *concealed* unallowable fees are the subject of the SAC.[10] Wells Fargo is entitled to demonstrate that Relators never brought such allegations to the attention of the Government and can only do so if it has access to the facts provided to the Government.

In footnote 2 of Exhibit 3, Relators cite to a handful of cases in support of the notion that Wells Fargo can obtain this information through other discovery routes, such as interrogatories or depositions. The Court should not accept this "argument" if Relators make it in response to this Motion.

First, Wells Fargo already proffered written discovery, which Relators have refused to answer. Second, the cases cited by Relators are unreported, and none apply to the facts of this case. Several of these cases rely on the availability of depositions of the relators or other fact witnesses; however, none of these cases

---

[10] *See e.g.*, SAC ¶¶ 4 ("concealed" and "concealment"); 39 ("hide," inflate," and "conceal"); 45 ("deceived"); 47 ("ignorant of the misconduct"); 56 ("inflate" and "hiding"); 60 ("not truthfully reporting costs and charges on HUD forms"); 61 ("hiding"); 63 ("undisclosed," "deceit," and "lumped"); 64 ("bundled"); 65 ("concealing"); 66 ("dumping" and "concealed"); 68 ("hidden" and "hid"); 70 ("did not disclose the fees"); 71 ("hiding" and "inflating"); 77 ("hiding and shifting"); 90 ("hiding"); 91 ("bundled"); 112 ("concealed").

11

involved a delay of nearly eight years between the time that the initial disclosure statement would have been prepared and the time of discovery in the pending case. *See United States ex rel. Carter v. Halliburton*, 266 F.R.D. 130 (E.D. Va. March 3, 2010); *United States ex rel. Singh v. Bradford Regional Medical Center*, No. 04-186 Erie, 2007 WL 1576406 (W.D. Pa. May 31, 2007); *United States ex rel. Hunt. v. Merck-Medco Managed Care, LLC*, No. 00-CV-737, 2007 WL 868271 (E.D. Penn. April 21, 2004)(noting also plaintiffs' extensive document production and defendant's integral involvement in a governmental investigation). Without any documents to refresh recollection or to use on cross examination, the reliability of Relators' recollection of events that took place in 2005 or early 2006 is highly suspect.  A redacted version of the disclosure statement and the fact documents provide the needed information without any reliability concerns.  There is simply no "substantial equivalent" for learning what facts were relayed to the Government than by production of the documents Relators delivered to the Government containing those facts, with any opinion work-product redacted.

## CONCLUSION

For the reasons explained above, Wells Fargo respectfully requests that the Court:

1.　　Order Relators to produce all factual material contained in their Disclosure Statements and any fact documents provided to the Government prior to October 3, 2011; and

2.　　Grant such other and further relief as is appropriate.

Respectfully submitted this 2nd day of October, 2013.

/s/ **Charles T. Huddleston**
Charles T. Huddleston
Georgia Bar No. 373975
1256 Pasadena Ave., NE
Atlanta, Georgia  30306
(678) 468-8351
cthuddleston@gmail.com


/s/ **Amy Pritchard Williams**
Amy Pritchard Williams
K&L GATES LLP
214 North Tryon Street
Charlotte, North Carolina 28202
(704) 331.7429
(704) 353.3129 (facsimile)
amy.williams@klgates.com


Attorneys for Defendant Wells Fargo Bank, National Association

**CERTIFICATION OF FONT**

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), NDGa.

This 2nd day of October, 2013.

        /s/ Amy Pritchard Williams
        Amy Pritchard Williams
        K&L GATES LLP
        214 North Tryon Street
        Charlotte, North Carolina  28202
        (704) 331.7429
        (704) 353.3129 (facsimile)
        amy.williams@klgates.com

        Attorneys for Defendant Wells Fargo Bank, National Association

# CERTIFICATE OF SERVICE

I have on October 2 2013, electronically filed the DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO COMPEL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

JAMES E. BUTLER, JR.
   jim@butlerwooten.com
LEIGH MARTIN MAY
   leigh@butlerwooten.com
BRANDON L. PEAK
   brandon@butlerwooten.com
ANNA W. HOWARD
   anna@butlerwooten.com
BUTLER, WOOTEN & FRYHOFER, LLP
2719 Buford Highway
Atlanta, Georgia 30324

MARLAN B. WILBANKS
   mbw@wilbanks-bridgeslaw.com
TY M. BRIDGES
   tmb@wilbanks-bridgeslaw.com
WILBANKS & BRIDGES, LLP
3414 Peachtree Street, N.E., Ste. 1075
Atlanta, Georgia 30326
Attorneys for Relators/Plaintiffs

MARY LOUISE COHEN
   mlc@phillipsandcohen.com
TIMOTHY McCORMACK
   tmccormack@phillipsandcohen.com
PHILLIPS & COHEN
2000 Massachusetts Avenue, N.W.
Washington, DC 20036

Attorneys for Relators/Plaintiffs

PARIS WYNN
   Paris.Wynn@usdoj.gov
Assistant U.S. Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303

Attorney for United States of America

      /s/ Amy Pritchard Williams
      Amy Pritchard Williams