# EXHIBIT 2



K&L GATES LLP
HEARST TOWER
47TH FLOOR
214 NORTH TRYON STREET
CHARLOTTE, NC 28202
T 704.331.7400   F 704.331.7598

June 21, 2013

Amy Pritchard Williams
D 704.331.7429
F 704.353.3129
amy.williams@klgates.com

**Via Federal Express**

Leigh Martin May, Esq.
Butler, Wooten & Fryhofer LLP
2719 Buford Highway
Atlanta, GA  30324

Re:   *United States of America ex rel. Victor E. Bibby and Brian J. Donnelly v. Wells Fargo Bank, N.A.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:06-CV-0547-AT

Dear Leigh:

I am writing with regard to Relators' Responses to Wells Fargo's First Set of Interrogatories and First Request for Production of Documents (the "Discovery Responses"), served on April 9, 2013, and the documents produced contemporaneously (the "Document Production"). Our review of the Discovery Responses and the Document Production continues, but this letter concerns three preliminary deficiencies that need to be addressed as soon as practicable.

First, in the Document Production, Relators failed to comply with Wells Fargo's Instructions (the "Instructions") regarding the format in which responsive documents were to be produced. Such instructions are contemplated by Fed.R.Civ.P. R. 34, Advisory Comm. Notes (2006 Amendment, ¶ (b)). The Instructions requested that documents originally kept in native electronic format be produced as TIFF images with extracted text in a document level .txt file, unless they were Excel spreadsheets or other native files that would not be readable in TIFF format. However, all 28 documents included in the Document Production were produced in PDF-file format. None were produced as TIFF images with extracted text, nor were any produced as native files. For files that were only maintained in hard copy, moreover, the Instructions requested that the documents be produced as TIFF images with data indicating their source or custodian and the beginning and ending page numbers. No such information was provided for any of the 28 PDF files we received. In each of these specifications, the Instructions were reasonable and consistent with established practice in this district. The Instructions sought less electronically-stored information than has already been produced by Wells Fargo in its responses to Relators' discovery requests.

The Document Production also did not contain any metadata associated with the emails, excel spreadsheets or other files produced as PDFs. By way of example, we would

Leigh Martin May, Esq.
June 21, 2013
Page 2

expect metadata such as the document custodian, sender (for e-mails), recipient (for e-mails), time and date sent and received (for e-mails), date created and last modified, folder path or other electronic location, as may be applicable to the specific file type. Please see the Instructions for a full list of the requested metadata fields. None of this information was included, even though it is required under the Federal Rules. Please produce responsive documents in a usable electronic format (including native files where specified by the Instructions), with metadata, or explain why such information is unavailable.

Second, Relators have improperly objected to several of Wells Fargo's Interrogatories and Requests for Production of Documents. For example, in Relators' responses to Wells Fargo's Interrogatories 8, 14 and 15, and Requests for the Production of Documents 8, 10 and 11, Relators objected to identifying and producing communications between Relators and the Government, including the Department of Veterans Affairs. Relators claim that such communications are protected by "the work product privilege, the attorney-client privilege, and the...common interest privilege." Notwithstanding the Instructions and the Court's Guidelines to Parties and Counsel in Cases Pending Before The Honorable Amy Totenberg (the "Guidelines"), which require a privilege log to be produced with the assertion of any privilege, Guidelines, pp. 14-15, Relators also state that they will only produce a privilege log if the Court overrules this objection.

Wells Fargo requests that Relators reconsider their objections, which are not proper, and respond to the interrogatories and produce documents. If Relators decline, the Guidelines require Relators to identify the specific documents as to which any privilege is asserted. To the extent Relators intend to assert the specific privileges listed in the above responses as to any communications with the Government, however, Wells Fargo notes that these privileges do not protect the information sought. Numerous courts have recognized that there is no attorney-client relationship between Relators (or their counsel) and the Government. *See e.g., U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 144 F.R.D. 396, 399-400 (D. Colo. 1992); *U.S. ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995). As the *Stone* and *Burns* courts held, factual information provided by Relators to an attorney for the purpose of transmitting those facts to the Government as required by statute is not provided for the purpose of seeking legal advice, nor is it intended to remain confidential. Therefore, the facts communicated and documents provided to the Government are not privileged.

Likewise, it is established that factual material contained in the Disclosure Statement required by 37 U.S.C. § 3730(b)(2) – indeed, any information provided to the Government at any time that is not an attorney's opinion work product – must be produced in *qui tam* actions under the False Claims Act. *See Stone*, 144 F.R.D. at 401; *Burns*, 904 F. Supp. at 594; *U.S. ex rel. Cericola v. Ben Franklin Bank*, 2003 WL 22071484, *2-4 (N.D. Ill. Sept. 4, 2003) (production of factual information in Disclosure Statement ordered after *in camera* review); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 231 F.R.D. 378, 380-386 (N.D. Ill.

Leigh Martin May, Esq.
June 21, 2013
Page 3

2005) (relators voluntarily produced Disclosure Statements with only counsel's opinions and impressions redacted, before also being ordered to produce portions of redacted material). Among other things, Wells Fargo is entitled to this information in order to establish that Relators' claims are limited to those set out in the Disclosure Statement, and to determine whether Relators are the original source of the information purportedly supporting the allegations in the Second Amended Complaint. *See* 31 U.S.C. § 3730(e)(4)(A).

Finally, the common-interest privilege is inapplicable because it only applies to documents and information that are protected by the attorney-client or work-product privileges in the first instance, before they are shared in furtherance of a common interest. *See U.S. v. BBO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007) (explaining that the common interest doctrine is not a unique privilege but instead is an exception to the rule that privileges are waived when protected documents are disclosed to outsiders to an attorney-client relationship). Since factual information shared with the Government is not subject to protection under either the attorney-client or work-product privileges, it cannot be cloaked in protection by the suggestion that Relators and the Government share a common interest.

Accordingly, Wells Fargo reiterates its request that Relators' Government communications be produced and that any withheld or redacted documents be included in a privilege log.

Third, Relators have refused without adequate justification to identify or produce documents in their possession which may have been sent to or received from Wells Fargo. Specifically, Relators have failed to justify withholding information or documents in responses to Interrogatories 4-7, 10, 13 and 15, and in responding to Requests for Production 3-8, 10-14 and 17-19. The purported basis for the objection is that the information sought is protected by the work-product privilege because it seeks to discover what Relators' counsel has obtained or deemed important. This objection is not well-founded for several reasons.

At the outset, I note again that Relators have not provided a privilege log supporting this objection, as required by the Instructions and the Guidelines. If Relators intend to continue to refuse to produce documents sent to or received by Wells Fargo on the grounds of work-product privilege, then Relators should provide a privilege log containing all of the information required by the Instructions and the Guidelines.

Relators brokered loans for Wells Fargo (and other lenders) for a number of years and have previously claimed to have documents and information arising out of those business relationships that are relevant to the issues of this case. These documents are not work product produced by counsel or at the request of counsel.

It is immaterial whether counsel has sifted through Relators' documents and communications and deemed only some Wells Fargo documents or communications

Leigh Martin May, Esq.
June 21, 2013
Page 4

important. Wells Fargo has not requested only these supposedly important materials; rather, it has requested the identification and production of all documents sent to or received by Wells Fargo or reflecting communications with Wells Fargo in various categories that may be in Relators' possession, custody or control. *See e.g.,* Interrogatory 6 (requesting identification of documents or communications in which Wells Fargo supposedly instructed Relators or other brokers how to prepare IRRRL loan packages, as specifically alleged); Request for Production 4 (seeking production of documents or communications in which Wells Fargo purportedly instructed Relators or other brokers to move attorneys' fees to a different HUD line, as specifically alleged). These requests go to the facts and issues to be decided in this case; any such information or documents would not reveal anything about counsel's tactics or mental impressions.

Further, as a practical matter, it should be obvious that Wells Fargo does not retain every document or communication ever produced or received by anyone associated with it, particularly documents created or received many years ago. If Relators have preserved some information or documents sent to or received from Wells Fargo that are relevant to this matter, Wells Fargo is entitled to discovery of that material, and there is nothing duplicative or improper about seeking it from Relators. Of course, if Relators know that they once had but have destroyed, discarded or deleted information or documents responsive to one or more of the Interrogatories or Requests for Production after they anticipated this litigation, Relators have an obligation to notify Wells Fargo of this fact as well.

Relators also suggest that somehow Wells Fargo is seeking this discovery in order to evade its own responsibilities in responding to discovery served by Relators. This objection is without any basis. I therefore ask Relators to withdraw it, and proceed to produce documents in discovery that are responsive to Wells Fargo's requests.

Please let me know as soon as practicable if Relators will provide the requested privilege logs or reconsider their positions on these issues. If not, then we should schedule a telephonic 'meet and confer' conference pursuant to section III(d) of the Guidelines, Local Rule 37.1(A) and FED. R. CIV. P. 37(a).

Sincerely yours,

Amy Pritchard Williams

cc:     Charles T. Huddleston, Esq.
        Robert Sherry, Esq.