**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | * | |
| VICTOR E. BIBBY and BRIAN J. | * | **CIVIL ACTION FILE NO.** |
| DONNELLY, | * | |
| | * | **1:06-CV-547-AT** |
| RELATORS/PLAINTIFFS, | * | |
| | * | |
| vs. | * | |
| | * | |
| WELLS FARGO BANK, N.A., | * | |
| individually and as s/b/m with | * | |
| WELLS FARGO HOME MORTGAGE, | * | |
| INC., *et al.*, | * | |
| | * | |
| DEFENDANTS. | * | |

**RELATORS' RESPONSE TO DEFENDANT**
**WELLS FARGO BANK, N.A.'S MOTION TO COMPEL**

Wells Fargo Bank, N.A. ("WF") is not entitled to Relators' privileged

documents and communications, including: (1) the disclosure statement[1] Relators'

counsel prepared in anticipation of litigation and provided to the Government, or

(2) the *identity* of the statement's component facts or attached documents.

---

[1] *See* 31 U.S.C. § 3730(b)(2) (requiring a relator to produce to the Government a "written disclosure of substantially all material evidence and information the person possesses" at the time of filing).

However, what WF muddles, and Relators wish to clarify, is that to the extent WF has asked Relators for the underlying facts or "pre-existing" factual documents which support their claims, Relators have not asserted privilege for that information.  In other words, Relators have not withheld a responsive fact or factual document to a proper discovery request (which does not request Relators to identify what was produced to the Government) merely because it was also included in the disclosure statement.  What Relators *do* oppose, however, is WF's attempt to invade their protected work product by forcing Relators' counsel to identify which of those facts and factual documents Relators' counsel thought important enough to provide to the Government.  That act of synthesizing and culling the most important facts from the totality of the evidence is protected opinion work product, and Relators' provision of critical facts for the purpose of seeking legal advice is protected by the attorney-client privilege.  To the extent WF claims it is only seeking the "facts," it already has those (assuming it asked for them) or can get them in ways that do not invade privilege.  It is clear WF's real intention is to unnecessarily obtain Relators' protected communications.

Even assuming, *arguendo*, that some portion of the disclosure statement may be mere ordinary work product, WF has not met its considerable burden of

showing that it has a substantial need for Relators' counsel's work product <u>and</u>
would face undue hardship obtaining the substantial equivalent by other means.
FED. R. CIV. P. 26(b)(3)(A)(ii).  WF has not and cannot meet its burden because
WF has access to the information and documents through normal discovery
channels, including discovery requests and depositions of Relators, which WF
have not yet taken.  WF has and can obtain the relevant, non-privileged facts in
discovery.

WF also cannot fabricate defenses that do not exist in order to thwart
Relators' privilege.  WF cites no authority for its proposition that—unlike every
other civil case and contrary to the Federal Rules of Civil Procedure— Relators'
claims are determined not by the operative complaint but instead by Relators' pre-
filing disclosure *to the Government*.  It also does not explain how knowing what
facts the Relators provided to the Government are critical to determining Relators'
knowledge of the underlying facts of the case.  WF can just ask Relators what they
know about the facts without implicating privilege.  WF does not have a
substantial need to know what Relators have told the Government.  WF's Motion
is without merit and should be denied.

3

## I.   Relators' Disclosure Statement is Protected Opinion Work Product.

WF claims that "purely factual material" and "facts otherwise relayed to the Government" prior to unsealing are discoverable.  WF MTC, Dkt. No. [369] at 2, 3.  WF glosses over the fact that to the extent it requested such factual documents in discovery, Relators have not claimed privilege as to those purely factual materials.   What Relators' counsel chose to present in Relators' statement to the Government, however, is an integral part of Relators' counsel's opinion work product, and Relators should not be compelled to disclose those protected materials.

Absent exceptional need, an opposing party cannot discover documents prepared in anticipation of litigation.  FED. R. CIV. P. 26(b)(3)(A).  Relators' counsel's opinion work product is absolutely privileged and not discoverable unless the privilege is waived, which it has not been.  FED. R. CIV. P. 26(b)(3)(B); *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, No. Civ. 99-3298, 01-MS-50 (MDL) (RCL), 2004 WL 2009413, at *3 (D.D.C. May 17, 2004).

The *qui tam* disclosure statement is *per se* opinion work product and is not discoverable by WF.  *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680,

4

686 (S.D. Cal. 1996) ("Without more, it would be difficult for the court to see how the documents could be characterized as anything other than 'opinion-work product . . . .'"); *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 564 (C.D. Cal. 2003) (the disclosure statement is protected work product because it reveals the "mental impressions, conclusions, opinions, or legal theories of" a relator's counsel). The disclosure statement was prepared by Relators' counsel in anticipation of litigation—and is not a mere recitation of the factual basis of Relators' claims.

To prepare a disclosure statement, a relator's counsel must weigh, analyze, and distill the material facts from the universe of all potential evidence. *See Burroughs*, 167 F.R.D. at 684. If Relators were ordered to produce the statement's "purely factual material"—as WF characterizes it—then WF would have exactly what it really seeks—an inventory of the evidence that Relators' counsel deemed "important" enough to analyze and provide to the Government. In other words, WF would have Relators' counsel's opinion work product.

The mere acknowledgement by Relators' counsel that they have obtained and used certain documents in support of Relators' claims would necessarily reveal Relators' counsel's thought processes and allow WF an improper insight into

5

Relators' counsel's litigation strategy.  *See, e.g., Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (holding counsel's knowledge of the existence of documents is protected work product as it reflects counsel's "judgment as an attorney in identifying, examining, and selecting" which documents plaintiff would rely upon out of the voluminous record) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product.").

The disclosure statement is not a mere reproduction of facts divorced from counsel's mental impressions, analysis, and opinions.  Just as WF would strenuously oppose production of "factual material" contained in a memorandum prepared by WF in anticipation of defending this case, WF is not entitled to carve out "factual material" from Relators' counsel's opinion work product.  The disclosure statement's organization is a window into the very mental impressions, opinions, and strategies that the work product privilege protects.  By providing a disclosure statement to the Government, Relators did not waive that privilege.[2]

---

[2] WF also vaguely requests that Relators' counsel's "conversations" with the Government be described.  WF MTC, Dkt. No. [369] at 1.  When and what

**II.    WF Has Not Demonstrated a Substantial Need and an Inability to Obtain Without Undue Hardship Portions of Relators' Disclosure Statement.**

Assuming *arguendo* some portions of the disclosure statement are fact work product, WF has not met its heavy burden to obtain counsel's work product because WF can use discovery requests and depositions to obtain the factual documents and information.  *See Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 686 (N.D. Ga. 2012).  WF has not proved a substantial need <u>and</u> an inability to obtain that information by other means without undue hardship.  FED. R. CIV. P. 26(b)(3)(A)(ii); *U.S. ex rel. McArtor v. Rolls-Royce Corp.*, No. 1:08-cv-0133-WTL-DML, 2011 WL 5178361, at *6 (S.D. Ind. Oct. 31, 2011) (holding defendant's need to discover the disclosure statement was not substantial because the relator could still be deposed, answer interrogatories, or produce non-privileged documents with the same information).[3]

---

Relators' counsel chose to speak with the Government about is undoubtedly the protected opinion work product of Relators' counsel.  Ordering Relators' counsel to "disclose" their conversations with the Government is akin to ordering Relators to disclose their mental impressions and thought processes to WF.

[3] *Accord U.S. ex rel. Minge v. TECT Aerospace, Inc.*, No. 07-1212-MLB, 2011 WL 1885934, at *5-6 (D. Kan. May 18, 2011) (holding defendants could not demonstrate how an attorney-written summary of the facts was critical to their case); *U.S. ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. 04-186 Erie, 2007 WL

### A. WF Does Not Have a Substantial Need for Relators' Counsel's Protected Work Product.

WF does not have a substantial need for Relators' counsel's work product. Because it does not have any real need for these documents, WF has fabricated two "defenses" to allegedly support its "substantial need." WF contends (1) notwithstanding the SAC, Relators' claims are limited to those made in the disclosure statement; and (2) Relators are not "original source of the information"[4] supporting their allegations. The first "defense" is not recognized at law, and other has no basis in fact. These purported "defenses" cannot thwart Relators' real

---

1576406, at *3 (W.D. Pa. May 31, 2007) (holding defendants could depose relators and ask about the same factual information in the disclosure statement, thus they did not have a substantial need); *U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC*, No. 00-CV-737, 2004 WL 868271, at *2 (E.D. Pa. Apr. 21, 2004) (holding even if the disclosure statement is fact work product, defendants could not demonstrate a substantial need); *U.S. v. Medica-Rents Co.*, No. CIV. A. 4:00-CV-483-Y, 2002 WL 1483085, at *2 (N.D. Tex. June 21, 2002) (holding the work product privilege and common interest doctrine protected not only the disclosure statement but also other documents exchanged with the Government and defendants could not show a substantial need and an inability to obtain the same information otherwise); *Pogue*, 2004 WL 2009413, at *5 ("[Relator's] third party communications with the United States do not destroy the attorney-client or work product privileges.").

[4] 31 U.S.C. § 3730(e)(4)(A), (B) (outlining the public disclosure bar and the original source exception).

privilege protections—WF does not need to know what Relators have told the Government.

First, WF makes the bald assertion that Relators' claims must be limited to those raised in the disclosure statement.  WF MTC, Dkt. No. [369] at 10-11.  WF did not cite any authority for its position, and it should accordingly be ignored.  There can be no substantial need for evidence to prove a defense that does not exist.  *See U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 1:10-CV-01614-AT, 2013 WL 5340480, at *5-8 (N.D. Ga. Sept. 17, 2013) (Totenberg, J.) (finding that § 3730(b)(2)—specifically, the sealing requirement—did not apply to the amended complaint which alleged new claims);  *U.S. ex rel. Yannacopoulos v. Gen. Dynamics* ("*Yannacopoulos II*"), 235 F.R.D. 661, 665-67 (N.D. Ill. 2006) (finding the relator was not required to amend or provide an additional disclosure statement when it pleaded new claims) [5]; *see also U.S. ex rel. Ubl v. IIF Data Solutions*, CIV. A. 1:06-CV-641, 2009 WL 1254704, at *3 (E.D. Va. May 5, 2009) (finding that § 3730(b)(2) is not jurisdictional); *Wisz ex rel. U.S. v. C/HCA Dev., Inc.*, 31 F. Supp. 2d 1068, 1069 (N.D. Ill. 1998) (finding that § 3730(b)(2) only

---

[5] The Court has previously found *Yannacopoulos II* persuasive.  *See Saldivar*, 2013 WL 5340480, at *6.

applies to the initial complaint's filing); *U.S. ex rel. Milam v. Regents of Univ. of Cal.*, 912 F. Supp. 868, 890 (D. Md. 1995) (same and stating "there is no suggestion in the legislative history that the provision was intended to benefit the defendant in any way, except to inform the defendant whether its opponent is the relator or the federal government, an issue that had already been resolved in this case.").

This argument is unsupported because Relators' claims are controlled by the Second Amended Complaint ("SAC"), not the disclosure statement. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* WF MTC, Dkt. No. [369] at 10-11 (implicitly conceding that the SAC defines Relators' claims). WF's continued insistence to redefine the plain language of Relators' complaint does not entitle it to the disclosure statement—Relators' disclosure statement is plainly *irrelevant* to what claims are plead in the SAC. *See also* Rels. MTC, Dkt. No. [367] at 2-10 (explaining in detail WF's insistence to redefine Relators' complaint). The SAC controls Relators' claims.

If the disclosure statement had some effect on the litigation or Relators' claims, it seems to reason Congress would have also required the disclosure

statement be filed and unsealed along with the complaint.  But Congress did not do so because the disclosure statement is for the *Government's* benefit, not the defendant's.  *See* 31 U.S.C. § 3730(b)(2)-(3) (noting that only the complaint—and not the disclosure statement—is filed *in camera* and subject to unsealing); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics* ("*Yannacopoulos I*"), 231 F.R.D. 378, 381 (N.D. Ill. 2005) ("The purpose of the disclosure statement is to provide the government with enough information on the alleged fraud so it can make an informed decision on whether to participate in the action or allow the relator to proceed on his own.").  As the Southern District of Georgia has noted, a defendant does not even have standing to challenge a relator's satisfaction of § 3730(b)(2). *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F. Supp. 1040, 1054 (S.D. Ga. 1990) (noting that because the disclosure statement provision "plainly inures to the benefit of the government," the court could not see how the defendant had standing to pursue its deficient disclosure statement argument, and noting that the requirement is an "ancillary procedural provision").  WF's purported defense does not even exist.

Second, WF argues it must ensure that Relators are the "original source of the information" in the complaint.  31 U.S.C. § 3730(e)(4)(A).  Not only does

WF's argument fail to even point to a specific public disclosure, it also evades acknowledging that this is not an exceptional circumstance warranting invasion of Relators' counsel's work product.   Courts routinely find that a defendant's desire to prove a relator is not an "original source" is not a "substantial need."  *See, e.g., U.S. ex rel. Carter v. Halliburton*, 266 F.R.D. 130, 134 (E.D. Va. 2010) (finding the defendant did not have a substantial need to obtain the disclosure statement to prove its original source arguments); *Yannacopoulos II*, 235 F.R.D. at 667 (same); *McArtor*, 2011 WL 5178361, at *6 (same).

WF's citations to *Burns* and *Stone* are unpersuasive.  In *Stone*, the parties were three months from trial and the relator had provided "little in the way of discovery which would reveal the factual basis for the allegations in the complaint."  *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992).  Unlike WF, which has already obtained substantial documentary evidence from Relators and still has an opportunity to depose the Relators, the defendant in *Stone* had no other route left to obtain the information requested. Relators will provide WF with all *facts* which are responsive to WF's proper discovery requests.

Further, in *Burns*, the court did not even address the original source rule, contrary to WF's implication otherwise. *See U.S. ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995). As to the *Burns* court's decision to compel the disclosure statement, the court did not even recognize—as most courts do—that at least *some* (if not all) of the statement is opinion work product; it summarily held the document was purely factual. *Id.* Without explanation, the court also did not address that traditional discovery devices were available to the defendant so that it could access information and evidence through non-privileged channels. *Id.* The *Burns* and *Stone* decisions are anomalies, not a "majority view" or "weight of authority" that WF wrongly represents them to be. WF MTC, Dkt. No. [369] at 7; *see also Burroughs*, 167 F.R.D. at 686 n.3 ("Defendants' arguments that the documents, including the Disclosure Statement, are discoverable, are unavailing. While *U.S. ex rel. Stone v. Rockwell*, *supra*; *U.S. ex rel. Robinson v. Northrop*, *supra*; and *U.S. ex rel. Grand v. Northrop*, *supra*, generally support defendants' position, none of those cases dealt with the issue of whether a joint prosecution privilege applies in the circumstances set forth in those cases.").

Ultimately, beyond its cursory allegations in footnote 9, WF has not asserted its purported basis for the threshold inquiry—that a public disclosure has even

been made to trigger the need for the original source exception.  WF cannot pierce
Relators' privilege with a blanket statement that it needs Relators' protected work
product to prove an undefined claim which it has not even attempted to establish
through non-privileged routes.  WF does not have substantial need for Relators'
disclosure statement.

### B.    WF Can Obtain the Substantial Equivalent Without Undue Hardship.

WF has ample discovery tools available to obtain factual information that
would not invade Relators' counsel's work product.  Neither Relator in this action
has been deposed by WF and asked the questions that would provide WF with the
substantial equivalent of the disclosure statement's factual information —without
the opinion work product of Relators' counsel.  FED. R. CIV. P. 26(b)(3)(A)(ii).
Furthermore, unlike the relator in *Stone supra*, Relators in the present case have
produced significant documentary evidence demonstrating the factual bases of
Relators' claims; thus, WF cannot demonstrate an inability to obtain that
information on this basis.  *Cf. Stone*, 144 F.R.D. at 401.

WF claims without citation or explanation that it has "proffered written
discovery, which Relators have refused to answer."  WF MTC, Dkt. No. [369] at
11.  Such a misrepresentation is far from the truth and does not establish

14

exceptional circumstances warranting discovery of Relators' counsel's protected work product. Relators have made every effort to respond to WF's discovery requests that did not call for privileged documents, including conferring in good faith on the matters raised in this and Relators' respective motions under FED. R. CIV. P. 37(a)(1). Any representation by WF to the contrary fundamentally misconstrues the nature of Relators' course of dealing with WF.[6] WF has also recently served a subpoena on U.S. Financial Services, Inc.—the company for which Relators worked—and that entity is in the process of responding to the subpoena.

    If WF properly asks for a relevant fact or factual document, Relators have—and will—provide it. WF's argument that it does not have documents to refresh Relators' recollection or conduct cross-examination is plainly a red herring. *See* WF MTC, Dkt. No. [369] at 12. What is clear is that WF is not satisfied with knowing the facts; WF wants access to Relators' privileged communications.

---

[6] WF acknowledges elsewhere in its Motion that Relators did in fact answer WF's discovery requests and supplement those requests, objecting on the basis of privilege to the particular requests at issue in this Motion. WF's MTC, Dkt. No. [369] at 3 n.3. Objecting on the basis of a properly asserted privilege is not a "refus[al] to answer," as WF represents. *Id.* at 11.

WF's Motion should be denied because WF has not demonstrated a substantial need and an inability to discover by other means without undue hardship the information in Relators' disclosure statement.[7]

## III.   The Disclosure Statement is Also Protected By the Attorney-Client Privilege.

Not only are the facts contained in Relators' disclosure statement protected work product, they are also protected by the attorney-client privilege.  "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege .…"  FED. R. EVID. 501.  The full and frank disclosure between attorney and client is afforded the utmost protection and is not subject to discovery by an opposing party.  *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981).

The disclosure statement's factual basis was provided to counsel for the purpose of seeking legal advice, and its subsequent dissemination to the Government does not change that analysis.  *See, e.g.*, *Miller v. Holzmann*, 240

---

[7] Should the Court rule that portions of the disclosure statement are not privileged, Relators respectfully request an *in camera* inspection by the Court as well as a redaction of any opinion work product from those portions the Court orders Relators to produce.  FED. R. CIV. P. 26(b)(3)(B); *Yannacopoulos I*, 231 F.R.D. at 383-84.

F.R.D. 20, 21 (D.D.C. 2007) (finding because the relator originally prepared the disclosure statement information to obtain legal advice from his counsel and intended for the information to remain confidential, the dissemination of the disclosure statement to the government was protected by the attorney-client privilege).  Relators' disclosure statement is privileged and is not discoverable for this reason as well.

## IV.   Counsel's Dissemination of Privileged Information to the Government Did Not Waive Relators' Attorney-Client or Work Product Protections.

Although a third-party disclosure can generally waive attorney-client and/or work product protections, the common interest doctrine[8] is an exception to that general rule.  *See Pampered Chef v. Alexanian*, 737 F. Supp. 2d 958, 964-66 (N.D. Ill. 2010).  "Where a client communicates with his attorney in the presence of a third person who shares either a common legal interest [sic], the attorney-client privilege is not waived as to the information that is exchanged."  *Id.* at 964; *see also Burroughs*, 167 F.R.D. at 686 (applying common interest privilege to work product doctrine).

---

[8] This may also be referred to as the joint defense or joint prosecution privilege.

The Eleventh Circuit has not addressed the common interest doctrine in the *qui tam* context.  Other courts have found, however, that the doctrine does apply in *qui tam* actions and the privilege is preserved, even if the Government chooses not to intervene in the action.  *Miller*, 240 F.R.D. at 23 ("[R]elator and the government shared a common interest in the prosecution of the qui tam case and the existence of that interest means that the disclosures made to the government were not a forfeiture of the attorney-client privilege that now shields those disclosures from discovery."); *U.S. ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 26 (D.D.C. 2002) ("The weight of the limited authority favors the government's position that a joint-prosecutorial privilege exists in FCA cases."); *Burroughs*, 167 F.R.D. at 686 ("the court concludes that plaintiff and the government have sufficient commonality of interests such that they can successfully assert the joint prosecution privilege.").

Relators have not waived their attorney-client or work product protections by disseminating privileged information to the Government.  Any exchange between the Government and Relators was connected to prosecuting WF's fraud and within the ambit of the common interest doctrine to recoup money fraudulently taken from the United States.  Communications between Relators and their counsel that were originally privileged are still protected.

WF's Motion broadly requests this Court to order Relators to produce any "purely factual material" and "facts otherwise relayed to the Government" separate from the disclosure statement itself.  WF MTC, Dkt. No. [360] at 2, 3.  Such a vague and overly broad request should not be granted.  Just as the common interest doctrine preserves the work product protection over the disclosure statement and any components of it, the communications between Relators and their counsel are also privileged and WF is not entitled to discover the substance of those communications.  Accordingly, Relators respectfully request that the Court deny WF's Motion.

*[SIGNATURES CONTINUED ON FOLLOWING PAGE]*

Respectfully submitted this 9th day of October, 2013.

BUTLER, WOOTEN &
FRYHOFER, LLP


BY:   s/ Leigh Martin May
JAMES E. BUTLER, JR.
  jim@butlerwooten.com
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  leigh@butlerwooten.com
  Georgia Bar No. 473389
BRANDON L. PEAK
  brandon@butlerwooten.com
  Georgia Bar No. 141605
ANNA W. HOWARD
  anna@butlerwooten.com
  Georgia Bar No. 178754
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 32101713 Fax

WILBANKS & BRIDGES, LLP


BY:   s/ Marlan B. Wilbanks
MARLAN B. WILBANKS
  mbw@wilbanks-bridgeslaw.com
  Georgia Bar No. 758223
TY M. BRIDGES
  tmb@wilbanks-bridgeslaw.com
  Georgia Bar No. 081500
3414 Peachtree Street, N.E., Ste. 1075
Atlanta, Georgia 30326
(404) 842-1075
(404) 842-0559 Fax

PHILLIPS & COHEN


BY:   s/ Mary Louise Cohen
MARY LOUISE COHEN
  mlc@phillipsandcohen.com
  DC Bar No. 298299
TIMOTHY McCORMACK
  tmccormack@phillipsand cohen.com
  DC Bar No. 493692
2000 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 833-4567
(202) 833-1815 Fax

Attorneys for Relators/Plaintiffs

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

BY:  <u>s/ Leigh Martin May</u>
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  Georgia Bar No. 473389
BRANDON L. PEAK
  Georgia Bar No. 141605
ANNA W. HOWARD
Georgia Bar No. 178754
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia  30324
(404) 321-1700
(404) 321-1713 Fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 9, 2013, I electronically filed RELATORS'
RESPONSE TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO
COMPEL with the Clerk of the Court using the CM/ECF system which will
automatically send email notification of such filing to the following attorneys of
record:

*Bank of America Corporation:*
Nancy H. Baughan
Robert M. Brennan
Scott E. Zweigel
Parker, Hudson, Rainer
      & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA  30303
*-and-*
Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

*CitiMortgage:*
Christopher J. Willis
Burt M. Rublin
Diana L. Spagnuola
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309

*Countrywide and Bank of America, N.A.*
Richard K. Hines V
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Ga. 30363
*-and-*
Robert J. Conlan, Jr.
Mark P. Guerrera
Mark D. Hopson
Sean C. Griffin
Meghan D. Berroya
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC  20005
*-and-*
Douglas A. Axel
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

*SunTrust:*
William H. Jordan
Michael L. Brown
Van A. Anderson
Alston & Bird LLP
1201 West Peachtree St,
Atlanta, GA 30309

*First Tennessee:*
Irene Freidel
Jennifer J. Nagle
K&L Gates LLP
One Lincoln Street
Boston, MA  02111
*-and-*
Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA  30308

*GMAC:*
H. Wayne Phears
McGuire Woods LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

*New Freedom:*
Thomas Barton
Aaron P.M. Tady
Coles Barton LLP
9 Lumpkin Street, Suite 200
Lawrenceville, GA  30046

*PNC:*
M. Robert Thornton
Christopher C. Burris
Catherine M. O'Neil
Jonathan R. Chally
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

*Wells Fargo:*
Linda Klein
Charles T. Huddleston
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA  30326
*-and-*
Amy P. Williams
K & L Gates, LLP
214 North Tryon Street, 47th Floor
Charlotte, NC 28202
*-and-*
Robert J. Sherry
K & L Gates, LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

I certify I have served this document on the following via e-mail:

*United States of America:*                          *-and-*
Alan S. Gale                                         Paris Wynn
United States Department of Justice                  Assistant U.S. Attorney
P.O. Box 261                                         600 U.S. Courthouse
Ben Franklin Station                                 75 Spring Street, S.W.
Washington, DC  20044                                Atlanta, GA  30303
  *Alan.Gale@usdoj.gov*                                *Paris.Wynn@usdoj.gov*

This 9th day of October, 2013.


BY:  s/ Leigh Martin May
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
LEIGH MARTIN MAY
  Georgia Bar No. 473389
BRANDON L. PEAK
  Georgia Bar No. 141605
ANNA W. HOWARD
  Georgia Bar No. 178754
Butler, Wooten & Fryhofer, LLP
2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700
(404) 321-1713 Fax